UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Francine C. VerHagen,
Plaintiff, pro se,

Case No. _____    **25  CV  791**

v.

Hon. Peter A. Weinmann, in his official capacity as Acting Justice of the New York Supreme Court;
Hon. Michael Siragusa, in his official capacity as Justice of the New York Supreme Court;
Hon. Mary J. Slisz, in her official capacity as Justice of the New York Supreme Court;
James F. Granville, Principal Law Clerk;
Thomas Navarro, Principal Law Clerk to Judge Siragusa
Unified Court System, 8th Judicial District;
Michele Bergevin, Esq.;
Patrick Balkin, Esq.;
Carol Flaherty, Esq., Attorney for the Children;
and other state actors yet identified,

Defendants.

---

### VERIFIED COMPLAINT UNDER 42 U.S.C. § 1983 and
### EMERGENCY MOTION for TRO/PRELIMINARY INJUNCTION(Fed. R. Civ. P. 65)

---

## I. JURISDICTION AND VENUE

1. This action is brought under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction lies under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b), as the events complained of occurred in Erie County, New York.

**II.** Plaintiff brings this Verified Complaint and simultaneously moves for an Emergency Temporary Restraining Order and Preliminary Injunction under Fed. R. Civ. P. 65 to prevent irreparable harm from unlawful custody restraints and to stay the October 2025 trial in Erie County Supreme Court pending resolution of this action.

## III. PARTIES

2

- **Plaintiff**: Francine C. VerHagen, resident of Buffalo, Erie County, NY; natural mother of B.H. and M.H.

- **Defendants**:
    - Hon. Peter A. Weinmann, Acting Justice of Supreme Court
    - Hon. Michael Siragusa, Justice of Supreme Court
    - Hon. Mary J. Slisz, Justice of Supreme Court
    - James F. Granville, Principal Law Clerk
    - Cassandra Callanan, Erie County Supreme Court Clerk
    - Thomas Navarro, Principal Law Clerk
    - Unified Court System, 8th Judicial District
    - Michele Bergevin, Esq. (Plaintiff's counsel in underlying case)
    - Patrick Balkin, Esq. (receiver, bankruptcy counsel for opposing party)
    - Carol Flaherty, Esq. (Attorney for the Children)
    - Other state actors to be identified.

---

## IV. FACTUAL ALLEGATIONS

### A. Slisz (2022)

- **Secret "Conference" Order:**
  In May 2022, Hon. Mary J. Slisz convened a private "conference" with opposing counsel, without notice to me, without any motion pending, and without my appearance. At that proceeding she purported to amend my protection order and remove me as primary residential custodian.

- **Lack of Notice and Consent:**
  I was never served with any notice that my protection order was being reviewed or modified, nor did I consent to such changes. The resulting order was issued entirely outside my participation or knowledge, placing my children and I in danger.

- **Post-dated Signature and No Notice of Entry:**
  The custody order was not signed until June 10, 2022—weeks after the closed-door conference—and it was never served with a Notice of Entry. Without service of entry, it never took legal effect under CPLR § 5513. It was physically enforced upon me on May 27,20222/

- **Violation of Due Process:**
  By altering a duly-issued protection order without my knowledge, presence, or opportunity to be heard, Judge Slisz deprived me of my statutory and constitutional rights to notice and due process, while simultaneously undermining the protections the order was designed to provide.

- **Continuing Impact:**
  This unlawful action set the foundation for later custody restrictions, despite the fact that I remain the last validly designated residential custodian, as no enforceable modification was ever lawfully entered..

3

## B. Siragusa (2024)

- **Orders Issued Without Jurisdiction:**
  In April 2024, Hon. Paul B. Siragusa purported to suspend all of my access to my children, including phone contact. At that time, his cross-designation to Supreme Court had already expired (December 31, 2022 under AO/143/22), and his oath filed June 16, 2023 was only as a Court of Claims judge, not as a Supreme Court Justice.

- **Void for Lack of Oath:**
  Because Siragusa lacked a valid Supreme Court oath of office, he had no jurisdiction to preside in my case. Orders issued under these circumstances are void *coram non judice* and without legal effect.

- **No Notice of Entry:**
  Even aside from the oath defect, the April 2024 orders were never served with a Notice of Entry, meaning they never became enforceable under CPLR § 5513.

- **Unlawful Custody Deprivation:**
  These void and unenforceable orders nevertheless formed the basis of my children being withheld from me for extended periods of time, in violation of my fundamental parental rights.

## C. Weinmann (2024–2025)

- **Presiding Without Oath:**
  Beginning in November 2024, Hon. Peter A. Weinmann began presiding over my case pursuant to Administrative Order AO/182/2024. That designation expired on December 31, 2024 and was contingent upon the filing of a valid oath of office, which FOIL responses confirm was not on file during the period he was actively issuing directives.

- **Improper Clerk-Imposed Restrictions:**
  On May 21, 2025, his clerk, James Granville, unilaterally announced that my visitation was suspended due to the resignation of a supervisor. This was not a judicial order, was never signed, and had no legal force. Nevertheless, it was treated as binding and caused immediate disruption to my relationship with my children.

- **Failure to Consider Evidence or Motions:**
  At a July 10, 2025 hearing, Judge Weinmann refused to review multiple psychiatric evaluations and pending motions that directly supported restoration of my rights. Instead, he left access unresolved, perpetuating the harm caused by his clerk's unlawful oral suspension.

- **Void Actions After Expired Designation:**
  By continuing to preside without a valid oath of office on file, and by allowing his clerk to impose restrictions without signed orders, Judge Weinmann acted outside lawful jurisdiction. These actions deprived me of due process and continue to unlawfully restrain my children.

## D. AFC Carol Flaherty

- **No Notice of Appearance or Appointment:**
  Carol A. Flaherty has acted as Attorney for the Children throughout my case despite never filing

4

a valid Notice of Appearance or serving an order of appointment with Notice of Entry.

- **Unauthorized Participation:**
  Without a lawful appearance, she nevertheless received case information, participated in conferences, and influenced visitation decisions, even while absent abroad without notifying the parties.

- **HIPAA and Privacy Violations:**
  Ms. Flaherty demanded HIPAA authorizations, obtained my confidential medical records, and disseminated them improperly to third parties. She mischaracterized my medical condition in filings, despite all treating providers affirming I am fit and appropriate.

- **Failure to Protect the Children:**
  She ignored or dismissed reports of abuse, and instead advocated restrictions against me without evidentiary basis, violating her statutory duty to protect the best interests of the children.

- **Resulting Harm:**
  Her unlawful participation and misconduct directly contributed to the continued restraint of my children without valid legal authority.

## E. Michele Bergevin

- **Pattern of Unprofessional Conduct:**
  Michele Bergevin consistently engaged in bad-faith litigation tactics, including missed deadlines, repeated adjournments, and filing vexatious motions to delay or block my relief.

- **Employment Interference and Misuse of Subpoenas:**
  She issued subpoenas to my employer, disseminated FINRA/SEC-regulated compliance records, and misrepresented them to cause termination of my employment. This deliberate interference reduced my income from ~$4,000 per month to under $1,000.

- **Conflicts of Interest and Misrepresentation:**
  She previously represented my brother and used confidential family financial information from that matter in my custody case. She also allowed her client to believe he had permanent custody when only temporary orders existed, fueling further interference.

- **Harassment and Discrimination Against Pro Se Status:**
  Bergevin repeatedly accused me of "conspiracy theories," harassed me with non-authentic evidence, and exploited my self-representation by attempting to overwhelm me with filings and letters to the AFC.

- **Resulting Harm:**
  Her misconduct deprived me of due process, obstructed access to my children, and imposed severe financial hardship.

## F. Patrick Balkin

- **Conflict of Interest in Dual Roles:**
  Patrick Balkin simultaneously represented my ex-husband Jason Hill as an unsecured creditor in my Chapter 13 bankruptcy and acted as fiduciary over the marital home in my divorce. This

5

created a direct, undisclosed conflict of interest.

- **Misrepresentation as Neutral:**
  He was repeatedly treated by the court as a neutral fiduciary and asked to report on my status before ever filing a notice of appearance, despite being opposing counsel in another matter.

- **False Attestation Regarding UCC Lien:**

  While overseeing the marital property, Balkin permitted Jason Hill to attest in court filings that there were **no active liens** on the home — despite knowing that I had lawfully filed a UCC financing statement (lien) on the property. By failing to disclose this lien and allowing a false record to stand, Balkin acted in bad faith and outside fiduciary duty.

- **Permitting Unauthorized Actions:**
  He permitted his client, Jason Hill, to sign documents )sale of our co-owned marital home)on my behalf weeks before the court authorized such actions, compounding the fiduciary misconduct.

- **Resulting Harm:**
  His dual roles and misrepresentations undermined the integrity of both the divorce and bankruptcy proceedings, depriving me of property rights and access to resources necessary to litigate.

### G. Clerk Misconduct (Granville & Navarro)

**Usurping Judicial Authority:**
Both clerks acted outside their lawful ministerial roles by exercising judicial authority — interpreting, announcing, and enforcing restrictions that were never reduced to signed or entered court orders.

**James Granville (Clerk to Judge Weinmann):**

- On December 19, 2024, before Weinmann had even been properly sworn as an Acting Supreme Court Justice, Granville interpreted existing orders to confirm that my access to the children was not restricted at that time.Yet, he continued to restrict my access to the children and permit opposing counsel and AFC to prohibit me from exercising my parental and constitutional rights. This shows he was already exercising judicial functions without authority, shaping the scope of my custody without a valid judge present.

- On May 21, 2025, during a conference, Granville unilaterally announced that my parenting time was suspended due to the resignation of a visitation supervisor. This pronouncement was not a judicial order, was never signed, and carried no legal force, yet it was treated as binding and immediately disrupted my access to my children.

**Thomas Navarro (Clerk to Judge Siragusa):**

Navarro repeatedly acted beyond clerical authority by interpreting Siragusa's directives, obstructing my filings, and participating in conferences where restrictions on custody were imposed despite Siragusa's lack of a valid oath of office. Navarro's conduct effectively extended unlawful orders and contributed to the deprivation of my rights.

**Violation of Due Process:**
Neither Granville nor Navarro held judicial office, yet both assumed powers that only a duly sworn judge could exercise. Their actions directly deprived me of due process and amplified the harms caused by void or non-entered orders.

**Resulting Harm:**
By usurping judicial authority, both clerks facilitated the unlawful restraint of my children and prolonged my separation from them without any valid or enforceable legal basis.

## H. Resulting Harm

- Plaintiff and her children have been unlawfully separated for over two years without valid orders.

- Multiple psychiatric evaluations (Sept 2024, March 2025, May 2025) confirm Plaintiff is fit.

- Trial scheduled for October 2025 is based on void, unlawful restraints.

## V. CLAIMS FOR RELIEF

**Count I – Due Process Violations (14th Amendment)**
Defendants deprived Plaintiff of custody without lawful orders, valid judicial oaths, or notice and opportunity to be heard.

**Count II – Equal Protection Violations (14th Amendment)**
Defendants discriminated against Plaintiff by denying full poor person relief and favoring opposing counsel's requests, obstructing access to courts.

**Count III – First Amendment Retaliation**
Defendants retaliated against Plaintiff for filing complaints and grievances by restricting access to her children, attempting psychiatric commitments, and interfering with employment.

**Count IV – Ultra Vires Acts by Unsworn Judges**
Judges Slisz, Siragusa, and Weinmann acted without valid oaths of office or jurisdiction, rendering their orders void *ab initio*. Enforcement of these orders violates the Constitution.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an Emergency Temporary Restraining Order staying the October 2025 custody trial and enjoining Defendants from enforcing unlawful custody restrictions pending further order of this Court;
2. Declare void all custody and financial orders issued by Judges Slisz, Siragusa, and Weinmann without valid oaths or Notice of Entry;
3. Issue an injunction staying the October 2025 trial in Erie County Supreme Court;
4. Order immediate restoration of Plaintiff's parenting rights pending resolution of this action;
5. Enjoin Defendants from further enforcing unlawful orders;
6. Grant such other and further relief as this Court deems just and proper.

## VERIFICATION (28 U.S.C. § 1746)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 28, 2025

Buffalo, New York.

**Francine C. VerHagen**
Pro Se Plaintiff

PO Box 231
Buffalo, NY 14207
Tel: (716) 949-8789
Email: fverhagen1618@gmail.com

8

Dated: July 1,2025
Buffalo, New York

**Francine C. VerHagen**
Pro Se Defendant


STATE OF New York)
) ss.:
COUNTY OF _ERIE___ )


I affirm this 1st day of July 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law"
(CPLR 2106).


**Francine C. VerHagen, Pro Se**

F·11

To: FiduciaryMatters@nycourts.gov, IG <Ig@nycourts.gov>

To Whom It May Concern:

This statement supplements my original grievance filed on July 10, 2025, regarding serious ethical misconduct and due process violations committed by attorney Patrick M. Balkin in Erie County Supreme Court (Index No. 800049/2022).

Following further court filings, public record review, and a hearing held on July 10, 2025, I wish to add the following points:

1. ✂ Improper and Unlawful Appointment as Receiver
Mr. Balkin acted for over a year as a "receiver" of marital property and sale proceeds without ever being lawfully appointed under CPLR § 6401. The March 12, 2025 Order references a possible need for a receiver but fails to officially appoint him, cite emergency findings, or require an oath or bond under CPLR § 6402. Despite this, Balkin exercised control over escrowed funds and the sale process, all while lacking proper legal designation.

2. ◌ Conflicts of Interest and Dual Representation
Mr. Balkin simultaneously represented the Plaintiff (Jason Hill) in the divorce action, acted as Plaintiff's unsecured creditor and bankruptcy attorney, and purported to be the neutral custodian of property sale proceeds. At no point did he disclose or seek a waiver of these conflicts, which resulted in improper influence, financial control, and loss of trust in the judicial process.

3. 🔖 False Certification and Lien Removal
Despite my valid UCC-1 lien recorded on October 31, 2023, Mr. Balkin permitted the deed transfer on April 3, 2025, to proceed without removal of the lien, and failed to notify or protect my secured interest. He remained silent while the Plaintiff submitted a materially false affidavit stating there were "no encumbrances." The Clerk's Office later confirmed no UCC-3 termination was ever filed.

4. 🗒 Failure to Provide Documentation
Mr. Balkin has produced minimal documentation regarding the transaction. When I submitted motions seeking this information, I was denied a hearing without explanation and my motions were dismissed without oral argument — while Balkin was allowed to present his cross-motion without opposition. This demonstrates unequal and prejudicial treatment facilitated by his inside role.

5. 🔊 Courtroom Intimidation and Harassment
During proceedings, Mr. Balkin became visibly red-faced, yelled, and leaned toward me while speaking in a hostile and aggressive tone, which made me feel physically unsafe. As a pro se litigant and survivor of trauma, this conduct was highly inappropriate and would be unacceptable in any courtroom, let alone from someone who falsely claimed fiduciary status.

6. 🚫 No Fiduciary Role — Despite Acting as One
At the July 10, 2025 hearing, the Court explicitly stated on the record that Mr. Balkin "is not a receiver" and "is not a fiduciary." This admission followed over months of allowing him to act in that capacity without court intervention. The Court also instructed him to file a notice of appearance on behalf of the Plaintiff, confirming his role was never neutral. His prior conduct — including blocking my communications, controlling assets, and appearing on custody-related matters — occurred without valid legal standing.

7. 📄 Bankruptcy Transcript & Misconduct
The Court previously ordered Mr. Balkin to file a transcript of my bankruptcy hearing before the sale of the marital home. He failed to do so. Additionally, he was improperly permitted to speak in my bankruptcy proceedings despite not being counsel of record. He relayed hearsay and unfounded personal commentary about my character and divorce proceedings, which contributed to an unjustified dismissal of my bankruptcy case.

8. ◌ Deleted Docket Record
Shortly after the March 12, 2025 Order was issued, a document listed on the docket (Motion #530) was removed without explanation. This suspicious deletion raises transparency concerns, particularly given Mr. Balkin's influence and the lack of procedural safeguards throughout this process.

9. 📎 Due to the extensive and vexatious litigation by both Plaintiff's attorneys and the Court, I have not enclosed supporting documents but will provide them promptly upon request. Most records are available through NYSCEF, PACER, or may already exist in email threads copied to your agency.

—

F-12

📌 Requested Action
I request immediate investigation into Mr. Balkin's conduct, including possible violations of:

- NY Rules of Professional Conduct §§ 1.7 & 1.9 (conflicts of interest);

- Judiciary Law § 487 (deceit, collusion);

- CPLR Article 64 (unauthorized receivership);

- Federal Bankruptcy Code § 362 (violation of stay);

- Ethical and fiduciary duties regarding property and family law.

Mr. Balkin should be disqualified from this case, referred for discipline, and barred from serving in any fiduciary capacity in future proceedings involving vulnerable parties, particularly those involving custody or unrepresented litigants.

Sincerely,
Francine C. VerHagen
[Quoted text hidden]

F-13

 Gmail

**Francine VerHagen <fverhagen1618@gmail.com>**

---

### Grievance Against Patrick M. Balkin, Esq.
4 messages

**Francine VerHagen** <fverhagen1618@gmail.com>                    Thu, Jul 10, 2025 at 11:27 AM
To: FiduciaryMatters@nycourts.gov, IG <Ig@nycourts.gov>

To Whom It May Concern:

I am filing this grievance to report egregious and ongoing misconduct by Patrick M. Balkin, Esq., in connection with Erie County Supreme Court Index No. 800049/2022 and related bankruptcy and real estate proceedings.

Mr. Balkin has acted simultaneously as:

- The court-appointed Receiver of the marital estate;

- The Plaintiff's attorney in the same divorce/custody case (via a filed Notice of Appearance prior to his appointment);

- The Plaintiff's bankruptcy attorney and unsecured creditor in my Chapter 13 case.

This overlapping representation constitutes a glaring conflict of interest, yet Mr. Balkin has exercised unlawful and unchecked control over my assets, legal rights, and litigation.

Specific Misconduct and Conflicts:

1. Mr. Balkin was appointed as Receiver by order dated March 12, 2025, but had already filed a Notice of Appearance as the Plaintiff's attorney, without withdrawing.

2. He failed to provide any court-ordered closing documentation, disclosures, or advance notice prior to the sale of the marital residence.

3. He permitted or directed the Plaintiff's attorney, Michele Bergevin, to draft an order (from the June 2, 2025 status conference) authorizing Mr. Balkin to:

    ○ Block my email/service of documents, despite my pro se status;

    ○ Demand personal payment from me for any court appearances he must attend—while acting as the Plaintiff's attorney and the court-appointed Receiver.

4. My UCC lien was ignored in the deed transfer, and Mr. Balkin provided no explanation, consent, or legal authority for its extinguishment. The County Clerk confirms no UCC-3 was filed.

F-14

5. He continues to withhold my only remaining financial asset (the sale proceeds) while custody hearings are delayed and the children are unlawfully withheld based on invalid or expired court orders.

6. Judge Weinmann allowed Mr. Balkin to serve as a "spokesperson" regarding my federal bankruptcy proceedings—even though Balkin was not counsel of record in that court or party to the case at the time.

7. Mr. Balkin relayed hearsay to the Bankruptcy Court judge, falsely portraying my actions and intentions. He repeatedly violated the bankruptcy stay, and the case was unjustifiably dismissed based on his unsubstantiated claims.

8. He admitted to calling the NY Child Support office to obtain personal data about my account, without authorization, court order, or my consent.

9. In court, Mr. Balkin has been aggressive and intimidating to the point that I feel unsafe in his presence. He should not be permitted to participate in vulnerable family court matters involving children.

10. He has demonstrated extreme bias, ethical disregard, and abuse of authority as both a fiduciary and attorney. His continued presence in this case threatens due process, asset protection, and the welfare of the minor children.


Requested Relief:

I respectfully request a full investigation into Mr. Balkin's conduct. He has violated:

- Rule 1.7 and 1.9 of the NY Rules of Professional Conduct (conflict of interest, successive representation);

- Judiciary Law § 487 (deceit or collusion by an attorney);

- CPLR §§ 6401–6402 (receiver oath, appointment standards);

- Federal Bankruptcy Code 11 U.S.C. § 362 (automatic stay);

- Court orders governing closing, receivership, and pro se protections.


His pattern of misconduct, legal overreach, and harm to both property and family rights merits immediate disciplinary review.

Due to the extensive and vexatious litigation by both Plaintiff's attorneys and the Court and the urgent nature of this investigation, I have not enclosed the referenced documents at this time but will promptly provide them upon request. Supporting records are publicly available through NYSCEF (New York State Courts Electronic Filing), PACER (Public Access to Court Electronic Records), and email correspondence that may have included your agency as a copied recipient.

F-15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____
VerHagen vs. Weinmann, Siragusa, Slisz, et.al

# EXHIBIT G — FLAHERTY GRIEVANCES

# of pgs (not including cover sheet) __17__

EMAIL GRIEVANCE TO AFC PROGRAM SUPERVISOR + DENIAL

 Gmail

**Francine VerHagen <fverhagen1618@gmail.com>**

## Urgent Grievance Update: Direct Harm to Child Caused by AFC Carol Flaherty's Inaction
3 messages

**Francine VerHagen <fverhagen1618@gmail.com>**                                    Wed, Jun 4, 2025 at 6:59 AM
To: lkostin@nycourts.gov, jlmclare@nycourts.gov
Cc: "Carol A. Flaherty" <cflaherty@dfslawyers.com>, "Wendy K. Francis" <wfrancis@dfslawyers.com>, James Granville
<jgranvil@nycourts.gov>
Bcc: civil.rights@ag.ny.gov, AskDOJ@usdoj.gov, IG <Ig@nycourts.gov>, inspector.general@ig.ny.gov

Dear Supervisors,

I am writing to provide a time-sensitive and deeply troubling update to my ongoing grievance against Carol A. Flaherty, Esq., Attorney for the Children (AFC) appointed in my custody case, *Hill v. VerHagen*, Index No. 800049/2022 (Erie County Supreme Court).

Over the past two weeks, I was unlawfully denied all parenting time with my daughters, despite having no suspension of access by court order. During this urgent situation, Ms. Flaherty not only failed to intervene on behalf of her minor clients —she also **fled the country without communication** or participation in the legal process, missing Monday's conference with no notification to the parties.

The **resulting emotional harm to my child is now documented in writing** by her teacher.

On **June 3, 2025**, I received a message from my youngest daughter Maeve's teacher stating that **for the past two weeks, Maeve has been emotionally dysregulated, unable to focus, ignoring directions, and exhibiting behavior that is entirely out of character for her**. The teacher noted this sudden behavioral shift directly impacts her academic performance and emotional development. (Screenshot attached.)

This timeline directly overlaps with the illegal separation between me and my children—an emergency that **Ms. Flaherty was fully aware of** and chose not to address. Instead, she remained silent, ignored proposed visitation orders, and failed to ensure the children were protected or even heard.

As of today, I still do not have clear or correct access to my children, and Ms. Flaherty has not communicated her whereabouts or taken responsibility for the severe distress now evident in her clients. Her continued inaction demonstrates a pattern of gender-based harm, professional negligence, and dereliction of duty.

I respectfully request this new information be added to the investigative file and taken into account as an escalation of the harm already presented. This is not theoretical—this is **real-time emotional damage to a child under her care.**

Thank you for your immediate attention and action in protecting my children from further harm.

Sincerely,
Francine C. VerHagen
fverhagen1618@gmail.com
(716) 949-8789

G-1



---

**Linda J. Kostin** <lkostin@nycourts.gov>                    Wed, Jun 4, 2025 at 10:30 AM
To: Francine VerHagen <fverhagen1618@gmail.com>, "Jennifer L. McLaren" <jlmclare@nycourts.gov>
Cc: "Carol A. Flaherty" <cflaherty@dfslawyers.com>, "Wendy K. Francis" <wfrancis@dfslawyers.com>, James Granville <jgranvil@nycourts.gov>

Good morning, Ms. VerHagen,

Please be advised that the Attorneys for Children Program will not accept complaints while a matter is pending in front of a judge.  While the matter is pending, concerns regarding your children's AFC should be directed to your attorney or the court that assigned the AFC.

Once the matter has been concluded, if you continue to have concerns about Ms. Flaherty's  representation of your children, you are welcome to send me a letter at the address below.

The AFC Program's process for addressing complaints is set forth in the FAQ document on our website, at pages 5-6: https://www.nycourts.gov/courts/ad4/AFC/Menu-FAQ.pdf

Sincerely,

Linda J. Kostin, Esq.

Director

G - 2

Office of Attorneys for Children

Appellate Division, Fourth Department

50 East Avenue

Rochester, NY 14604

585-530-3178

http://www.nycourts.gov/courts/ad4/AFC/AFC-index.html

**From:** Francine VerHagen <fverhagen1618@gmail.com>
**Sent:** Wednesday, June 04, 2025 6:59 AM
**To:** Linda J. Kostin <lkostin@nycourts.gov>; Jennifer L. McLaren <jlmclare@nycourts.gov>
**Cc:** Carol A. Flaherty <cflaherty@dfslawyers.com>; Wendy K. Francis <wfrancis@dfslawyers.com>; James
Granville <jgranvil@nycourts.gov>
**Subject:** Urgent Grievance Update: Direct Harm to Child Caused by AFC Carol Flaherty's Inaction

Dear Supervisors,

I am writing to provide a time-sensitive and deeply troubling update to my ongoing grievance against Carol A. Flaherty,
Esq., Attorney for the Children (AFC) appointed in my custody case, *Hill v. VerHagen*, Index No. 800049/2022 (Erie
County Supreme Court).

Over the past two weeks, I was unlawfully denied all parenting time with my daughters, despite having no suspension of
access by court order. During this urgent situation, Ms. Flaherty not only failed to intervene on behalf of her minor clients
—she also **fled the country without communication** or participation in the legal process, missing Monday's conference
with no notification to the parties.

The **resulting emotional harm to my child is now documented in writing** by her teacher.

On **June 3, 2025,** I received a message from my youngest daughter Maeve's teacher stating that **for the past two
weeks, Maeve has been emotionally dysregulated, unable to focus, ignoring directions, and exhibiting behavior
that is entirely out of character for her**. The teacher noted this sudden behavioral shift directly impacts her academic
performance and emotional development. (Screenshot attached.)

This timeline directly overlaps with the illegal separation between me and my children—an emergency that **Ms. Flaherty
was fully aware of** and chose not to address. Instead, she remained silent, ignored proposed visitation orders, and failed
to ensure the children were protected or even heard.

As of today, I still do not have clear or correct access to my children, and Ms. Flaherty has not communicated her
whereabouts or taken responsibility for the severe distress now evident in her clients. Her continued inaction
demonstrates a pattern of gender-based harm, professional negligence, and dereliction of duty.

I respectfully request this new information be added to the investigative file and taken into account as an escalation of the
harm already presented. This is not theoretical—this is **real-time emotional damage to a child under her care.**

Thank you for your immediate attention and action in protecting my children from further harm.

Sincerely,
Francine C. VerHagen
fverhagen1618@gmail.com
(716) 949-8789

G-3



'unbirthday' is May 29.

Jun 3, 2025

I want you to know that the last 2 weeks have been very difficult for us to get Maeve to focus on her work. She is not even focus on easy directions like 'put your name on your paper.' She is talking with her friends or just doing her own thing during work time and while I'm giving directions and even when I am reading to the class. Her lack of effort and ignoring directions has also been happening with her reading and math RTI teachers. Please discuss with her the importance of staying focused on the task we are doing. She does have opportunities everyday to talk with her friends or adults to share her thoughts. However, she is struggling not keeping those times separate. All year she has shown good effort and respectful behavior so the past 2 weeks has been out of character for her. Thank you for discussing this with her.

Hi! I wasn't getting the messages

It's probably because the was

Mark as urgent

Send a message

Please be CAREFUL when clicking links or opening attachments from external senders.

**Francine VerHagen** <fverhagen1618@gmail.com>
To: "Linda J. Kostin" <lkostin@nycourts.gov>
Cc: "Jennifer L. McLaren" <jlmclare@nycourts.gov>, "Carol A. Flaherty" <cflaherty@dfslawyers.com>, "Wendy K. Francis" <wfrancis@dfslawyers.com>, James Granville <jgranvil@nycourts.gov>

Wed, Jun 4, 2025 at 11:01 AM

Dear Ms. Kostin,

Thank you for your response.

While I understand that the Attorneys for Children Program does not adjudicate complaints while a matter is pending before the court, I must express in the strongest legal and ethical terms that **this procedural posture does not insulate your program from oversight responsibilities when a court-appointed AFC is actively harming children**.

Carol A. Flaherty, Esq.—who remains under your program's administration—is engaging in ongoing violations of **22 NYCRR § 7.2**, failing to act in the best interests of her minor clients, disregarding their stated wishes, and contributing directly to measurable psychological harm. I now have **documented evidence from my child's teacher** confirming academic and emotional decline following Ms. Flaherty's failure to intervene in an illegal separation, during which she also **left the country and remained nonresponsive during an emergency**.

G - 4

If your office is not the forum for pre-judgment oversight, then **who is accountable when harm is actively occurring?** There must be accountability when an AFC refuses to act, abandons her post, or functions as an adversarial arm of a plaintiff in violation of her statutory role.

Furthermore, the presiding judge has exhibited a **clear and persistent pattern of violating due process**, including:

- Refusal to rule on multiple emergency motions;
- Permitting unsanctioned interference with visitation;
- Allowing continued obstruction from the AFC and Plaintiff's counsel;
- Ignoring procedural and constitutional requirements under both **CPLR § 2219** and *Matter of Bennett v. Jeffreys*, 40 N.Y.2d 543 (1976).

To be clear: **your program's deferment to a judge who is himself under grievance and likely to be the subject of further civil rights action does not absolve the AFC Program of responsibility.**

I am formally putting your office on notice that I will be escalating this matter by:

- Supplementing my formal grievance to the **Appellate Division Grievance Committee**;
- Filing a **civil rights complaint with the U.S. Department of Justice, Civil Rights Division**;
- Referring this case to **New York's Office of Court Administration and Judicial Conduct**;
- Initiating **civil litigation if necessary** for failure to protect children and uphold federally protected rights under *Santosky v. Kramer*, 455 U.S. 745 (1982), *Troxel v. Granville*, 530 U.S. 57 (2000), and *Stanley v. Illinois*, 405 U.S. 645 (1972).

I ask again: **who is responsible for safeguarding the well-being of children when their appointed legal representative refuses to act, and the judge is part of the problem?**

I do not need a response unless the AFC Program intends to reconsider its position. This email will be submitted as part of my judicial oversight filings, formal grievances, and civil complaints.

Respectfully,
Francine C. VerHagen
fverhagen1618@gmail.com
716-949-8789
[Quoted text hidden]

**image001.png**
568K

G-5

FILED: ERIE COUNTY CLERK 05/21/2025 02:03 PM
NYSCEF DOC. NO. 549

INDEX NO. 800049/2022
RECEIVED NYSCEF: 05/21/2025

Presiding: **HONORABLE PETER ALLEN WEINMANN A.J.S.C.**

**STATE OF NEW YORK**
**SUPREME COURT: ERIE COUNTY**

---

**JASON HILL,**
     **Plaintiff,**

     **v.**

**FRANCINE C. VERHAGEN,**
     **Defendant.**

**DEFENDANT'S SUPPLEMENTAL AFFIRMATION**
**IN SUPPORT OF**
**Motion to Disqualify AFC**

**Index No. 800049/2022**

---

STATE OF NEW YORK)
) **ss**.:
COUNTY OF ERIE )

**I, Francine C. VerHagen**, appearing pro se, respectfully submit this supplemental affirmation in further support of my pending November 2024 Motion (NYSCEF DOC #:471 & 472) to Remove Carol A. Flaherty, Esq. as Attorney for the Children ("AFC"). This supplement details newly discovered facts, further evidentiary support, and additional legal grounds warranting her immediate disqualification under 22 NYCRR 7.2 and governing case law.

## I. NEWLY DISCOVERED FACTS REGARDING APPOINTMENT AND SERVICE DEFECTS

1. The original appointment order of Carol Flaherty as AFC, dated **March 14, 2022**, was entered without a **Notice of Entry** and **was never served** upon me by counsel or opposing party. A party's time to respond or object to an order does not commence absent service with Notice of Entry. See *CPLR 5513; Matter of Montalvo v. Montalvo*, 179 AD3d 930 (2d Dept. 2020).(Exhibit E: Original Order (NYSCEF Doc#285)

G- 𝄢

FILED: ERIE COUNTY CLERK 05/21/2025 02:03 PM
NYSCEF DOC. NO. 549

INDEX NO. 800049/2022
RECEIVED NYSCEF: 05/21/2025

2. The amended appointment order filed on **February 2, 2024**, which transitioned Flaherty from private pay to state pay status, **also lacks proof of service or Notice of Entry.** Despite this, Ms. Flaherty continued to act under the color of valid appointment with broad access to records and communications, and the authority to influence court-appointed evaluations.(Exhibit F: Order (NYSCEF Doc#23)

3. These procedural defects have deprived me of a meaningful opportunity to challenge her authority, in violation of due process.

## II. OBSTRUCTION AND PREJUDICE DURING COURT-ORDERED PSYCHIATRIC EVALUATIONS

4. In **April 2024**, the Court ordered a psychiatric evaluation. Despite my full compliance, Ms. Flaherty's conduct caused **nearly a year of delay** in completing the evaluation:

   o She **delayed providing names of psychiatrists**, then objected to non-psychiatric providers after agreeing to them.

   o She **refused to respond to collateral outreach** from the evaluator for over four months.

   o When she finally participated, her comments were **biased, selective,** and **undermined the integrity** of the evaluation process.

   (Exhibit G: Timeline of Psych Eval Delays (NYSCEF Doc#544)

5. These actions delayed reunification and were contrary to the best interests of the children. See *Matter of Arcia v. Arcia*, 195 AD3d 1036 (3d Dept. 2021) (AFC properly removed where conduct undermined the expeditious resolution of custody issues).

G - 87

FILED: ERIE COUNTY CLERK 05/21/2025 02:03 PM

NYSCEF DOC. NO. 549

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/21/2025

## III. FAILURE TO ADVOCATE FOR CHILDREN'S WISHES OR BEST INTERESTS

6.  Ms. Flaherty has failed to zealously advocate for the children's wishes, as required by *22 NYCRR § 7.2(d)* and clarified in *Matter of Elissa N. v. Ian B.*, 213 AD3d 864 (2d Dept. 2023):

    o   She refused to correct false court assertions that I had not used supervised visitation services, even when I produced **contracts, receipts, and partial reports**.

    o   She failed to follow up on **months of missing supervision reports** from April–June 2024 that she stated in the Courtroom 'she reviews regularly' but failed to notice several months (approximately 30 reports initially) missing.

    o   She never addressed **the agency owner's false statements** to the court, nor acted to ensure the children's access to truthful reporting and continuity of visits.

7.  In *Matter of Bennett v. Schultz*, 110 AD3d 792 (2d Dept. 2013), the AFC's failure to investigate or advocate based on verified records and child preference supported disqualification. The same failure is present here.

8.  Ms. Flaherty was provided a police report for a physical altercation between the plaintiff and his father, the childrens' caregiver, where the children were injured and bleeding. Ms. Flaherty ignored it and stated the 'defendant is crazy', after she rejected a psychiatric evaluation from the provider she provided the name for, in order to disregard her responsibilities to her minor clients.(Exhibit H: November 2024 Police ReportNYSCEF DOC # 475)

## IV. UNAUTHORIZED ACCESS TO MEDICAL INFORMATION & DUE PROCESS VIOLATIONS



FILED: ERIE COUNTY CLERK 05/21/2025 02:03 PM

NYSCEF DOC. NO. 549

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/21/2025

8. Flaherty has repeatedly accessed and utilized confidential medical records without proper legal authority or HIPAA compliance:

- She falsely stated to the court that I revoked HIPAA authorizations but continued to state my medical providers provided protected information verbally without authorizations on file.

- Treating providers confirmed they **never spoke to her**, and that **valid authorizations were on file**.

- She then used those same medical records to support **claims of instability** that were refuted by both evaluations.

9. In *Matter of Alvarez v. Alvarez*, 114 AD3d 889 (2d Dept. 2014), a finding of AFC misconduct arose where sensitive materials were mishandled and used against a parent to distort proceedings.

---

## V. ADDITIONAL ETHICAL AND PROCEDURAL VIOLATIONS

10. Ms. Flaherty's pattern of conduct includes:

- **Ex parte communications** and failure to serve parties.

- Appearing at hearings **unprepared**, repeatedly requesting delays.

- Submitting false or misleading statements under oath.

- Failing to advise the court of **witnessed or reported abuse** to the children.

11. In *Matter of Adam OO. v. Jessica QQ.*, 176 AD3d 1410 (3d Dept. 2019), the AFC was replaced where she failed to investigate abuse allegations and failed to independently

G-9

FILED: ERIE COUNTY CLERK 05/21/2025 02:03 PM

NYSCEF DOC. NO. 549

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/21/2025

confirm the child's well-being. This standard is directly applicable.

## VI. CONCLUSION

For all of the above reasons, I respectfully renew and expand my request that:

- **Carol A. Flaherty be immediately removed as Attorney for the Children**;

- That the Court **bar her from future participation** in this matter pending grievance investigations;

- That an **independent AFC be appointed** to represent the children's actual wishes and best interests;

- That the Court acknowledge the **lack of valid service** for both appointment orders, and limit all actions taken under them to date.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge and belief.

Dated: May 21, 2025

Buffalo, New York

Respectfully submitted,

Francine C. VerHagen
80 Delham Ave, Buffalo, NY 14216
Email: fverhagen1618@gmail.com
Phone: 716-949-8789

**JURAT**

STATE OF New York)
) ss.:
COUNTY OF _ERIE___ )

G - 1©

FILED: ERIE COUNTY CLERK 05/21/2025 02:03 PM

NYSCEF DOC. NO. 549

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/21/2025

I affirm this 21st day of May 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law"
(CPLR 2106).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____
VerHagen vs. Weinmann, Siragusa,Slisz, et.al

# EXHIBIT H — BERGEVIN    ISSUES

## # of pgs (not including cover sheet) 24

MOTION to DSQUALFY BERGEVIN

OBJECTION TO BERGEVIN'S OTSC

OBJECTION TO SUBPOENAS WITH SUBPOENAS

STATE OF NEW YORK
SUPREME COURT: ERIE COUNTY

Jason Hill

Plaintiff,

Index No. 800049/2022

-vs-

Francine VerHagen

Defendant.

## AFFIDAVIT IN SUPPORT OF MOTION TO DISQUALIFY PLAINTIFF'S LAWYER

STATE OF NEW YORK )
) ss.:
COUNTY OF ERIE )

I, Francine C. VerHagen, being duly sworn, hereby declare under the penalties of perjury, as prescribed by the laws of the State of New York, that the following statements are true and correct to the best of my knowledge, information, and belief:

1.  I am a resident of the State of New York, residing at 80 Delham Avenue, Buffalo, NY 14216, in the County of Erie, New York. I am competent to testify to the matters stated herein and am of sound mind and legal age.

2.  I have personal knowledge of the facts and circumstances set forth in the attached document(s) and am competent to testify as a witness to those facts and circumstances.

3.  I understand and acknowledge that any willful false statement, misrepresentation, or concealment of material fact made under oath or affirmation, or any willful false statement or misrepresentation made in a signed statement, report, or other document is

H -1

punishable as perjury under the laws of the State of New York, pursuant to New York Penal Law §§ 210.00-210.45.

4. I am the defendant in the above-mentioned case and am executing this affidavit in support of the motion to disqualify the plaintiff's attorney, Michelle Bergevin, for the following reasons:

5. **Consistent Unprofessional Behavior:** The plaintiff's attorney has exhibited a pattern of unprofessional behavior, including consistently missing scheduled appointments with my past representatives, failing to communicate efficiently, and repeatedly requesting adjournments, hindering the progress of the case. Evidence includes a history of adjournments and relevant emails.

   See Attached Exhibit A, Emails From Previous Counsel with no response, a copy of which is attached hereto and incorporated herein by reference

   See Attached Exhibit B, Letter going over Counsel's Objections, a copy of which is attached hereto and incorporated herein by reference

6. **Vexatious Motions:** The plaintiff's attorney has filed vexatious motions, including a recent motion to prevent discovery, demonstrating a disregard for the legal process and an attempt to impede the fair resolution of the case.

   See Attached Exhibit C,Motion #13, a copy of which is attached hereto and incorporated herein by reference

7. **Harassment via Letters and Non-Authentic Evidence:** The plaintiff's attorney engaged in harassment by consistently submitting letters to the Attorney for the Child

H-2

(AFC) containing non-authentic evidence while creating an unfair bias. See Attached

Exhibit D, Letters to the AFC, a copy of which is attached hereto and incorporated herein

by reference

8. **Inconsistent Information on the Record:** The plaintiff's attorney has made

contradictory statements on the record and in her attorney affirmations regarding child

support payments and other pertinent matters, affecting the children and questioning her

credibility.

See Attached Exhibit E, Attorney's Affirmation dated 9.13.23 (point 7,8,9,22), a copy of

which is attached hereto and incorporated herein by reference

See Attached Exhibit F, Transcript dated 09.13.23 (pg. 8), a copy of which is attached

hereto and incorporated herein by reference

See Attached Exhibit G, Transcript dated 11.13.23 (pg.25, line 1), a copy of which is

attached hereto and incorporated herein by reference

See Attached Exhibit H, Attorney's Affirmation dated 12.2023 (point 14), a copy of which

is attached hereto and incorporated herein by reference

9. **Failure to Follow Through with Court-Ordered Tasks:** The plaintiff's attorney has

failed to rectify child support issues and obtain necessary affidavits despite court orders,

delaying the resolution of critical matters and causing unnecessary financial hardship.

See Attached Exhibit F, Transcript dated 09.13.23 (pg. 12), a copy of which is attached

hereto and incorporated herein by reference

See Attached Exhibit I, Emails From Bergevin re Child Support, a copy of which is

attached hereto and incorporated herein by reference

H-3

10. **Inappropriate Fee Requests:** The plaintiff's attorney has inappropriately sought fees to prosecute me, creating an unfair financial burden when the case is not yet in trial. See Attached Exhibit E,Attorney's Affirmation dated 9.13.23 , a copy of which is attached hereto and incorporated herein by reference.

11. **Incomplete Disclosure to Client:** The plaintiff's attorney permitted her client to believe he had more than temporary residential custody, leading to aggressive restrictions on contact between me and the children. See Attached Exhibit J,OFW message, a copy of which is attached hereto and incorporated herein by reference

12. **Conflict of Interest:** The plaintiff's attorney has engaged in a conflict of interest by simultaneously representing my brother and the plaintiff, using confidential information from that case inappropriately. Specifically information regarding our parent's, Gerald & Rosalie VerHagen, personal and business financial matters and utilizing that information in her strategy to prosecute the defendant. See Attached Exhibit K,Bill from Bergevin, a copy of which is attached hereto and incorporated herein by reference.

13. **Unsubstantiated Allegations of 'Conspiracy Theories':** The plaintiff's attorney has baselessly accused me of promoting 'conspiracy theories' without evidence, raising concerns about her allegations and her assessment of my mental health and cognition. See Attached Exhibit H, Attorney Affirmation dated 12.2023 , a copy of which is attached hereto and incorporated herein by reference

H-4

14. **Discrimination Against Pro Se Representation**: The plaintiff's attorney has engaged in discrimination against the pro se defendant, attempting to exploit the defendant's self-representation to gain an unfair advantage. Deponent has used tactics as trying to prevent defendant from understanding law, vexatious motions and communications utilized to overwhelm the defendant, as well as gaslighting the defendant in order to comply with Plaintiff's unreasonable demands.

    See Attached Exhibit E, Attorney Affirmation dated 9.2023 (points 11,12,15,20), a copy of which is attached hereto and incorporated herein by reference

15. **Obstruction of Access to Children**: Despite requests to 'step up' by doing things such as picking the children up after school for visits, the plaintiff's attorney has consistently obstructed my access to the children, including delaying the signing and filing of Orders due to delusional objections never discussed. Preventing the mother the ability to pick the children up as their school has no order on file permitting such an activity.

    See Attached Exhibit L, Objections From Bergevin dated 1.24, a copy of which is attached hereto and incorporated herein by reference

16. **Exhibits:**

    I attach hereto and incorporate by reference the following exhibits, which are referred to in this affidavit:

    > Exhibit A - Emails From Previous Counsel to Bergevin with no response,
    >
    > Exhibit B - Letter ignoring Defendant Cousel's Objections
    >
    > Exhibit C - Motion #13
    >
    > Exhibit D - Letter to the AFC
    >
    > Exhibit E - Attorney's Affirmation dated 9.23

H-5

Exhibit F - Transcript dated 09.23.23

Exhibit G - Transcript dated 11.13.23

Exhibit H - Attorney's Affirmation dated 12.2023

Exhibit I - Emails From Bergevin re Child Support

Exhibit J - OFW message

Exhibit K - Bill from Bergevin

Exhibit L -Objections From Bergevin dated 1.24

I declare under penalty of perjury under the laws of New York that the attached exhibits are true and accurate copies of the documents they purport to be. I have personal knowledge of the facts contained in these exhibits.

The exhibits attached hereto are relevant to the issues at hand in this case and are offered to support the statements and contentions made in this affidavit.

I request the court to consider the exhibits incorporated by reference as if fully set forth herein.

I believe that the disqualification of the plaintiff's attorney is necessary to ensure a fair and just resolution of this case. I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

I make this oath and affirmation under the penalties of perjury, conscientiously believing it to be true, and with full understanding of the consequences of making a false statement under oath.

H-6

WHEREFORE, I respectfully request that this motion be granted, and that I have such other and further relief as the Court may find to be just and proper.


Dated: _January 30, 2024

Francine C. VerHagen

Address: 80 Delham Avenue,

Buffalo, NY 14216

Telephone: 716-949-8789

Email: fverhagen1618@gmail.com




## JURAT

STATE OF _____ )
) ss.:
COUNTY OF _____ )

On this ___ day of _____, 2024, before me, the undersigned Notary Public, personally appeared _____, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

Notary Public _____

My commission expires: _____
(Notary Public Seal)

ANNETTE MILLAN
Notary Public - State of New York
No. 01MI0019234
Qualified in Erie County
My Commission Expires 12/29/2027

H-7

Presiding: HONORABLE PETER ALLEN WEINMANN A.J.S.C.

STATE OF NEW YORK
SUPREME COURT: ERIE COUNTY

JASON HILL,
      Plaintiff,

v.

FRANCINE C. VERHAGEN,
      Defendant.

**DEFENDANT'S OBJECTION
TO PLAINTIFF'S IMPROPER
ORDER TO SHOW CAUSE**

Index No. 800049/2022

STATE OF NEW YORK )
      )
ss.
COUNTY OF ERIE )

    COMES Now the DEFENDANT, FRANCINE C. VERHAGEN, appearing pro se and respectfully files this OBJECTION to Plaintiff's Motion for Order to Show Cause (NYSCEF Doc. No. 520) filed on January 29, 2025 and signed on February 19, 2025.

    In support of this OBJECTION the Defendant submits the following for consideration by this honorable Court:

    I Francine C. VerHagen being duly sworn, hereby declare under the penalties of perjury, as prescribed by the laws of the State of New York that the following statements are true and correct to the best of my knowledge information, and belief.

1.  On January 29, 2025, upon the annexed Affirmation of Michele G. Bergevin, attorney for Plaintiff Jason Hill, filed a Motion demanding that this Defendant "show cause before this Court on the ___ day of February 2025 at ___ o'clock p.m....why an Order should not be entered granting the Plaintiff the following relief..."



2. Judge P. Weinmann signed the Order to Show Cause on February 19, 2025 on which date he set February 25, 2025 as the return date. It was filed as NYSCEF Doc. No 520 on February 20, 2025.

3. The relief sought in the Motion is barred by the Automatic Stay placed in effect by the United States Bankruptcy Court for the Western District of New York. (U.S.B.C/ W.D.N.Y. Case No. 1-24-10552-CLB, ECF#1).(SEE: **EXHIBIT A**: Notice of Bankruptcy Filing).

4. The relief sought by the Plaintiff demands that this Court authorize the "Plaintiff to solely enter into contracts for the sale" of property belonging to the Bankruptcy Estate, in violation of federal law under 11 U.S. Code § 362.

5. The relief sought by the Plaintiff includes that this Court appoint a receiver to handle the sale of property belonging to the Bankruptcy estate, in violation of federal law under 11 U.S. Code § 362. Such proceedings are a direct violation of the Automatic Stay

6. The relief sought by the Plaintiff demands that this Court authorize the "Plaintiff to solely enter into contracts for the sale" of property belonging to the Bankruptcy Estate, in violation of federal law under 11 U.S. Code § 362.

7. The relief sought by the Plaintiff demands that this Court authorize the sale of property belonging to the Bankruptcy Estate, in violation of federal law under 11 U.S. Code § 362 and to deny this Defendant of her due process rights in violation of the United States Constitution due process clause of the Fifth and Fourteenth Amendments.

8. The relief sought by the Plaintiff demands that this Court "schedule a trial" to resolve nonspecific and vague "undisposed issues" involving the property belonging to the Bankruptcy Estate, in violation of federal law under 11 U.S. Code § 362. Trial and

hearing proceedings in ANY other Court during Federal Bankruptcy proceedings are a direct and specified violation of the Automatic Stay under 11 U.S. Code § 362.

9.  The relief sought by the Plaintiff demands that this Court act ridiculously outside of its jurisdiction and take "Leave to amend the terms of any Order" issued by Federal Judge Carl L. Bucki, in violation of federal law under 11 U.S. Code § 362.

10.  This Court lacks jurisdiction to grant ANY of the relief sought in the Plaintiff's Motion for Order to Show Cause.

11.  A recent 28-page Order from the Bankruptcy Court for the District of South Carolina in the case of *In re James Defeo v. Winyah Surgical Specialists, P.A.*, Adv. Pro. No. 21-80011-JW (Sept. 27, 2021) — wherein the Court sanctioned the debtor's attorney $10,000 for violations of Rule 9011.

12.  This Defendant avers that under the circumstances of the Plaintiff's disdain and intentional, knowing, willful and multiple violations of law pursuant to 11 U.S. Code § 362, under the guidance and legal malpractice of Michele G. Bergevin, that Bergevin is and the Plaintiff are liable for the same sanctions in Federal Court.

13.  The filing of the instant Motion for Order to Show Cause itself on its face is a violation of the 11 U.S. Code § 362 Automatic Stay.

14.  Based upon the foregoing this Court lacks jurisdiction to grant the relief sought in the OTSC.

15.  Based upon the foregoing this Court lacks jurisdiction to even hear or hold a hearing regarding Bergevin's frivolous, vexatious and illegally filed OTSC, which is now before this Court.

14-18

16. Bergevin, knowing full well of the Automatic Stay in place regarding ALL of the issues she raised in the motion for Order to Show Cause, had a duty to inform this Court of the Automatic Stay. But, instead Bergevin, as a duly licensed attorney in the state of New York, knowingly, willfully, intentionally and with great disdain for this Court and the Federal Bankruptcy Court, chose to defraud this Court by intentionally withholding information pertaining to the Automatic Stay now in effect from the Federal Bankruptcy Court from this Court when she had the OTSC signed by Judge Peter Allen Weinmann.

17. Based upon the vexatiousness and illegality of Bergevin's frivolous Motion, and for her intentional fraud upon this court, this Defendant respectfully moves this Court to sanction Bergevin to the fullest extent allowable

18. Such intentional and deceitful acts by Bergevin misled this Court into committing an egregious abuse of discretion which resulted in an OTSC Order being signed without jurisdiction.

19. Based upon the Automatic Stay invoked through 11 U.S. Code § 362, this Court lacks jurisdiction to grant the relief the Plaintiff seeks.

20. Based upon the Automatic Stay invoked through 11 U.S. Code § 362, this Court lacks jurisdiction to hold any proceedings regarding the OTSC .

21. Based upon the Automatic Stay invoked through 11 U.S. Code § 362, this Court lacked jurisdiction at the time the OTSC was signed to issue the Order signed and dated February 19, 2025.

22. Additionally, this Defendant was never properly nor timely served with the Order to Show Cause by the Plaintiff or his attorney, nor is any certificate of service provided anywhere.

HF - 81

23. Based upon the foregoing, in light of this Court's lack of subject matter jurisdiction, and as a matter of law, this Defendant has demonstrated good cause as to why the Plaintiff's Motion for Order to Show Cause must be DENIED WITH PREJUDICE.

24. Likewise, this Defendant has demonstrated the Plaintiff's Motion for Order to Show Cause fails to state a claim upon which relief may be granted as a matter of law or under any other legal standard.

WHEREFORE, based upon all of the foregoing, and the Defendant having validly demonstrated and shown good cause as to why the Order to Show Cause should not be granted, this Court should DENY the Order with PREJUDICE.

Respectfully submitted this 24th day of February 2025, I FRANCINE C. VERHAGEN, the Defendant, appearing pro se do hereby affirm that the foregoing is truthful and correct to the best of my knowledge and belief, under penalty of perjury.

Francine C. VerHagen, pro se.
80 Delham Avenue.
Buffalo, NY 14216
Email: fverhagen1618@gmail.com
Tel. 716-949-8789

**JURAT**

STATE OF New York)
) ss.:
COUNTY OF _ERIE___ )

I affirm this 24th day of February 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law"
(CPLR 2106).

_Francine C. VerHagen, pro se._

**CERTIFICATE OF SERVICE**

I, Francine C. VerHagen, hereby certify that a copy of the foregoing was sent via USPS mail with first-class postage prepaid, and electronically, via NYSCEF and email to the following on February 24, 2025.

Francine C. VerHagen, pro se.                          Date: February 24, 2025.
80 Delham Ave.
Buffalo, NY 14216
Email: fverhagen1618@gmail.com
Tel. 716-949-8789

Jason Hill, through Counsel                  Carol Flaherty, Counsel for the Children
Michele G. Bergevin, Esq.                     DiFilippo, Flaherty & Steinhaus
Clayton & Bergevin PLLC                     305 Main St
650 4th St                                           East Aurora, NY 14052
Niagara Falls, NY 14301                        716-652-9600
716-285-0640                                      cflaherty@dfslawyers.com
bergevinlaw@gmail.com

**STATE OF NEW YORK**
**SUPREME COURT: ERIE COUNTY**

Jason Hill
Plaintiff,

-vs-

Francine VerHagen
Defendant.

Index No. 800049/2022

## OBJECTION TO SUBPOENA DUCES TECUM

TO THE COURT AND ALL PARTIES HEREIN:

INTRODUCTION:

Defendant, Francine VerHagen, respectfully submits this Objection to the Subpoena Duces Tecum issued to HSBC Bank USA, N.A., dated May 14, 2024, annexed to this objection, pursuant to CPLR § 2304 and CPLR § 3103. The subpoena demands extensive personal and financial records that are irrelevant to the issues in this litigation and pose a significant risk of undue harm and embarrassment. As a pro se litigant, the Defendant asserts this Objection to protect her privacy and to maintain the integrity of the judicial process.

FACTUAL BACKGROUND:

**OBJECTION TO SUBPOENA DUCES TECUM**

1

H-14

The above-captioned case involves a dispute between Plaintiff Jason Hill and Defendant Francine VerHagen.

On or about May 14, 2024, a Subpoena Duces Tecum was issued to HSBC Bank USA, N.A., requesting the production of extensive personal and financial records of Francine VerHagen, spanning from January 1, 2022, to the present.

The records sought include but are not limited to employment records, salary information, job descriptions, hours worked, personnel files, payroll deductions, and various other sensitive personal and financial details.

Compliance with this subpoena as currently written may result in the unnecessary and potentially harmful disclosure of private and irrelevant information.

LEGAL STANDARD:

Under CPLR § 2304, the Court may quash, modify, or condition a subpoena that is unreasonable or oppressive. Additionally, CPLR § 3103 provides that the Court may issue a protective order denying, limiting, conditioning, or regulating the use of any disclosure device to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.

ARGUMENT:

I. The Subpoena Requests Irrelevant Information:

**OBJECTION TO SUBPOENA DUCES TECUM**

H-15

The subpoena issued to HSBC Bank USA, N.A. requests extensive records, many of which are not relevant to the issues at hand in the present litigation. Specifically, requests for detailed job descriptions, job duties, personal leave days, sick days, and insurance benefits do not bear directly on the resolution of the underlying dispute and serve only to unnecessarily invade the privacy of the Defendant.

II. Potential for Harm and Embarrassment:

The extensive nature of the records requested, particularly those concerning personal financial information, poses a significant risk of harm and embarrassment to the Defendant and other individuals whose information may be disclosed. The broad scope of the subpoena effectively results in a fishing expedition, which is prohibited under New York law.

III. Overbreadth and Burdensomeness:

The subpoena is overly broad and unduly burdensome, seeking an exhaustive list of documents that span a considerable period. This broad request imposes an unreasonable burden on HSBC Bank USA, N.A. and infringes upon the Defendant's right to privacy without a sufficient showing of necessity or relevance to the claims and defenses in this case.

IV. Gross misrepresentation:

**OBJECTION TO SUBPOENA DUCES TECUM**

3

H·1b

The plaintiff's deponent represents herself as the Defendant's representative on page 3 of the subpoena. This misrepresentation can detrimentally affect the response and information provided by HSBC.

CONCLUSION:

For the reasons set forth above, Defendant Francine VerHagen respectfully requests that this Court quash or modify the Subpoena Duces Tecum issued to HSBC Bank USA, N.A., to limit the scope of the records requested to only those directly relevant to the claims and defenses in this litigation. This will ensure the protection of sensitive personal information and prevent undue harm, embarrassment, and burden.

WHEREFORE, Defendant Francine VerHagen prays for relief as follows:

That this Court quash or modify the Subpoena Duces Tecum issued to HSBC Bank USA, N.A., dated May 14, 2024.

That the Court limit the scope of the subpoena to only those records directly relevant to the claims and defenses in this case.

Permission for the Defendant to file a Motion for a Protective Order to safeguard sensitive and private information from being disclosed.

**OBJECTION TO SUBPOENA DUCES TECUM**

H - 17

For such other and further relief as the Court deems just and proper.

Dated: May 14, 2024

Respectfully submitted,

_____

Francine VerHagen, Pro Se Su Juris

80 Delham Avenue

Buffalo, NY 14216

716-949-8789

fverhagen1618@gmail.com

I affirm this \_\_\_ day of May, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law" ( CPLR 2106).

_____

Francine VerHagen, Pro Se Su Juris

**OBJECTION TO SUBPOENA DUCES TECUM**

5

H - 18

STATE OF NEW YORK
SUPREME COURT:  NIAGARA COUNTY

---

**JASON HILL,**

                  Plaintiff,

   vs.

**FRANCINE VERHAGEN,**

              Defendant.

**SUBPOENA DUCES TECUM**

Index No. 800049/2022

---

**TO:**   **HSBC Bank USA, N.A**
       **Attn: Legal Processing**
       **239 Van Rensselaer Street**
       **Buffalo, NY 14210**
       Phone number : (877) 874-2403
       Fax: (716) 841-7651
       Email: legal.paper.fax@us.hsbc.com

     WE COMMAND YOU, that all business and excuses being laid aside, you appear personally in New York State Supreme Court, County of Erie, 50 Delaware Avenue, Part 29, 8th Floor, Buffalo, New York 14202 on May 16, 2024 at 9:30 a.m. before the Honorable Michael A. Siragusa, JSC and at any recessed or adjourned date in the above matter on the part of the Plaintiff, bringing with you the following records regarding the period from January 1, 2022 to the date of production, or the date of trial, whichever is later and completing, signing before a Notary, and returning the attached Certification of Business Records pursuant to C.P.L.R. 3122-a:

EMPLOYEE NAME:    **FRANCINE VERHAGEN**

ADDRESS:            **80 Delham Ave Buffalo NY 14216**

DATE OF BIRTH:      **01/30/1984**

RECORDS REQUIRED:    Any and all records regarding the employment of the above named employee including but not limited to the following for the period of January 1, 2022 to the date of production:

       1.     Job description including responsibilities, duties, job requirements, specific description as to nature and amount of physical labor entailed, any promotions or demotions including the date of all said promotions or demotions, the corresponding increase or decrease in pay, if any, and a description of the prior position(s);

H - 19

Please complete the annexed Certification pursuant to CPLR 3122-a.

## NOTICE TO OPPOSING COUNSEL:

A copy of this Subpoena is forwarded to counsel in compliance with the requirements of CPLR Section 3120.

Counsel for the Defendant intends to offer the business records described above authenticated by certification subscribed pursuant to CPLR 3122-a. Documents may be reviewed at 650 4th Street, Niagara Falls, New York, upon request.

**WITNESS**, Honorable Michael A. Siragusa, Supreme Court Justice, on May 14, 2024.

Michele G. Bergevin, Esq.
Clayton & Bergevin
*Attorney for Plaintiff*
650 Fourth Street
Niagara Falls, New York  14301

**\*\*To Witness:**
As soon as you receive this subpoena, and for your convenience,
please call the following attorney:

**MICHELE G. BERGEVIN, ESQ. at 716-285-0640**

H -20

# *Clayton & Bergevin*
### Attorneys at Law

**H. James Clayton**
**Michele G. Bergevin\***

<u>**Associates**</u>
**Mark C. Murphy**

<u>Legal Assistants</u>
Jennifer M. Jackson
Karen M. Smith
Evonne Holstrom

\* *also admitted in Florida*

5/14/24

<u>*Via Process Service, Fax: (716) 841-7651 and*</u>
<u>*Email: legal.paper.fax@us.hsbc.com*</u>

HSBC Bank USA, N.A
Attn: Legal Processing
239 Van Rensselaer Street
Buffalo, NY 14210

RE:   *Hill v. VerHagen*
      *Index No.: 800049/2022*

Greetings:

      Enclosed please find a Subpoena Duces Tecum in regards to the above referenced matter.

      Pursuant to NYS CPLR § 2307: Compliance with a Subpoena Duces Tecum may be made by producing a full-sized legible reproduction of the item or items required to be produced certified as complete and accurate by the person in charge of such library, department or bureau, or a designee of such person, and no personal appearance to certify such item or items shall be required of such person or designee.

      If the Agency opts to supply a certified record in lieu of personal delivery, please remit the records to Honorable Michael A. Siragusa, JSC, New York State Supreme Court, County of Erie, 50 Delaware Avenue,  Part 29, 8th Floor, Buffalo, New York 14202.  I have also enclosed a Certification Affidavit for your completion, should you elect this option.

      Any questions or concerns should be addressed to the undersigned.

      Thank you.

Very truly yours,
*Clayton & Bergevin*

Michele G. Bergevin

MGB:jmj
Enclosure
pc:   Francine Verhagen *(via email)*
      Carol Flaherty, Esq. *(via email)*
      Jason Hill *(via email)*

H - 21

2.    The specific time the above-named employee is or has been scheduled for work; what days of the week the employee works and, applicable to each day, the starting time and finishing time for employment and the time and amount of time allotted for lunch and breaks. Production of such records should include all relevant records reflecting the time period from the above employee's first date of employment to date;

3.    Records indicating the amount of hours the above-named employee is required to work and whether, based upon the nature of the employment, such employee is encouraged or able to work additional hours, and any records indicating that the employee has in fact worked or not worked such additional hours;

4.    The complete and unedited contents of the employee's personnel file including any applications and notes regarding the employee's hiring;

5.    Date of hire;

6.    Wage-salary structure, including any legislated, proposed, contracted for or pending increases or decreases in the employee's future salary;

7.    Any and all records regarding automatic payroll deductions which are deposited into accounts or with institutions, regardless of the form of recipient account, etc. Said records should include but not be limited to the name of the institution holding said account, the account number, the name(s) on said account, the amount of the deduction, the frequency of the deduction and all contracts or documents regarding the arrangement for said deposit procedure;

8.    Agreements and contracts of employment, including union contracts, if any;

9.    Entitlement to and description of commissions, bonuses, overtime, personal leave days, sick days and detail of all the aforementioned exercised or received by the employee;

10.    Any and all records, vouchers, documents, papers and memoranda pertaining to monies and benefits paid to the above-named employee or any other individual who accepts said benefits on said employee's behalf, including but not limited to salaries, wages, drawings, travel and entertainment, dividends, maternity benefits and disability benefits;

11.    Medical, health and hospitalization insurance benefits including the cost, if any, to the employee and to the company, and all covered individuals of employee's family;

12.    Life insurance and double indemnity including amount of insurance, cash value, designated beneficiary and any loans thereon;

13.    Use of company vehicle;

H-27

14.    Entitlement to pension, profit-sharing, thrift plan, stock option programs and any 401K plan maintained on employee's behalf, including a copy of all retirement benefit statements and correspondence; a complete copy of the pension plan description, a comprehensive statement of all benefits presently owned by the employee and all those forfeited, cashed, or the subject of any transaction;

15.    Payroll records indicating gross salary and all deductions mandated or authorized therefrom including a specification of each deduction, the purpose and whether voluntary, involuntary or by court Order;

16.    Tax sheltered annuity contributions, tax deferred programs, savings bonds, credit union payments made by/owned by employee;

17.    Any and all records regarding garnishments, executions and deductions pursuant to any agreement with an entity other than the employer;

18.    Any and all records regarding the above-named employee's termination. Such records should include but not be limited to the reason for termination, date of termination, records prepared in the ordinary course of business documenting the termination and any records of the employee's prior conduct which was considered in the termination decision or constituted cause for a prior warning of possible termination;

19.    Any and all documents received from the employee in regard to the employee terminating his or her position.

**In accordance with  New York C.P.L.R. 3122-a.  please ensure the records/materials are properly certified (see attached form).**

Pursuant to C.P.L.R. Section 3120, the party issuing a subpoena duces tecum, as provided herein above shall at the same time serve a copy of the subpoena upon all other parties and, within five days of compliance therewith, in whole or in part, give to each party notice that the items produced in response thereto are available for inspection and copying, specifying the time and place thereof.

Failure to comply with this subpoena is punishable as a contempt of court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not exceeding Fifty Dollars and damages sustained by reason of the failure to comply.

### NOTICE TO RECIPIENT:

The undersigned represents the Defendant in the above-captioned matter commenced in the Niagara County Supreme Court.  The information sought in this Subpoena is relevant to and necessary for the Supreme Court's determination of issues in the above-captioned matter.

H - 23

## CERTIFICATION AFFIDAVIT

1.  I, _____(individual's name), being duly sworn, state and certify that I am the custodian or other qualified witness charged with responsibility of maintaining the attached records/materials and I have the authority to make this Certification on behalf of _____(Name of Company).

2.  The attached business records are produced pursuant to a subpoena duces tecum under New York C.P.L.R. 3120 and C.P.L.R. 3122-a.

3.  To the best of my knowledge, after reasonable inquiry, the records or copies thereof are accurate versions of the documents described in the subpoena duces tecum that are in the possession, custody, or control of the person/institution receiving the subpoena.

4.  To the best of my knowledge, after reasonable inquiry, the records or copies produced represent all the documents described in the subpoena duces tecum, or if they do not represent a complete set of the documents subpoenaed, an explanation of which documents are missing and a reason for their absence is provided.

5.  The records or copies produced were made by the personnel or staff of the business subpoenaed, or persons acting under it's/their control, in the regular course of business, at the time of the act, transaction, occurrence or event recorded therein, or within a reasonable time thereafter, and that it was the regular course of business to make such records.

_____
signature

STATE OF _____)
COUNTY OF _____) ss.

On the _____ day of _____ in the year _____ before me, the undersigned, a Notary Public in and for said State, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(is), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument and that such individual made such appearance before the undersigned in the City/Town/Village of _____
_____, County of _____.

_____
Notary Public/ Commissioner of Deeds

1+ - 2√

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____

VerHagen vs. Weinmann, Siragusa,Slisz, et.al

# EXHIBIT I – SUPREME COURT POOR PERSON ORDED

# of pgs (not including cover sheet)_____

INDEX NO. 800049/2022

**FILED: ERIE COUNTY CLERK 05/27/2025 01:13 PM**

RECEIVED NYSCEF: 05/27/2025

NYSCEF DOC. NO. 556

nycourts.gov

New York State Unified Court System

## Order – Application to Waive Court Fees and Costs

UCS-FWO1(07/2023)
Page 1 of 2
nycourthelp.gov

<u>Supreme</u> Court

County of <u>Erie</u>

Present: Hon. <u>Peter Weinmann</u>

In the matter of:

<u>Jason Hill</u>

**Plaintiff/Petitioner** (party bringing case) or **Subject of Proceeding**

-against-

<u>Francine VerHagen</u>

**Defendant/Respondent** (opposing party; if none, leave blank)

Index/File Number:
<u>800049/2022</u>

The court has read the attached application to waive court fees and costs filed on _____

alleging that:

1. Applicant is unable to pay the costs, fees, and expenses to prosecute this case

2. There is no other person beneficially interested in the case

3. Applicant has a good cause of action or claim

and it is **ORDERED**, that the application is:

○ **GRANTED**, and the clerk of the court shall not charge the applicant for costs or fees in this case, including one certified copy of the judgment. Any recovery by judgment or settlement in favor of the applicant must be paid to the clerk of the court and await a court order for distribution.

◉ **GRANTED** solely to the extent of:

    ○ waiving the filing fees related to this case *The disbursement of proceeds from the sale of the marital residence has occurred.*

    ◉ deferring the filing fee until *the marital residence* or ○ an inventory of assets is filed

    ~~under Uniform Rules for the Surrogate's Court 207.20~~ *it is further Ordered, that an updated Affidavit or Affirmation detailing Calendar year 2025 statement of defendant's actual income and expenses be filed be filed prior to next scheduled*

○ ~~**DENIED**, and all applicable filing fees must be paid by~~  *court appearance* ~~(120 days from the~~ 

~~date of this order) as required by section 1101 of the civil practice law rules. If not paid by~~

~~such date, the case will be dismissed without further order of the court, and the clerk of the~~

~~court shall close the file without further judicial action.~~

ADA Accommodations
ada@nycourts.gov

Spoken or Sign Language Interpreters
interpreter@nycourts.gov

**COURT Help** 1-800-COURT-NY
(268-7869)

I - 1

FILED: ERIE COUNTY CLERK 05/27/2025 01:13 PM

NYSCEF DOC. NO. 556

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/27/2025

**UCS-FWO1** (07/2023)                    Page **2** of **2**    **Index/File Number:** _800049/2022_

○ **DECLINED** at this time because case papers are missing or need correction. If the following

papers are filed with the court by _____ (120 days from the date of this order),

the court will reconsider the fee waiver application:

If the missing/corrected papers ARE NOT filed with the court by _____ (120 days

from the date of this order), the fee waiver application will be denied, and all applicable filing

fees must be paid by _____ (120 days from the date the fee waiver application is

denied) as required by section 1101 of the civil practice law rules. If not paid by

_____ (120 days from the date the fee waiver application is denied), the case will

be dismissed without further order of the court, and the clerk of the court will close the file

without further judicial action.

**NOTE:** The case cannot proceed unless the above missing/corrected papers are filed with the

court. Therefore, the case will be stricken from the court's calendar if the missing/corrected

papers are not filed even if the filing fees are paid, and if the case is not restored within 1 year,

it will be deemed abandoned and dismissed without costs under section 3404 of the civil

practice law and rules.

Dated: _May 27, 2025_

_____
**Judge Signature**
**Hon. Peter Allen Weinmann, AJSC**

I - 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____
  VerHagen vs. Weinmann, Siragusa,Slisz, et.al

# EXHIBIT J  — SUPREME COURT ALBAY POOR PERSON ORDER

# of pgs (not including cover sheet) _2_

INDEX NO. 906652-25

RECEIVED NYSCEF: 07/10/2025

FILED: ALBANY COUNTY CLERK 07/11/2025 02:48 PM

NYSCEF DOC. NO. 24

1

2
3
4

5

At the _____ Office
of the Supreme Court of the State
of New York, held in and for the
County of _Albany_ at the
Courthouse, _Albany NY_
_12207_, on the
_10th_ day of _July_, 2025

6 **PRESENT: HON.** _Denise A. Hartman_

Justice of the Supreme Court

——————————————————————X

In the Matter of the Application of

_Francine C. Verhagen_

7,8
Petitioner,

Index No.: _906652-25_

**POOR PERSON ORDER**

-against-

9 Hon. Peter A. Weinmann, A.J.S.C.;
James F. Granville, Principal Law Clerk;
Cassandra Cullanan, Court Clerk;
Unified Court System;
8th Judicial District, Respondents.

——————————————————————X

10    Upon the annexed affidavit of _Francine C. Verhagen_, the verified petition

11,12 sworn to on _July 2, 2025_

13

14    And it being alleged that said Plaintiff has a good cause of action or claim based upon:

_reading of the Verified Petition_

_____

_____

_____

_____

_____

J-1

FILED: ALBANY COUNTY CLERK 07/11/2025 02:48 PM

NYSCEF DOC. NO. 24

INDEX NO. 906652-25

RECEIVED NYSCEF: 07/10/2025

And it being alleged that he/she is unable to pay the costs, fees and expenses to prosecute this action, and that there is no other person beneficially interested in the action,

15        Now on motion of _Francine C. Verhagen_, Plaintiff, it is hereby

16        ORDERED that _Francine C. Verhagen_ is permitted to prosecute this action as a poor

17    person against _the above-named Respondents_      , and it is further

ORDERED that any recovery by judgment or settlement in favor of Plaintiff shall be paid to the Clerk of the Court to await distribution pursuant to court order, and it is further

ORDERED that the Clerk of this Court is directed to make no charge for costs or fees in connection with the prosecution of this case, including one certified copy of the judgment.

18    Dated: _July 10, 2025_                    E N T E R :

19                                        _Denise A. Hartman_
                                             J.S.C.

                                        07/11/2025

J - 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____
VerHagen vs. Weinmann, Siragusa,Slisz, et.al

# EXHIBIT K — APELLATE POOR PERSON MOTION

# of pgs (not including cover sheet)___6___

MOTION
PROOF OF FILING

**SUPREME COURT OF THE STATE OF NEW YORK**

**APPELLATE DIVISION: FOURTH DEPARTMENT**

---

**JASON HILL,**
        **Plaintiff/Respondent,**

       **v.**

**FRANCINE C. VERHAGEN,**
        **Defendant/Appellant**

                      **Index No. 800049/2022**
                      **CA 25-01294/95/97/98,25-01352**

---

**AFFIRMATION IN SUPPORT OF MOTION FOR POOR PERSON RELIEF**

---

STATE OF NEW YORK)

) **ss**.:

COUNTY OF ERIE )

I, Francine VerHagen, being duly sworn, hereby affirm under penalty of perjury the following facts in support of the Poor Person motion

1. I am the appellant and submit this motion for poor person relief pursuant to CPLR §§ 1101 and 1102.

2. My **2021 and 2023 tax returns** were filed in March 2025 and processed in May 2025. However, **my 2022 return remains pending** with the IRS. This delay was caused by the Plaintiff's improper tax filings—claiming **head of household** for the marital residence, despite only living there briefly in 2022, and claiming **both dependent children**, contrary to the court's alternating arrangement. These actions likely triggered audit delays. I have also **filed a formal extension for tax year 2024**. They are available in the underlying docket in NYSCEF.

3. The real estate referenced in bankruptcy filings is not accessible: one property was sold without my consent prior to an order authorizing anyone to act on my behalf was invalidly filed, with an active lien, and the other remains under court dispute. Marital assets are unlawfully held by the Plaintiff's attorney, Patrick Balkin, who has served as a **non-fiduciary per the court's order**.

4. The marital property was placed under contract **without my knowledge or consent**, and **before** the Plaintiff was granted authority to sign on my behalf. At the time of the contract, there was still an **active lien** on the property.

5. The Plaintiff's attorney, **Patrick Balkin**, has retained the proceeds from the sale while acting as a purported "fiduciary" without posting any bond.

K-1

6. I have **no legal access** to those funds pending appeal. These funds are the subject of the very order I am challenging, and conditioning my right to appeal on access to them would violate my due process rights.

7. Under *Griffin v. Illinois*, 351 U.S. 12 (1956), and *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996), indigent litigants may not be denied appellate review solely due to inability to pay costs, particularly in cases involving parental rights.

8. I have **no legal access** to those funds pending appeal. These funds are the subject of the very order I am challenging, and conditioning my right to appeal on access to them would violate my due process rights.

9. My **bankruptcy was dismissed** in large part due to interference by Mr. Balkin, who **simultaneously represented (after notice of appearance was submitted)the Plaintiff as a creditor in my bankruptcy** while serving as intermediary between the bankruptcy proceedings and the Supreme Court—violating the automatic stay and withholding the bankruptcy hearing transcript that Judge Weinmann requested. The improper overlap of roles and failure to comply with judicial directives undermined my access to due process and financial protections guaranteed by federal law.;

10. The Supreme Court judge **signed an order in July 2025** awarding $15,000 in marital funds from Balkin (Plaintiff's attorney and asset holder) to Plaintiff's other attorney Bergevin—despiteJudge Weinmann previously **denying** this relief in writing and on the record. I am prohibited from contacting Balkin directly and I was ordered to pay for any of his appearances with no legal justification, so I have been prevented from objecting and preserving the assets.

11. Plaintiff also **removed or sold** my personal and children's property from the marital residence, despite clear court orders barring such conduct prior to asset distribution.

12. Around May 2024, plaintiff's attorney, Michelle Bergevin falsely presented herself to my employer as my counsel interfering with my long term career. I remain unemployed or underemployed ever since,currently receiving roughly $0/month in freelance or temporary work. I cannot afford transcript or appellate costs.

13. Note that I have also filed **no fewer than six motions over the past two years** attempting to correct **child support errors** and unlawful garnishments, only to receive blanket denials without the opportunity to be heard. I even attempted to file in Family Court to rectify these errors but was blocked. The child support orders have no notice of entry and are not enforceable as of today. These issues form part of my pending and forthcoming appeals;

K-2

14. The Supreme Court **has not approved transcript access** under its partial poor person ruling, despite mandatory requirements in custody matters (*Griffin v. Illinois*, *M.L.B. v. S.L.J.*, *Boddie v. Connecticut*).

15. Most Orders lack Notice of Entry; several others are **not uploaded with transcripts**, and I am unable to perfect appeals without these records.

16. In a parallel **Article 78 proceeding** (Albany Supreme Court), my poor person motion was **granted**, further validating my financial need and the systemic obstruction I've experienced. Additionally, in my underlying Supreme Court case, Judge Weinmann **signed a limited poor person order** that defers fee payment **until marital assets are split**, but he has **refused to address the issue of transcript costs or direct the upload of transcripts**, even for critical orders—most of which were entered without proper **notice of entry**, obstructing my ability to appeal

17. Over the course of three separate poor person motions filed in 2025 under prior appellate docket numbers, I have fully complied with every requirement identified by this Court in its denial orders.

    o In **May 2025**, the Court requested itemization of all income and assets, clarification of bankruptcy records, and identification of property addresses and values. I promptly filed an amended affidavit that included these details in full.

    o In **June 2025**, the Court requested 2023–2024 tax returns and my Supreme Court financial disclosure, including my February 29, 2024 Statement of Net Worth. I submitted all of these documents as directed.

    o In **August 2025**, despite full compliance with the prior orders and no new deficiencies identified, the Court denied the motion outright without explanation.

18. New York law and binding federal precedent make clear that an indigent litigant may not be denied access to appellate review solely because of inability to pay costs, particularly where fundamental parental rights are at stake.

**State Law:**

- **CPLR §§ 1101 and 1102** require that poor person relief be granted where a litigant demonstrates inability to pay the costs of an appeal and asserts a non-frivolous claim. In custody and parental rights cases, the New York Court of Appeals has recognized heightened protections for indigent litigants. See *Matter of Smiley*, 36 N.Y.2d 433 (1975) (right to assigned counsel in parental rights cases grounded in due process and equal protection).

K-3

- New York courts have held that the denial of necessary transcripts or cost waivers to indigent appellants constitutes a deprivation of due process. See *People v. Montgomery*, 24 N.Y.2d 130 (1969).

**Federal Law:**

- In **Griffin v. Illinois**, 351 U.S. 12 (1956), the U.S. Supreme Court held that "there can be no equal justice where the kind of trial a man gets depends on the amount of money he has," striking down a rule that effectively barred indigent defendants from appealing due to transcript costs.
- In **M.L.B. v. S.L.J.**, 519 U.S. 102 (1996), the Court extended this principle to civil cases involving termination of parental rights, holding that states cannot condition an appeal on the prepayment of record preparation fees when the appellant is indigent.
- In **Boddie v. Connecticut**, 401 U.S. 371 (1971), the Court held that access to the courts for certain fundamental matters (such as dissolution of marriage) cannot be denied based solely on inability to pay filing fees.

19. This case presents the same constitutional concern: without poor person relief, I cannot obtain the transcripts necessary to perfect my appeal from orders that directly impact my custodial rights. The record shows my present financial resources are virtually nonexistent ($50 cash, unemployed, no access to marital funds), and the only substantial assets tied to my name are in legal dispute and inaccessible. Repeated denial of poor person relief in these circumstances is not only **arbitrary and capricious** but also unconstitutional under both state and federal law.

20. I respectfully request that this Court grant full poor person relief applicable to all present and future appeals associated with Erie Supreme Court Index No. 800049/2022.

21. Dated:August 14, 2025

    Respectfully submitted,

**Francine C. VerHagen,Pro Se**

PO Box 231, Buffalo, NY 14207

fverhagen1618@gmail.com

Phone: 716-949-8789

K-4

STATE OF New York)

) ss.:

COUNTY OF _ERIE___ )

I affirm this 14th day of August 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law"
(CPLR 2106).

**Francine C. VerHagen, Pro Se**

K. 5



# NYSCEF Confirmation Notice

## Appellate Division - 4th Dept

The NYSCEF website has received an electronic filing on 08/19/2025 08:06 PM. Please keep this notice as a confirmation of this filing.

**CA 25-01295**
**Jason Hill v. Francine Verhagen**

### Documents Received on   08/19/2025 08:06 PM

| Doc # | Document Type |
| --- | --- |
| 9 | NOTICE OF MOTION W/SUPPORTING DOCUMENTS INCLUDING EXHIBIT(S) |

### Filing User

FRANCINE C VERHAGEN | fverhagen1618@gmail.com
Po Box 231, Buffalo, NY 14207

### E-mail Service Notifications

An email regarding this filing has been sent to the following on 08/19/2025 08:06 PM:

**FRANCINE C VERHAGEN - fverhagen1618@gmail.com**

### Email Notifications NOT Sent

| Role | Party | Attorney |
| --- | --- | --- |
| Petitioner | Jason Hill | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

Phone: 585-530-3100

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile
Page 1 of 1

K-6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Francine C. VerHagen,                    Case No. _____
Plaintiff, pro se,

v.

Hon. Peter A. Weinmann, in his official capacity as Acting Justice of the New York Supreme Court;
Hon. Michael. Siragusa, in his official capacity as Justice of the New York Supreme Court;
Hon. Mary J. Slisz, in her official capacity as Justice of the New York Supreme Court;
James F. Granville, Principal Law Clerk;
Thomas Navarro, Principal Law Clerk to Judge Siragusa
Unified Court System, 8th Judicial District;
Michele Bergevin, Esq.;
Patrick Balkin, Esq.;
Carol Flaherty, Esq., Attorney for the Children;
and other state actors yet identified,

Defendants.

---

## Exhibit List

---

Exhibit A –Siragusa Oath with Administrative Orders AO/143/22 and FOIL Response (No Supreme Court Oaths on File for Judges Siragusa)

Exhibit B –Weinmann Oath with Administrative Orders AO/143/22 and FOIL Response (No Supreme Court Oaths on File for Judge Weinmann)

Exhibit C – Slisz 2022 Custody Order (Never Served with Notice of Entry)

Exhibit D – Psychiatric Evaluations and letters from Counselors (Sept 2024, March 2025, May 2025 – All Clearances)

Exhibit E – Docket Entries Showing No Notices of Entry on Key Orders

Exhibit F – Grievance Against Attorney Patrick Balkin (Conflict of Interest, Lien Concealment)

Exhibit G – Grievance Against AFC Carol Flaherty (HIPAA Violations, Unauthorized Actions)

Exhibit H – Motion to Disqualify Attorney Michele Bergevin (Conflicts, Employment Interference)

Exhibit I – Supreme Court (Albany) Poor Person Order

Exhibit J – Supreme Court (Albany) Poor Person Order

Exhibit K –Proof of filing or Appellate Poor Person Motion

Dated: August 28, 2025
Respectfully submitted,

Francine C. VerHagen , Pro Se Plaintiff

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____
VerHagen vs. Weinmann, Siragusa,Slisz, et.al

# EXHIBIT A - Siragusa Oath

# of pgs (not including cover sheet) 5

FOIL Response
Oath
Administrative Order

                                    Francine <wanderlustwarrior1577@gmail.com>

## FOIL Request – Oath of Office

Wed, Aug 13, 2025 at 2:06 PM

FOIL <FOIL@nycourts.gov>
To: Francine <wanderlustwarrior1577@gmail.com>, FOIL <FOIL@nycourts.gov>

The Office of Court Administration acknowledges receipt of your FOIL request dated 8/6/2025, seeking:

A copy of the administrative order, letter of designation, or cross-assignment authorization issued by the Chief Administrative Judge (or authorized designee) permitting Judge Michael A. Siragusa, appointed to the New York State Court of Claims, to act as a Supreme Court Justice in Erie County or any other jurisdiction.

Specifically, I request:

- The effective date and duration of any cross-assignment;

- The judicial districts or counties authorized;

- The legal basis or authority for such assignment (e.g., 22 NYCRR §80.6);

- Any administrative memos or orders referencing Judge Siragusa's authority to preside over divorce, custody, or other Supreme Court matters.

Attached please find records responsive to your request. With regards to your request for "Any administrative memos or orders referencing Judge Siragusa's authority to preside over divorce, custody, or other Supreme Court matters", such requested records, if any, are records of the Judiciary, which are not subject to FOIL (See Public Officers Law § 86(1)).

No records responsive to your request are withheld or redacted pursuant to any provision of FOIL, and your request is now considered closed.

Pursuant to Public Officers Law § 89(4)(a), you have thirty (30) days to take a written appeal of this determination. You may appeal by writing:

Michael Siudzinski, Assistant Deputy Counsel

FOIL Appeals Officer

25 Beaver Street, 10th Floor

New York, NY 10004

Or, you may submit such appeal by email to: FOILappeal@nycourts.gov

**From:** Francine <wanderlustwarrior1577@gmail.com>
**Sent:** Wednesday, August 6, 2025 9:56 PM

A - 1

**To:** FOIL <FOIL@nycourts.gov>

[Quoted text hidden]
[Quoted text hidden]

**2 attachments**

 **Siragusa_01-01-2023_12-31-2031.pdf**
281K

**2022-0143.pdf**
558K

A-2



**NEW YORK STATE**
Unified Court System

REC'D JUN 1 6 2023

TO THE JUDGE OR JUSTICE - PURSUANT TO §10, PUBLIC OFFICERS LAW, THIS FORM SHOULD BE USED TO FILE A COPY OF YOUR OATH OF OFFICE WITH THE OFFICE OF COURT ADMINISTRATION.  COMPLETE AND MAIL TO:

New York State Unified Court System
Office of Court Administration
25 Beaver Street, 11th Floor
New York, New York 10004

STATE OF NEW YORK

COUNTY OF _ERIE_____ ss:

I _____ Hon. Michael Siragusa _____

(PRINT OR TYPE YOUR NAME)

Do solemnly swear (or affirm) that I will support the constitution of the United States and the constitution of the State of New York, and that I will faithfully discharge the duties of the office of

_____ Judge of the Court of Claims _____

(TITLE OF JUDGE/JUSTICE'S POSITION)

of _____ the State of New York _____

(JURISDICTION, i.e. VILLAGE. TOWN. COUNTY etc.)

FILED
STATE RECORDS
JUN 1 5 2023
DEPARTMENT OF STATE

according to the best of my ability.

_____ (signature)

SIGNATURE OF JUDGE/JUSTICE

Term Begins _1/1/23_____          Term Ends _12/31/31_____

I have replaced another Judge/Justice          I am filling a newly created position

_____

(NAME OF JUDGE/JUSTICE YOU ARE REPLACING)

Subscribed and sworn to before me this _12th_ day of _June, 2023_____

_____ (signature)

(AUTHORIZED SIGNATURE)

THOMAS J. NAVARRO, JR.
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION No. 02NA5033256
QUALIFIED IN ERIE COUNTY
My Commission Expires 10/17/20_26_

*Pursuant to § 10, Public Officers Law (Rev/June 2021)*

A. 3

## ADMINISTRATIVE ORDER OF THE
## CHIEF ADMINISTRATIVE JUDGE OF THE COURTS

Pursuant to the authority vested in me, in consultation with and agreement of the Hon. Rolando T. Acosta, Presiding Justice of the Appellate Division, First Judicial Department, Hon. Hector D. LaSalle, Presiding Justice of the Appellate Division, Second Department and the Hon. Gerald J. Whalen, Presiding Justice of the Appellate Division, Fourth Department, on behalf of their respective courts, I hereby confirm the designation the following Judges of the Court of Claims as Acting Justices of the Supreme Court and their assignment to the courts specified below, effective June 3, 2022:

### Second Judicial District

Hon. Joanne Quinones: Kings Supreme Court

### Seventh Judicial District

Hon. Stephen Thomas Miller: Monroe Supreme Court

### Eighth Judicial District

Hon. Michael Siragusa:  Erie Supreme Court
Hon. Betty Calvo-Torres: Erie Supreme Court

### Ninth Judicial District

Hon. Anar Patel: Westchester Supreme Court

### Tenth Judicial District (Nassau)

Hon. Sarika Kapoor:  Nassau Supreme Court

### Eleventh Judicial District

Hon. Maureen McHugh Heitner: Queens Supreme Court

A. 4

**Twelfth Judicial District**

Hon. Timothy Lewis: Bronx Supreme Court

\* \* \*

Each of these assignments shall be in addition to the designee's other assignments and duties, shall be subject to further order, and shall otherwise remain in effect until and including December 31, 2022.

_____
Chief Administrative Judge of the Courts

Dated: June 13, 2022

AO/ 143 /2022

A- 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____
VerHagen vs. Weinmann, Siragusa,Slisz, et.al

# EXHIBIT B — WEINMANN OATH

# of pgs (not including cover sheet)___4___

FOIL RESPONSE
OATH
ADMIN. ORDER

Francine <wanderlustwarrior1577@gmail.com>

 Gmail

## FOIL Request – Oath of Office

Wed, Aug 13, 2025 at 1:56 PM

FOIL <FOIL@nycourts.gov>
To: Francine <wanderlustwarrior1577@gmail.com>, FOIL <FOIL@nycourts.gov>

The Office of Court Administration acknowledges receipt of your FOIL request dated 8/6/2025, seeking:

A copy of the administrative order, designation, or cross-assignment letter that authorized Peter Allen Weinmann (appointed to the New York State Court of Claims) to act as a Justice of the Supreme Court in Erie County or any other jurisdiction.

Specifically, I am requesting:

- The effective date and duration of his cross-assignment;
- The judicial districts or counties covered by the assignment;
- The authority under which the assignment was made (e.g., Chief Administrative Judge or Deputy Chief Administrative Judge);
- Any accompanying memoranda, notices, or internal directives related to Judge Weinmann's assignment to Supreme Court cases.

Attached please find records responsive to your request. With regards to your request for "Any accompanying memoranda, notices, or internal directives related to Judge Weinmann's assignment to Supreme Court cases", such requested records, if any, are records of the Judiciary, which are not subject to FOIL (See Public Officers Law § 86(1)).

No records responsive to your request are withheld or redacted pursuant to any provision of FOIL, and your request is now considered closed.

Pursuant to Public Officers Law § 89(4)(a), you have thirty (30) days to take a written appeal of this determination.  You may appeal by writing:

Michael Siudzinski, Assistant Deputy Counsel

FOIL Appeals Officer

25 Beaver Street, 10th Floor

New York, NY 10004

Or, you may submit such appeal by email to: FOILappeal@nycourts.gov

[Quoted text hidden]

**2 attachments**

B-1

**2024-0182.pdf**
199K

**Weinmann_11-01-2024_07-31-2032.pdf**
263K

B-2

ADMINISTRATIVE ORDER OF THE
CHIEF ADMINISTRATIVE JUDGE OF THE COURTS

Pursuant to the authority vested in me and in consultation and agreement with Hon. Elizabeth A. Garry, Presiding Justice of the Appellate Division: Third Department, and the Hon. Gerald J. Whalen, Presiding Justice of the Appellate Division: Fourth Department, on behalf of their respective courts, I hereby confirm the designation of the following Judges of the Court of Claims as Acting Justices of the Supreme Court and their assignment to the courts specified below, effective upon the named individual swearing the oath of office:

**8th Judicial District**

Hon. Peter Weinmann, Supreme Court, Erie County

**6th Judicial District**

Hon. Elizabeth Burns, Supreme Court, Cortland County

**4th Judicial District**

Hon. Amy Quinn, Supreme Court, Clinton, Washington and Warren Counties

Each of these assignments shall be in addition to the designee's other assignments and duties, shall be subject to further order, and shall otherwise remain in effect until and including December 31, 2024

_____
Chief Administrative Judge of the Courts

Dated: June 13, 2024

AO/182/2024

B-3



**NEW YORK STATE**
Unified Court System

REC'D NOV 2 5 2024

TO THE JUDGE OR JUSTICE - PURSUANT TO §10, PUBLIC OFFICERS LAW, THIS FORM SHOULD BE USED TO FILE A COPY OF YOUR OATH OF OFFICE WITH THE OFFICE OF COURT ADMINISTRATION. COMPLETE AND MAIL TO:

New York State Unified Court System
Office of Court Administration
25 Beaver Street, 11th Floor
New York, New York 10004

STATE OF NEW YORK

COUNTY OF _Erie_____ ss:

I _____ Peter Allen Weinmann _____

(PRINT OR TYPE YOUR NAME)

Do solemnly swear (or affirm) that I will support the constitution of the United States and the constitution of the State of New York, and that I will faithfully discharge the duties of the office of

_____ Judge of the Court of Claims _____

(TITLE OF JUDGE/JUSTICE'S POSITION)                    **FILED**

of _____ the State of New York _____  **STATE RECORDS**

(JURISDICTION, i.e. VILLAGE. TOWN. COUNTY etc.)

according to the best of my ability.                                    NOV 2 1 2024

SIGNATURE OF JUDGE/JUSTICE              **DEPARTMENT OF STATE**

Term Begins _11/1/24_____    Term Ends _7/31/32_____

☐ I have replaced another Judge/Justice                ☐ I am filling a newly created position

_Grisanti_____

(NAME OF JUDGE/JUSTICE YOU ARE REPLACING)

Subscribed and sworn to before me this _15th_ day of _November 2024_____

_____

(AUTHORIZED SIGNATURE)

SARA M. JACKSON
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01JA6356197
Qualified in Erie County
Commission Expires March 27, 2025

*Pursuant to § 10, Public Officers Law (Rev/June 2021)*

B-4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____
VerHagen vs. Weinmann, Siragusa,Slisz, et.al

# EXHIBIT C – JUNE 2022 ORDER

# of pgs (not including cover sheet)_____

FILED: ERIE COUNTY CLERK 08/31/2022 10:58 PM

NYSCEF DOC. NO. 592

INDEX NO. 800049/2022

RECEIVED NYSCEF: 08/30/2022

At a Special Term of the Supreme Court,
County of Erie, State of New York, on the
9th day of June, 2022, located at 25
Delaware Avenue, Part 25, Buffalo, New
York 14202, *via Microsoft Teams.*

STATE OF NEW YORK
COUNTY OF ERIE : SUPREME COURT

PRESENT: HON MARY. SLISZ, J.S.C.

---

JASON HILL

     Plaintiff,

vs.

FRANCINE VERHAGEN

    Defendant.

---

INDEX #2022-800049

TEMPORARY ORDER

Upon the filing of an Order to Show Cause by the Defendant, JASON HILL, which was signed on the 2nd day of June, 2022 by the Honorable Mary L. Slisz, and upon the filing of a Notice of Cross-Motion by the Defendant, FRANCINE VERHAGEN, dated June 7, 2022, and upon the appearance of MICHELE G. BERGEVIN, ESQ. on behalf of the Plaintiff, JASON HILL, and DANIEL J. SCHULLER, ESQ., on behalf of the Defendant, FRANCINE VERHAGEN, and CAROL A. FLAHERTY, ESQ., attorney for the children, and the matter having come before this court, and due deliberation being had thereon, and upon all prior papers, pleadings and appearances in this matter, it is hereby:

**ORDERED**, that, pending further of the Court, the Defendant, FRANCINE VERHAGEN, shall continue to have exclusive use, possession and occupancy of the real property located at 81 Pearl Terrace, Elma, New York 14059, and the Plaintiff, JASON HILL, shall not enter onto the premises; and it is further

**ORDERED**, that, effective June 11, 2022 and until further order of this Court, the Defendant, FRANCINE VERHAGEN, shall have access with the children (BIANCA HILL AND MAEVE HILL), as follows, to be supervised by either of the Defendant's parents, GERALD VERHAGEN or ROSE VERHAGEN, or by another supervisor approved by all parties and attorneys:

1. Until such time that BIANCA completes school, the Defendant's access with MAEVE and BIANCA shall commence on Tuesday's and Thursday's at 3:30p.m. and continue until 7:30p.m.; and

C-1

INDEX NO. 800049/2022
RECEIVED NYSCEF: 08/30/2022

FILED: ERIE COUNTY CLERK 08/31/2022 10:58 AM

NYSCEF DOC. NO. 392

2. When BIANCA'S school year is complete, the Defendant's access with MAEVE and BIANCA shall commence on Tuesday's and Thursday's at 2:00p.m. and continue until 6:00p.m.; and

3. Each and every Saturday from 10:00a.m. to 2:00p.m., except that on June 18, 2022, the Defendant, FRANCINE VERHAGEN, shall have access with the children for a period of four (4) hours following the completion of BIANCA'S dance recital.

; and it is further

**ORDERED**, that the Defendant, FRANCINE VERHAGEN, shall not operate a motor vehicle in which the children are passengers; and it is further

**ORDERED**, that, unless otherwise agreed and arranged by the Parties, the Plaintiff, JASON HILL, shall be responsible for transporting the children to the Defendant's residence (or another agreed upon location) at the commencement of her access periods, and the Defendant, FRANCINE VERHAGEN, shall make arrangements for the children to be transported to the Plaintiff's residence (or another agreed upon location) at the conclusion of the Defendant's access periods, with all exchanges of the children to be curbside; and it is further

**ORDERED**, that the Defendant, FRANCINE VERHAGEN, shall not consume medical marijuana eight (8) hours before, or during, her access periods with the children; and it is further

**ORDERED**, that the Defendant, FRANCINE VERHAGEN, shall remain compliant with all medications, counseling and treatment recommendations;

**ORDERED**, that both parents are permitted to attend extracurricular activities in which the children are participating, and the Plaintiff shall specifically provide Defendant with an upcoming schedule of the children's extracurricular activities. The parent enjoying access with the children shall be responsible to transport the children to extracurricular activities; and it is further

**ORDERED**, that communication between the Plaintiff and Defendant shall continue to take place through the program, Our Family Wizard; and it is further

**ORDERED**, that neither party shall disparage the other parent or his/her family while in the presence of the children, nor permit a third party to disparage the other parent or his/her family, while in the presence of the children; and it is further

**ORDERED**, pending entry of an Order of this Court confirming the Defendant's withdrawal of her family offense petition filed against the Plaintiff and vacating of the Order of Protection in favor of the Defendant against the Plaintiff, the Defendant, FRANCINE VERHAGEN, shall be permitted to enjoy reasonable daily FaceTime, telephonic or other electronic access with the children (on days she does not have scheduled access), to be agreed and arranged by the Parties through the program, Our Family Wizard; and it is further

2

C - 2

FILED: ERIE COUNTY CLERK 08/31/2022 10:58 AM

NYSCEF DOC. NO. 392

INDEX NO. 800049/2022

RECEIVED NYSCEF: 08/30/2022

**ORDERED**, that all remaining requests for relief sought in the Plaintiff's Order to Show Cause and the Defendant's Notice of Cross-Motion shall be heard and considered at the next court appearance scheduled on June 23, 2022 at 3:00p.m., virtually *via Microsoft Teams.*

Dated: June  10  , 2022

HON. MARY L. SLISZ, J.S.C.

3

C-3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____
VerHagen vs. Weinmann, Siragusa,Slisz, et.al

# EXHIBIT D — PSYCHIATRIC EVALUATIONS

\# of pgs (not including cover sheet) ___28___

AFFIRM. OF REDACTION
EVALUATION 8/2025
EVALUATION 5/2025
EVALUATION (1 Page) 10/2024
LETTERS FROM 2 MENTAL HEALTH
PROFESSIO

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF ALBANY

In the Matter of the Application of                    Index# 906652-25

FRANCINE VERHAGEN,

Petitioner,

For a Judgment Pursuant to Article 78 of the Civil Practice Law and Rules,

-against-

HON. PETER A. WEINMANN, JAMES GRANVILLE, CASSANDRA CALLANAN,

Respondents.

## AFFIRMATION OF REDACTION

STATE OF NEW YORK )

) ss.:
COUNTY OF ERIE )

I, Francine C. VerHagen, am the Petitioner in the above-captioned matter, appearing pro se.
I affirm under penalty of perjury pursuant to CPLR § 2106 as follows:

1. The attached exhibit has been redacted solely to protect personal health information and the identity of collateral sources that are not necessary for adjudication of this matter.

2. The redactions do not alter the substance or meaning of the document, and all material information relevant to this proceeding has been preserved.

3. A complete, unredacted copy of the document is available for in camera review upon request of the Court.

D-1

Dated:August 21, 2025

Respectfully submitted,

*[signature]* Pro Se

**Francine C. VerHagen, Pro Se**

PO Box 231, Buffalo, NY 14207

Email: fverhagen1618@gmail.com

Phone: 716-949-8789


STATE OF New York)

) ss.:

COUNTY OF _ERIE___ )


I affirm this 21st day of August 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law"
(CPLR 2106).

*[signature]*

**Francine C. VerHagen, Pro Se**

D -2

 Gmail

**Francine VerHagen**

## Health Record from FollowMyHealth®

1 message

Wed, Aug 20, 2025 at 8:43 PM

**FollowMyHealth** <noreply@followmyhealth.com>
To: ████████████████

Name:        Francine VerHagen
Date of Birth: ████████
Birth Sex:   Female

## Documents

8/19/2025 - Mental Health Assessment

ERIE COUNTY MEDICAL CENTER CORPORATION

MH-Mental Health Assessment

462 Grider St.,Buffalo, NY 14215

(716) 898-3000

Patient's Name VERHAGEN,FRANCINE MR#████████ ccount ████████

Report# 0819-0026 Age/Sex: 41/F

Date of Birth:████████ Admission Date/Time:

Attending Physician: Admitting Service:

Dictating Provider: FORREST,JUSTINE M MDDictating Date/Time: 08/19/25 0045

Primary Provider: UNKNOWN PRIMARY CARE PROVIDER

CPEP SW/RN Intake

SW Audit C/Contact/Summary



Your Audit-C Score: 1

RN Triage Arrival

Time Triage Started: 2318

D-3

Legal Status on Arrival: 9.45

What is Preferred Language: English

Interpreter Required: No

Preferred Name: Francine

Personal Pronoun: She/Her

Hearing or Visual Impairment: No

RN Triage Safety/Weapons Check

Safety Check/Wanding completed: Yes

RN Triage Mental Status

Appearance - Dress: Appropriate

Appearance - Grooming/Hygiene: Well Groomed

Behavior - Eye Contact: Good

Behavior - Psychomotor Activit: Normal

Speech: Rapid

Mood: Anxious

Affect: Normal/Appropriate

Thought Process: Goal-Directed

Thought Content: Appropriate

Orientation: Person, Place, Time

RN Triage C-SSRS

1 - Wish to be dead?: No

2 - Suicidal thoughts?: No

6 - Acted on suicidal thoughts: No



RN Triage CPEP Priority/Note

Response to Pt Booklet offered: Accepted by patient

CPEP Triage Note:

Francine presents to CPEP on 9.45 papers. She stated, " I don't understand why I

am here. I got pulled over for break lights and then they got aggressive with

D-4

me." She reports crisis services showing up a few times this week to see her.

Speech is hyperverbal at times. She is cooperative in triage. She denies

SI/HI/AH/VH.

Client oriented to CPEP: Yes

RN Initl Medical Conditions

Current medical conditions: None Reported

RN Skin Assessment

Sensory Perception - Skin Risk: No Impairment

Moisture -Skin Risk Assessment: Rarely Moist

Activity - Skin Risk Assessmen: Walks Occasionally

Mobility - Skin Risk Assessmen: No Limitations

Nutrition - Skin Risk Assessme: Adequate

Friction Shear - Skin Risk A: No Apparent Problem

Total Score - Skin Risk Assess: 21

Risk Level: 19-23: No Risk

RN Covid 19 Screen

Confirmed COV19 infection ever: No

Exposure COVID+ last 10 days: No

Received COVID-19 vaccine: Yes

RN Last Violence Risk

Violence Risk Factors: Calm and In Control

Visual Analogue Scale: 2

Violence Score: 2

Violence Risk: Very low risk

RN Last Fall/Safety Colors

Bracelets Applied: Patient Name Wristband

RN Restraint/Seclusion

Health teaching done: Yes

Pt prefer restraint/seclusion: Seclusion

Physician Comments

I have reviewed the above RN/Social Worker documentation, and discussed it with

the writers. Please see below assessment for details of MD comments.

History of Present Illness

General

Date of Service: Aug 19, 2025

D-5

Triage Asx/CC

BROUGHT IN BY CRISIS SERVICES, BELIEVES PEOPLE ARE AFTER HER. SPEECH IS

PRESSURED, PERSEVERATING ON THINGS.

DENIES SI/HI

Primary Care Physician

Provider,Unknown Primary Care

History Source: patient, family (frien█████████) old reords (Crisis

Service Note, medical ED)

History of Present Illness

Initial Comments

Francine is a 41 year old female with self-reported history of ADHD and anxiety

presenting on 9.45 paperwork stating "pressured speech, delusional, paranoia,

poor insight, aggressive." On evaluation she reports that she had dropped off

her children at their father's house and observed that there were cop cars

there. She shares that she was then pulled over by the police and crisis

services was also there. She denies suicidal ideation, intent, and plan. She

denies that she has ever done anything to harm herself in the past. She denies

homicidal thoughts. She has a therapist with BestSelf and takes█████████ n

the morning for ADHD. She will be seen as soon as possible for further

psychiatric evaluation.

Allergies:

Coded Allergies:

No Known Allergies (Unverified , 8/18/25)

Current Prescriptions

Visit Narrative

Francine is a 41 year old female with self-reported history of ADHD and anxiety

presenting on 9.45 paperwork stating "pressured speech, delusional, paranoia,

poor insight, aggressive." On evaluation she states that she had dropped off her

kids at their father's house and noticed that there were police cars waiting.

She states that she was then pulled over for broken tail lights and that Crisis

Services were also with police. She is the mother of two children ages 7 and 9

and shares that she has been separated from her husband for the last 4 years and

undergoing divorce proceedings for the last 3 years. She shares that she was in

an abusive relationship with the father of her children. She sites that about

two weeks ago her children had reported that their father was threatening to

D-6

remove their beds and pillows, so she sought assistance. She shares that she had had orders of protection against him in the past. She has had lawyers in the past, however has been acting as her own lawyer and advocate more recently in the divorce proceedings. She shares that her ex-husband was awarded custody of their children after she was psychiatrically hospitalized in 2022 in Warsaw stating "I had just learned about my husband's mistress and their secret child." She shares that she has been working towards obtaining custody back and has been following the legal proceedings to do so. She denies history of persistent low mood, and depression. She denies neurovegetative symptoms of depression. She is not manic, nor psychotic. She adamantly denies suicidal ideation, intent, and plan. She denies any history of suicide attempts and denies any history of self injures behavior. She denies thoughts about harming others. She strongly advocates for her discharge. She denies what was reported on the Crisis Services note below.

She is linked with ████████ and has had the same therapist for the past 1.5 years and has an appointment Wednesday morning. She is prescribed ████████ mg daily. She lives above her mother and father. She shares that she worked for at HSBC for about 10 years as a principal (reports she passed series 9,10, and 24). She stopped working at that job about 3 years ago and has been working in various places since then. She denies substance use with the exception of recreational cannabis use. She denies that she used any cannabis prior to her presentation in CPEP.

Collateral:

Her friend, █████████████ resented with her. I spoke with ██████ and her boyfriend in person ██████ shares that she has know Francine for the last 10-12 years and refers to her as her "sister." She shares that Francine has a good handle on her mental health and has been attending therapy regularity. She shares that Francine had posted a video earlier today showing what happened after she was pulled over and that so she found out about what happened. She reports that Francine has history of ADHD and anxiety. She states that Francine has been having difficulties with her soon to be ex-husband for years now. She shares that he is called mental health professionals on her before. She adamantly denies concern for Francine's safety. She denies concerns for lethality. She strongly advocates for her discharge and return home. She reports that Francine has no access to firearms.

D - 7

Crisis Service Note from earlier yesterday states reason for evaluation: "Police report that F sent some emails to Albany task force claiming a massive child exploitation conspiracy against her. F reports that she thinks her children are being recorded and trafficked. Police spoke with F two separate days and F was ranting in a manic fashion with paranoid delusions becoming irate with the team. F appears to be very paranoid. Ex-husband reports that F sttd she was hearing things that werent there since 2022. F spend a week in Warsaw hospital where she was dx with Bipolar. Caller is unsure of F bx lately because he hasnt been with her. F has had issue with her children- thinks thing are going on that arent happening. Children are safe as ex husband has full custody. F gets visits MWF."

Past History

Past Med/Surg/Psy History

Inpatient Psychiatric History?: Yes (2022 Warsaw)

Outpatient Psychiatric History: Yes (Linked and attending therapy at BestSelf)

Psych History: anxiety disorder, attention deficit disorder

Past Med/Surg History: reviewed/found not pertinent

Handedness: right

Family Social History

Biological Fam Psych History: reviewed/found not pertinent

Marital Status: Separated

Substance: DENIES: Alcohol, Amphetamines, Benzodiazepines, Cocaine, Heroin, Marijuana, Nicotine, Opiates, OTC Medications, Prescription Medications

Review of System/PSY

Review of Systems

Reviewed RN ROS: Yes

Physical Examination

Results

Vital Signs

Vital Signs

Date Time Temp Pulse Resp B/P (MAP) Pulse Ox O2 Delivery O2 Flow Rate FiO2

8/18/25 23:18 36.7 98 18 157/89 97

Laboratory Results

Laboratory Tests

D - 8

Mental Status Exam

Mental Status Exam

Appearance: well groomed, fair eye contact, fair hygiene, other (hair pulled back with hot pink ends)

Attitude: cooperative

Behavior: appropriate, in control

Speech: coherent, spontaneous, hyper-verbal

Mood: anxious

Affect: appropriate/congruent

Thought Process: organized, goal directed, reality based

Thought Content: DENIES: suicidal ideation, homicidal ideations

Perceptual Abnormalities: NO: auditory hallucinations, visual hallucinations

Cognitive Functioning

Intellectual Functioning: average

Insight: fair

Judgement: fair

Risk Assessment

Screening of Suicide Risk

Wish for death/sleep/not wake: No, including last 6 months

Had thoughts of killing self: No, including last 6 months

Access to means: No

Done/started/prepared end life: No

Done something to harm self: No

Chronic/Acute Risk Factors

Risk Factors: 0 (non-factor) Mental Illness/active Sx

0 (non-factor) Extreme anger-current

0 (non-factor) Family Hx of Suicide

0 (non-factor) Depression/anhedonia

0 (non-factor) Feelings of guilt/shame

0 (non-factor) Feelings of hopelessness

0 (non-factor) Recent losses/bad news

0 (non-factor) Hx of trauma/maltreatment

0 (non-factor) Command halluc./30days

0 (non-factor) Lack of support/isolation

0 (non-factor) Substance Withdrawal

D - 9

0 (non-factor) History of Impulsivity

0 (non-factor) Alcohol/substance abuse

0 (non-factor) Local suicide epidemic

0 (non-factor) Physical illness/pain

0 (non-factor) Barriers to treatment

0 (non-factor) H/O aggressive tendencies

Protective Factors

Protective Factors: 0 (non-factor) Compliant with psy tx:

0 (non-factor) Compliant with psy meds:

0 (non-factor) Pos. therap. alliance:

0 (non-factor) Insight into problems:

0 (non-factor) Resilience to stressors:

0 (non-factor) Improved mood:

0 (non-factor) Improved coping skills:

0 (non-factor) Resolved feeling of loss:

0 (non-factor) Supportivefamily/friends:

0 (non-factor) Realistic future plans:

0 (non-factor) Cult. discourage suicide:

0 (non-factor) Rel. discourage suicide:

Overall Assessment of Risk

To self if discharged home: LOW

To self if admitted as inpt: LOW

Overall Risk Narrative: Francine was brought to CPEP on 9.45 paperwork. She has consistently

denied suicidal ideation, intent, and plan. She denies history of harming

herself. She denies access to firearms. She is not depressed, psychotic,

nor manic. She has good social support in her friends and family. She is

linked and attending outpatient mental health treatment. She is future

oriented and sites her children as a priority for her. She does not meet

criteria for acute psychiatric hospitalization and will be discharged

home.

Harm to Others/Aggressive Beh.

Risk of Harm to Others: 0 (non-factor) Antisoc/Borderline traits

0 (non-factor) Hx/mandated tx for D.V.

0 (non-factor) Hx/mandated tx for anger

D - 10

0 (non-factor) Subst abuse/withdrawal

0 (non-factor) Directed anger/hostility

0 (non-factor) Hx of Violence/6 mths

0 (non-factor) Impulsivity

0 (non-factor) Violent ideat./past 6 mth

0 (non-factor) Brain Injury (e.g.TBI)

Risk of aggression if DC home: LOW

Risk of aggression if admitted: LOW

Harm/Aggression Narrative: Francine has been in good behavioral control while in

CPEP. She has not

required PRN medication, nor seclusion/restraint. She denies thoughts of

harming others.

Diagnosis/Plan

Diagnosis

Primary Diagnoses: F43.22 Adj d/o w anxiety;

Rule out F43.11 PTSD acute, Rule out F43.12 PTSD chronic

Medical Diagnoses: see Problem list for medical dx

Plan

Recommended visit doc: Full Visit Documentation Needed

Details regarding conversation:

I spoke with a friend of hers in the waiting area, ████ She denies

lethality concerns and strongly advocates for discharge.

Treatment Plan: Psychiatric Evaluation, Lethality Assessment, Psychiatric

Education, Medication Education, Discussed Coping skills

Orders

Orders in last 72hrs

Procedure Category Date Status

Time

Pit Done (Ed) CONS 8/18/25 Transmitted

20:07

Iv - Saline Trap NUR.ER 8/18/25 Transmitted

20:07

Pulse Ox NUR.ER 8/18/25 Transmitted

20:07

Telemetry - Cardiac NUR.ER 8/18/25 Transmitted

D - 11

(NEGATIVE)

Urine Oxycodone Screen

NEGATIVE

(NEGATIVE)

Urine Methadone Screen

NEGATIVE

(NEGATIVE)

Urine Fentanyl Screen

NEGATIVE

(NEGATIVE)

Urine Barbiturates Screen

NEGATIVE

(NEGATIVE)

Urine Phencyclidine Screen

NEGATIVE

(NEGATIVE)

Urine Amphetamines Screen

POSITIVE

(NEGATIVE) H

Urine Benzodiazepines Screen

NEGATIVE

(NEGATIVE)

Urine Cocaine Metabolite

Screen

NEGATIVE

(NEGATIVE)

Urine Cannabinoids Screen

POSITIVE

(NEGATIVE) H

Bedside Urine HCG, Qualitative

Negative

(NEGATIVE)

Screening

Medically cleared: Yes

Medically treated by ED: Yes

D - 12

Instructions - ECMC

Attending Statement (Psych)

Attending Statement

Attending Statement: I have examined the patient

DRAGON DISCLAIMER: Dragon voice-recognition software may have been used to

prepare this typewritten note. Although each note is personally scanned for

syntactic or grammatical errors, unintended but conspicuous translational errors

can occur. Please contact ECMC if there are any questions about the contents of

this note.

FORREST,JUSTINE M MD Aug 19, 2025 00:45

Attn Physician:

<Electronically signed by JUSTINE M FORREST MD>, 08/19/25 0121

,

,

PC Physician: UNKNOWN PRIMARY CARE PROVIDER

Ref Physician:

Copies To:

These results may not yet have been reviewed by your healthcare provider. Any results should be discussed with your
healthcare provider to obtain the best clarity on how they pertain to your health and treatment.


DISCLAIMER: This information is supplied from the patient's medical record via a patient portal. The medical provider is
listed as the source. Items with a source of 'Patient-Entered' were added by the patient. This record may not be complete
or up to date, and should not be used for providing medical advice. For an official copy of the individual's medical record,
the patient (or custodian) must contact their medical provider.

Generated on 08/21/2025 12:43:03 AM by FollowMyHealth® (http://www.followmyhealth.com).

D - 13

FILED: ERIE COUNTY CLERK 05/19/2025 10:28 AM
NYSCEF DOC. NO. 544

INDEX NO. 800049/2022
RECEIVED NYSCEF: 05/19/2025

Case: 800049/2022 Hill vs VerHagen

# EXHIBIT E – TIMELINE OF TREATMENT & COURT-ORDERED EVALUATION OBSTRUCTION

## Ongoing Mental Health Treatment:

- **2020 – Present**: Engaged in continuous therapy with BestSelf Behavioral Health, with no gaps in treatment.
  - Initial Providers: Kimberly Rave (LMHC), Carol Winkler (NP)
  - Interim Support: Stephanie Kaizer
  - Current Providers: Venus Wiggins (MSW-CASAC), Emaan Saad
- **May 2022:** Brief inpatient stay at Warsaw Hospital due to acute shock/panic episode upon discovering alarming information related to spouse.
  - Dr. Varallo met with me for approx. 10 minutes.
  - No harm to self or others; no violent ideation; discharged after minimum stay.
- **October 2022 – March 2025:** Engaged Katherine Patti, LCSW as a secondary mental health provider to supplement primary therapy.

## Judicially Ordered Evaluation & Delays:

- **April 2024:** Judge Michael A. Siragusa ordered a psychiatric evaluation.
- **May 2024:** AFC Carol Flaherty provided names of psychologists, not psychiatrists.
  - Opposing counsel Michele Bergevin objected and demanded psychiatrists instead.
- **June 2024:** AFC provided psychiatrist office list. Defendant selected Transit Psychiatry, now operating as WNY MD Psychiatry.
- **September 2024:** Underwent psychiatric evaluation with Christien Olewniczak, NP.
  - Report fully corroborated consistent treatment history and stability affirmed by both BestSelf and K. Patti.
  - No risk of harm identified. Clear recommendation to restore parenting rights.
- **October 2024:** Report submitted to all counsel and court for review.

## Obstruction by Court Officers:

- **December 2024:** Despite receiving the report, the Court and attorneys claimed that not all collateral contacts had been reached.
  - AFC Flaherty agreed to allow LPN Olewniczak to attempt collateral contact completion.
  - Note: AFC had valid HIPAA releases since June 2022 and opposing counsel since September 2024. There was no legal basis for obstruction.

D - 14

FILED: ERIE COUNTY CLERK 05/19/2025 10:28 AM

NYSCEF DOC. NO. 544

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/19/2025

- **February 2025**: LPN Olewniczak reported unsuccessful attempts to contact all collateral parties—largely due to non-responsiveness from AFC Flaherty and opposing counsel.
  - Despite these barriers being caused by officers of the court, the Court retroactively disqualified her evaluation, citing that she is "not a psychiatrist."
- **March 2025**: After nearly a year of delay, AFC finally provided two psychiatrist names.
- **March 16, 2025:** Defendant immediately scheduled and completed new evaluation with Dr. Vincent Croglio, MD.
- **May 16, 2025:** Received completed evaluation from Dr. Croglio, again affirming Defendant's stability and parental fitness.

## Conclusion:

Despite complete compliance on the part of the Defendant, repeated and unnecessary delays—caused by vague objections, non-responsiveness to collateral outreach, and shifting procedural standards—have severely prejudiced the Defendant's relationship with her children. These delays occurred after proper authorizations had been on file and despite clinical consistency across all treating professionals.

*This timeline clearly reflects systemic obstruction, not only by individual court officers but by a judicial process that has failed to protect the rights of a compliant and stable parent.*

D-15

INDEX NO. 800049/2022
RECEIVED NYSCEF: 05/19/2025

FILED: ERIE COUNTY CLERK 05/19/2025 10:28 AM
NYSCEF DOC. NO. 543

Vincent Croglio, DO
WNY Psychiatry & Counseling Associates
50 Dyke Rd.
West Seneca, NY 14224
P: 716-635-5010 | F: 716-265-3801


Court-Ordered Psychiatric Evaluation: Francine VerHagen

Date of Evaluation: March 16, 2025

Location: 50 Dyke Rd., West Seneca, NY


**Documents reviewed:**

- Decision and order per Hon. Michael A. Siragusa, A.J.S.C. (Motion #22)
- Related court documents and motions between Francine VerHagen and Jason Hill
- Family offense petition
- Buffalo Police reports from 9/22/2022 and 4/5/2024
- Records from Wyoming County Community Hospital
- Medical records from Eman Saad, PMHNP at BestSelf Behavioral Health, spanning from September 2024 to present day
- Treatment records from Broadway Counseling and Shurmatz Counseling


I had the opportunity to meet with Ms. Francine VerHagen on March 16, 2025, at my office in West Seneca, New York. This evaluation was conducted pursuant to a court order stemming from a motion filed on April 10, 2024, which resulted in the suspension of all unsupervised access and communication between Ms. VerHagen and her minor children, Bianca Hill and Maeve Hill. Ms. VerHagen is currently self-represented in these proceedings and is seeking to regain her previous shared custody arrangement, which included unsupervised visitation.

D-16

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/19/2025

FILED: ERIE COUNTY CLERK 05/19/2025 10:28 AM

NYSCEF DOC. NO. 543

### History of Present Illness

During this evaluation, we reviewed the sequence of events beginning in May 2022. Ms. VerHagen described being in a state of separation from her former husband, Jason Hill, during that period. She recounted a highly conflictual relationship that ultimately led to the dissolution of their marriage. Ms. VerHagen reported developing significant distrust toward Mr. Hill, leading her to conduct her own inquiries into his personal history, which she described as emotionally distressing.

Ms. VerHagen acknowledged that in the months between March and May of 2022, her mental state began to deteriorate. She experienced a manic episode characterized by delusional thinking, during which she developed the belief that Mr. Hill was operating a methamphetamine laboratory in the basement of their home and that their children were victims of sex trafficking. These paranoia-driven fears prompted her to withhold the children from school and bring them to a local state park in an effort to protect them. Law enforcement was contacted by the school and located them at the park. Ms. VerHagen was subsequently hospitalized on May 25, 2022, at Wyoming County Community Hospital, where she remained until May 31, 2022. Upon discharge, she was diagnosed with Bipolar Disorder with psychotic features and prescribed a low dose of Risperidone, which she continued to take for approximately 3 to 4 months post-discharge. Her delusions and manic symptoms responded well to this medication and subsided.

Ms. VerHagen demonstrated insight into her past manic episode and delusional beliefs. She is able to reflect on the impaired perceptions she experienced during that time and acknowledge the impact on her behavior and decision-making.

She reported that by the spring or summer of 2023, she had regained unsupervised access to her children. During this period, she engaged in outpatient mental health treatment through BestSelf Behavioral Health, which included both therapy and medication management. At that time, she had discontinued Risperidone and was taking only Adderall, which had previously been prescribed for ADHD during her college years. Since her 2022 hospitalization, she denied any recurrence of manic, psychotic, or depressive symptoms.

Ms. VerHagen also described events in April 2024 that led to the filing of the motion by her ex-husband to restrict her access to the children. The conflict stemmed from a misunderstanding regarding visitation during a holiday weekend. She perceived Mr. Hill to have been withholding the children, causing Ms. VerHagen to become emotionally reactive. She posted publicly on Facebook, accusing Mr. Hill of kidnapping the children.

D - 17

INDEX NO. 800049/2022
RECEIVED NYSCEF: 05/19/2025

FILED: ERIE COUNTY CLERK 05/19/2025 10:28 AM
NYSCEF DOC. NO. 543

She subsequently attempted to pick them up out of concern they would feel abandoned. She now expresses regret over the social media post, recognizing that it contributed to the perception that she was experiencing another episode of impaired judgment or delusional thinking.

During this evaluation, Ms. VerHagen explicitly denied any ongoing belief that her ex-husband is involved in criminal activity or that her children are victims of trafficking. However, she continues to express generalized concerns regarding their well-being. She noted behaviors in the children—such as provocative singing or gestures—that she interprets as potentially inappropriate, and voiced discomfort with the children being left in the care of various babysitters while with their father. Despite this ongoing distrust, she denied any intent or plan to act on these concerns in the manner she had previously (i.e., removing the children or fleeing to a park for protection).

## Past Medical History

Ms. VerHagen denies any known drug allergies or significant ongoing medical conditions, with the exception of chronic jaw pain resulting from a prior injury. She was previously prescribed medical cannabis for pain management. At present, she reports using cannabis recreationally approximately 2 to 3 times per week to help alleviate discomfort associated with her chronic pain.

## Past Psychiatric History

Ms. VerHagen denied any history of clinically significant depressive episodes. While she acknowledged experiencing periods of sadness in response to life events, she reported no history of sustained depressive symptoms lasting two weeks or longer. She denied any past or current suicidal or homicidal ideation.

Her first psychiatric treatment occurred at the age of 18, during college, when she was diagnosed with Attention-Deficit/Hyperactivity Disorder (ADHD) and anxiety. She has since been treated with various stimulant medications, including methylphenidate (Ritalin) and amphetamine/dextroamphetamine (Adderall). For anxiety, she has previously been prescribed escitalopram (Lexapro), lorazepam (Ativan), and bupropion (Wellbutrin).

D - 18

FILED: ERIE COUNTY CLERK 05/19/2025 10:28 AM

NYSCEF DOC. NO. 543

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/19/2025

span and concentration are intact. Knowledge and vocabulary are consistent with education. Judgement is good. Insight is fair.

She denied current symptoms of depression, including low mood, anhedonia, diminished motivation, hopelessness, or feelings of worthlessness. She also denied symptoms of anxiety and reported no associated physical manifestations. Her sleep is reportedly adequate, without issues related to sleep onset or maintenance. She stated that her focus and attention have remained intact with the use of prescribed dextroamphetamine and amphetamine (Adderall).

Ms. VerHagen denied experiencing any perceptual disturbances, including auditory or visual hallucinations. She did not endorse any current delusional thoughts or paranoid ideation. She denied magical thinking, referential ideation, or other symptoms consistent with psychosis. Furthermore, she denied any manic symptoms such as pressured speech, flight of ideas, elevated mood, irritability, impulsivity, excessive goal-directed activity, or reckless behavior (e.g., overspending).

**Collateral Information:**

**1. Sarah Bell (Owner of Angel's Monitoring)**
**Date of Contact:** Phone call on 3/17/2025

Sarah Bell reported that she has had multiple visits with Ms. VerHagen and her children in a supervised setting. She described Ms. VerHagen as attentive, appropriate, and positively engaged with her children. According to Ms. Bell, the children appear to share a strong emotional bond with their mother. She expressed no concerns regarding Ms. VerHagen's mental well-being during these visits and stated that she has not observed any signs of paranoia, delusional thinking, or inappropriate behavior. Overall, Ms. Bell noted that the visits have been positive and that Ms. VerHagen appears to tend well to the needs of her children.

**2. Jason Hill (Ex-Husband)**
**Date of Contact:** Phone call on 3/19/2025

Mr. Hill provided historical context regarding Ms. VerHagen's manic and psychotic episode in 2022, during which he reports she experienced delusions and erratic behavior. He also referenced the incident in April 2024 that led to a legal motion being filed. Mr. Hill described past behavior by Ms. VerHagen that included paranoid beliefs about him kidnapping their

D-19

FILED: ERIE COUNTY CLERK 05/19/2025 10:28 AM

NYSCEF DOC. NO. 543

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/19/2025

children. While he has not interacted with her in person recently, he noted a consistent and outspoken presence on social media, where she has posted about the court proceedings and expressed feeling victimized by limited access to her children.

He further stated that Ms. VerHagen's previous delusional beliefs—specifically those involving concerns about the children being sex-trafficked—have intermittently resurfaced over the past year, including in a recent social media post. Despite these concerns, he expressed hope that with the right psychiatric treatment and medication, her condition could improve significantly, benefiting both her and those around her.

### 3. Carol Flaherty (Attorney for the Children)
**Date of Contact:** Phone call on 3/18/2025

Ms. Flaherty reported that throughout the legal proceedings, Ms. VerHagen has demonstrated a tendency to become overly fixated on her personal narrative of injustice, which at times undermines her own advocacy efforts. Despite these challenges, Ms. Flaherty noted that the children speak very positively about their mother and that a strong bond between them is evident.

Approximately one year ago, the children's school expressed concerns about Ms. VerHagen's behavior, though no specific incidents were detailed in this report. Ms. Flaherty observed that Ms. VerHagen appeared to be in a more stable and grounded state while taking risperidone (the antipsychotic medication that was prescribed during her psychiatric admission). She also reported that the children have expressed a desire to resume full access to their mother. However, Ms. Flaherty emphasized that Ms. VerHagen's public commentary—both in court and on social media—has at times hindered her progress, particularly when focused on themes of perceived injustice and mistreatment.

### 4. Katherine Patti, LCSW (Ms. VerHagen's former therapist)
**Date of Contact:** Phone call on 4/4/2025

Katherine Patti, LCSW, worked with Ms. VerHagen from October 2022 through March 2025. Sessions occurred approximately every one to two weeks during this time. Ms. Patti reported that treatment was terminated in March as there were no longer active therapeutic goals. Ms. VerHagen had been primarily using sessions to process thoughts and emotions related to custody issues, rather than engaging in structured clinical work.

Ms. Patti noted she had communicated with the children's attorney, Carol Flaherty, and was aware of the current status of the custody proceedings. She acknowledged that Ms.

D-20

FILED: ERIE COUNTY CLERK 05/19/2025 10:28 AM

NYSCEF DOC. NO. 543

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/19/2025

VerHagen's decision to represent herself in court had presented some challenges, but felt she was managing this decision with determination and persistence.

Ms. Patti denied observing any evidence of mania, delusions, psychosis, or other significant psychiatric symptoms during the course of treatment. She also denied any instances in which Ms. VerHagen expressed suicidal or homicidal ideation, or exhibited behavior suggesting a risk to herself or others. Ms. Patti described Ms. Verhagen as passionate about regaining unsupervised custody of her children and did not express any concerns regarding Ms. VerHagen's ability to manage such responsibility. Overall, her clinical observations did not raise any red flags concerning her mental health or parenting capacity during the time they worked together.

### 5. Eman Saad, PMHNP (BestSelf Behavioral Health)
**Date of Contact:** Phone call on 4/17/2025

I spoke with Eman Saad, PMHNP, who has been working with Ms. VerHagen for approximately the past six months. They meet regularly every 8–10 weeks for medication management. Throughout their encounters, Ms. Saad has not observed any signs of psychosis, paranoia, or delusional thinking in Ms. VerHagen. However, she has noted elevated mood symptoms that are consistent with mania, including rapid speech and excessive goal-directed behaviors.

Ms. Saad does not believe Ms. VerHagen is currently engaging in behaviors that place herself or others at risk. Nevertheless, she expressed clinical concern regarding Ms. VerHagen's mood elevation symptoms and believes she may benefit from a mood stabilizer or a low-dose antipsychotic to help regulate these mood symptoms. Although this has been discussed in session, Ms. VerHagen has shown resistance to initiating such treatment due to concerns about potential weight gain.

Additionally, Ms. Saad expressed some concern that Adderall may be contributing to overstimulation, potentially exacerbating Ms. VerHagen's manic symptoms.

### 5. Venus Wiggins, MSW (BestSelf Behavioral Health)
**Date of Contact:** Phone call on 4/29/2025

Venus Wiggins, MSW, has been providing outpatient therapy to Ms. VerHagen for approximately one year and three months. Sessions have been conducted on a biweekly basis. Throughout the course of treatment, Ms. VerHagen has been consistently punctual and reliable in attending her appointments.

D - 21

FILED: ERIE COUNTY CLERK 05/19/2025 10:28 AM

NYSCEF DOC. NO. 543

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/19/2025

At the time of this evaluation, there is no evidence of active psychosis. Ms. VerHagen does not exhibit delusional thought content, hallucinations, or significant mood elevation. Her thought process remained goal-directed, and her affect was congruent with the content discussed. She did not endorse suicidal or homicidal ideation.

Collateral sources further affirm that Ms. VerHagen is functioning independently, displays appropriate behavior with her children, and maintains a strong emotional bond with them. She articulates parenting values that emphasize safety, emotional connection, and structure. Collateral from Eman Saad, PMHNP, who currently provides medication management, offers general concerns for qualities of an elevated mood state. She finds that the use of mood stabilizer medication would be of benefit for Ms. VerHagen. Prior notes from her nurse practitioner in the fall of 2024 indicated concerns for possible paranoia regarding Ms. VerHagen's perceived injustices with the court system. She notes however that this is difficult to ascertain whether she is paranoid versus being abundantly passionate toward regaining unsupervised visitation with her children.

While Ms. VerHagen currently poses no imminent risk to herself or others, and does not exhibit symptoms of delusional beliefs, her long-term risk of recurrence remains elevated due to the history of documented manic episode in 2022. Given the clinical picture, Bipolar I Disorder with psychotic features remains the most likely diagnosis. Appropriate pharmacological treatment would mitigate the risk of future episodes. The introduction of a mood stabilizer would likely offer protection against recurrence. Appropriate options may include Lithium, oxcarbazepine (Trileptal), or carbamazepine (Tegretol), with Lithium being a particularly well-supported option for individuals with predominant manic episodes. Antipsychotic maintenance therapy would be another reasonable option to ensure mood stabilization and prevent the recurrence of psychosis. There are more weight-neutral options available, such as aripiprazole or lurasidone, as she struggled with metabolic side effects from risperidone which is a common occurrence with that medication.

Non-pharmacologic risk reduction strategies should include maintaining a regular sleep schedule, minimizing exposure to high-stress environments, and reducing or eliminating cannabis use, as it may exacerbate mood instability.

Regarding her diagnosis of ADHD, no formal neuropsychological evaluation was available to substantiate the diagnosis made at age 18. She is currently prescribed Adderall XR 20 mg and Adderall IR 10 mg, both of which she has reportedly tolerated over the past several years. However, stimulant medications warrant careful monitoring, as they may potentiate symptoms of paranoia, emotional lability, and mania in individuals with mood disorders. Ongoing evaluation of the necessity and tolerability of this medication is advised.

D-22

FILED: ERIE COUNTY CLERK 05/19/2025 10:28 AM

NYSCEF DOC. NO. 543

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/19/2025

Ms. VerHagen has engaged in outpatient psychotherapy with various counselors throughout her adult life. She denied any history of psychiatric hospitalization other than her inpatient admission in May 2022.

She is currently receiving outpatient mental health services through BestSelf Behavioral Health, where she sees Venus Wiggins, MSW for psychotherapy and Eman Saad, PMHNP, for medication management. She was previously under the care of Carol Winkler, PMHNP, at BestSelf and received counseling from Katherine Patti, LCSW at Shurmatz Counseling.

**Psychosocial History**

Ms. VerHagen was born and raised in Western New York in a two-parent household. She has one older brother. While she reported that her basic needs were consistently met during childhood, she described the emotional environment as somewhat lacking in support, noting that affection often felt conditional. Despite this, she currently maintains a generally positive relationship with her parents.

She denied any history of physical, emotional, or sexual abuse during her upbringing. Ms. VerHagen excelled academically, maintaining honors status throughout her education. She earned a Master of Business Administration (MBA) from Canisius College and spent the majority of her professional career working as a stock market supervisor at a bank. She is currently employed as a cook.

Ms. VerHagen is divorced and has two daughters. She currently resides in a split-level apartment, occupying the upstairs unit above her parents. She denies any past or current misuse of alcohol, illicit substances, or tobacco products.

**Mental Status Examination**

At the time of this assessment, Ms. VerHagen reported her mood as "good." Her affect is appropriate, full range. Her speech is mildly pressured with a fast rate. Her speech has normal volume and rhythm. Eye contact is good. Her behavior is cooperative. Psychomotor activity is within normal limits. Language processing is grossly intact. Thought processes demonstrate linear and goal-directed thinking. She is preoccupied with the pursuit of justice regarding her current legal situation and does tend to perseverate on this during exam. Associative thinking is intact. There is no expressed suicidal or homicidal ideation. She is alert and oriented to person, place, and time. Memory is grossly intact. Attention

D - 23

FILED: ERIE COUNTY CLERK 05/19/2025 10:28 AM

NYSCEF DOC. NO. 543

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/19/2025

Ms. Wiggins reports that during their therapeutic encounters, Ms. VerHagen has not exhibited any signs of delusions or psychotic symptoms. Additionally, no manic symptoms have been observed or reported over the course of their work together.

Ms. VerHagen is described as highly engaged with her children; she appears to be a loving, attentive, and dedicated parent. Ms. Wiggins consistently observes Ms. VerHagen's strong emotional investment in the well-being of her children.

Toxicology screenings completed during this treatment period have all returned negative results.

Ms. Wiggins states that she has had no concerns regarding Ms. VerHagen's personal safety, well-being, or any risk for lethality during the duration of their therapeutic relationship.

**Impression and Diagnostic Assessment:**
**Provisional Diagnosis:**

- **Bipolar I Disorder with Psychotic Features, Current Status: Remission (provisional)**

- **Rule out: Brief Psychotic Disorder**

- **ADHD, Combined Presentation (by history)**

Ms. VerHagen presents with a clear history of a manic episode with psychotic features in May 2022, fulfilling the criteria for a bipolar spectrum diagnosis. While she does not endorse a history of major depressive episodes—commonly associated with bipolar disorder—there are subtypes, such as unipolar mania, in which manic episodes predominate. Her clinical presentation does not meet the threshold for schizophrenia or schizoaffective disorder, as there is no evidence of psychotic symptoms occurring independently of mood disturbance.

Her elevated speech cadence, persistent preoccupations, and heightened emotional reactivity—as noted in both her self-report and collateral sources—are suggestive of an underlying mood instability, further supporting a diagnosis within the bipolar spectrum.

An alternative diagnostic consideration includes Brief Psychotic Disorder, particularly given the abrupt onset and rapid resolution of symptoms during her 2022 hospitalization. Individuals with this diagnosis often have a lower threshold for decompensation into psychosis, particularly in response to acute stressors, and may present with transient manic-like symptoms. Her rapid stabilization on a low dose of antipsychotic medication lends some support to this possibility.

D - 24

FILED: ERIE COUNTY CLERK 05/19/2025 10:28 AM

NYSCEF DOC. NO. 543

INDEX NO. 800049/2022

RECEIVED NYSCEF: 05/19/2025

In summary, Ms. VerHagen does not appear to be in active mania and is not exhibiting delusional or paranoid ideations. She appears to likely have an underlying bipolar mood chemistry, which leaves her at risk of experiencing another episode again in the future. This condition is treatable, and with appropriate psychiatric care, medication management, and lifestyle modifications, her long-term prognosis is favorable.

Respectfully submitted,

Vincent Croglio, DO

D-25

INDEX NO. 800049/2022
RECEIVED NYSCEF: 10/30/2024

FILED: ERIE COUNTY CLERK 10/30/2024 03:22 PM

NYSCEF DOC. NO. 468

9:32

↰ Document for Francine Verhagen-H

Francine Verhagen-Hill · Acct#37012 · 01/30/1984                                      1/1

### Continuity of Care Document (CCD)

| Patient | Francine Verhagen-Hill | Sex | Female |
| Date of birth | January 30, 1984 | Ethnicity | |
| Race | Declined to Specify Deutsch | | |
| Language | English | | |
| Contact info | Primary Home | Patient IDs | MRN 37012 37012 |
| | | | 37012 |

| Document Created: | September 19, 2024, 09:32:22 -0400 |
| Performer (care team member) | PCP Not Required |
| Author | MEDENT - Version 017 |
| Contact info | |

| Information recipient | Vittal Gupta MD |
| Document maintained by | WNY Medical, pc |
| Contact info | WNY Place |

### Table of Contents
- Results
- Procedures
- Plan of Treatment
- Materials

### Results

| | Description |
| No information Available | |

### Procedures

| Date | Code | Description | Status |
| 09/19/2024 | G0427 | | Completed |
| 09/19/2024 | G0417 | BMI >= 30.4 | Completed |
| 09/19/2024 | 90792 | Psychiatric Diagnostic W/ Medical Service | Completed |
| 09/19/2024 | 3074F | | Completed |
| 09/19/2024 | 3074F | | Completed |
| 09/19/2024 | 2000F | Body Mass Index (BMI) Documented (pd) | Completed |
| 09/19/2024 | 2000F | Weight Recorded | Completed |
| 09/19/2024 | 1159F | | Completed |

### Plan of Treatment

### Materials

| | Description |
| No information Available | |

AA  🔒 medentmobile.com  ↻

‹        ⬆        📖        ⧉

D-26

FILED: ERIE COUNTY CLERK 10/30/2024 03:22 PM
NYSCEF DOC. NO. 468

INDEX NO. 800049/2022
RECEIVED NYSCEF: 10/30/2024

Shurmatz Counseling LCSW PC

3435 Harlem Rd Ste 3

Cheektowaga, NY 14225

(716) 217-6112

October 4, 2024

To Whom It May Concern:


I am a licensed clinical social worker. Francine VerHagen (DOB 1/30/1984) is a client under my care. I began mental health treatment with her on 10/17/2022, and, to date, have had a total of 33 psychotherapy sessions with her. I have not seen or observed any behaviors from Ms. VerHagen that would lead me to believe she is a danger to herself or others.

I concur with the findings of Best Self that her diagnosis is Generalized Anxiety Disorder, and Attention Deficit Hyperactivity disorder with inattentive presentation. To date, I have seen no symptoms that would indicate to me that Ms. VerHagen is experiencing mania, delusionals, or bipolar disorder.


If you have any questions or concerns, please do not hesitate to contact me at katherine@shurmatzcounselingwny.com or (716) 217-6112 x 33.


Sincerely,


Katherine Patti, LCSW, MEd


D-27

FILED: ERIE COUNTY CLERK 10/30/2024 03:22 PM

NYSCEF DOC. NO. 468

INDEX NO. 800049/2022

RECEIVED NYSCEF: 10/30/2024



Date: 10/7/2024

Francine Verhagen, is currently enrolled at Best Self located at 254 Franklin St. Buffalo, NY 14202. Francine attends all counseling sessions and has made significant process. Francine actively participates in all aspects of treatment.

Francine is diagnosed with F.90.0; ADHD and F41.1-Generalized Anxiety Disorder

If you have any questions or concerns, please give us a call at 716-551-7894 X 1488.

Sincerely,

Venus M. Wiggins, MSW, Master- CASAC
Counselor | Franklin Counseling
254 Franklin St. 2nd FL | Buffalo, NY 14202
P: 716-551-7894 ext. 1355
F: 716-840-9593
vwiggins@bestselfwny.org

best self
BEHAVIORAL HEALTH

D-28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____
VerHagen vs. Weinmann, Siragusa,Slisz, et.al

# EXHIBIT E  — DOCKET    8000049/2022
                DOC    LIST

# of pgs (not including cover sheet)___10___



| NYSCEF | **Document List** | |
|---|---|---|
| Erie County Supreme Court | **Index #  800049/2022** | Created on:08/28/2025 07:44 AM |

Case Caption:  **Jason Hill v. Francine Verhagen**
Judge Name:   **Peter Allen Weinmann**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS WITH NOTICE | Processed | 01/03/2022 | Bergevin, M. |
| 2 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 01/13/2022 | Bergevin, M. |
| 3 | RETAINER AGREEMENT | Processed | 01/13/2022 | Bergevin, M. |
| 4 | NOTICE OF APPEARANCE (PRE RJI) | Processed | 01/21/2022 | Landwehr, E. |
| 5 | RETAINER AGREEMENT | Processed | 01/21/2022 | Landwehr, E. |
| 6 | COMPLAINT | Processed | 01/28/2022 | Bergevin, M. |
| 7 | ANSWER | Processed | 02/10/2022 | Landwehr, E. |
| 8 | STATEMENT OF NET WORTH | Processed | 02/10/2022 | Landwehr, E. |
| 9 | STATEMENT OF NET WORTH | Processed | 02/11/2022 | Bergevin, M. |
| 10 | EXHIBIT(S) - A<br>Jason 2021 W2 | Processed | 02/11/2022 | Bergevin, M. |
| 11 | EXHIBIT(S) - B<br>2020 joint tax return | Processed | 02/11/2022 | Bergevin, M. |
| 12 | EXHIBIT(S) - C<br>pay stubs | Processed | 02/11/2022 | Bergevin, M. |
| 13 | INFORMATIONAL STATEMENT | Processed | 02/11/2022 | Bergevin, M. |
| 14 | RJI -RE: REQUEST FOR PRELIMINARY<br>CONFERENCE | Processed | 02/15/2022 | Bergevin, M. |
| 15 | MATRIMONIAL ADDENDUM (840M) | Processed | 02/15/2022 | Bergevin, M. |
| 16 | PRELIMINARY CONFERENCE NOTICE | Processed | 02/16/2022 | Court User |
| 17 | ADJOURNMENT OF CONFERENCE -REQUEST | Processed | 02/18/2022 | Bergevin, M. |
| 18 | ANSWER<br>Answer to Counterclaim | Processed | 02/18/2022 | Bergevin, M. |
| 19 | PRE-TRIAL DOCUMENT(S) | Processed | 02/18/2022 | Bergevin, M. |
| 20 | | Deleted | | |
| 21 | ORDER - TRANSFER<br>Family Court Transfer Order | Processed | 03/11/2022 | Court User |
| 22 | ORDER - PROTECTION (TEMPORARY) | Processed | 03/11/2022 | Court User |
| 23 | ORDER - APPOINTING GUARDIAN AD LITEM<br>*Corrected* | Processed | 03/14/2022 | Court User |



E - 1



NYSCEF
Erie County Supreme Court

**Document List**
**Index #  800049/2022**

Created on:08/28/2025 07:44 AM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| | Order Appointing AFC | | | Landwehr, E. |
| 24 | ORDER (PROPOSED) | Processed | 04/12/2022 | |
| 25 | SUBSTITUTION OF ATTORNEY (POST RJI) *Corrected* | Processed | 04/14/2022 | Schuller, D. |
| 26 | ORDER - PRELIMINARY CONFERENCE | Processed | 04/14/2022 | Court User |
| 27 | ORDER - OTHER | Processed | 04/15/2022 | Court User |
| 28 | INFORMATIONAL STATEMENT Social Security Benefit Statement (Wife) | Processed | 05/02/2022 | Schuller, D. |
| 29 | RETAINER AGREEMENT | Processed | 05/02/2022 | Schuller, D. |
| 30 | ORDER - PROTECTION (TEMPORARY) | Processed | 05/26/2022 | Court User |
| 31 | ORDER TO SHOW CAUSE ( PROPOSED ) (Motion #1) | Processed | 06/01/2022 | Bergevin, M. |
| 32 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP (Motion #1) | Processed | 06/01/2022 | Bergevin, M. |
| 33 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP (Motion #1) | Processed | 06/01/2022 | Bergevin, M. |
| 34 | EXHIBIT(S) - A (Motion #1) Complaint | Processed | 06/01/2022 | Bergevin, M. |
| 35 | EXHIBIT(S) - B (Motion #1) Taxes/W2 | Processed | 06/01/2022 | Bergevin, M. |
| 36 | EXHIBIT(S) - C (Motion #1) photos | Processed | 06/01/2022 | Bergevin, M. |
| 37 | EXHIBIT(S) - D (Motion #1) Letter/Texts | Processed | 06/01/2022 | Bergevin, M. |
| 38 | EXHIBIT(S) - E (Motion #1) posts | Processed | 06/01/2022 | Bergevin, M. |
| 39 | EXHIBIT(S) - F (Motion #1) police report | Processed | 06/01/2022 | Bergevin, M. |
| 40 | EXHIBIT(S) - G (Motion #1) retainer | Processed | 06/01/2022 | Bergevin, M. |
| 41 | ORDER TO SHOW CAUSE (Motion #1) | Processed | 06/02/2022 | Court User |
| 42 | ORDER ( PROPOSED ) (Motion #1) | Processed | 06/02/2022 | Flaherty, C. |
| 43 | ORDER - INTERIM Temporary Order | Processed | 06/03/2022 | Court User |
| 44 | NOTICE OF CROSS-MOTION (Motion #2) | Processed | 06/07/2022 | Schuller, D. |
| 45 | AFFIDAVIT OF DEFENDANT (Motion #2) | Processed | 06/07/2022 | Schuller, D. |

E - Z



NYSCEF
Erie County Supreme Court

**Document List**
**Index #  800049/2022**

Created on:08/28/2025 07:44 AM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 46 | EXHIBIT(S) - A (Motion #2)<br>Paystub (Wife) | Processed | 06/07/2022 | Schuller, D. |
| 47 | EXHIBIT(S) - B (Motion #2)<br>Statement of Net Worth (Wife) | Processed | 06/07/2022 | Schuller, D. |
| 48 | EXHIBIT(S) - C (Motion #2)<br>Husband's 2021 W-2 | Processed | 06/07/2022 | Schuller, D. |
| 49 | EXHIBIT(S) - D (Motion #2)<br>Husband Social Security Earnings Benefit Statement | Processed | 06/07/2022 | Schuller, D. |
| 50 | EXHIBIT(S) - E (Motion #2)<br>Affidavit of Service (Summons with Notice) | Processed | 06/07/2022 | Schuller, D. |
| 51 | EXHIBIT(S) - F (Motion #2)<br>Family Offense Petition | Processed | 06/07/2022 | Schuller, D. |
| 52 | EXHIBIT(S) - G (Motion #2)<br>Order of Protection | Processed | 06/07/2022 | Schuller, D. |
| 53 | EXHIBIT(S) - H (Motion #2)<br>Preliminary Conference Order | Processed | 06/07/2022 | Schuller, D. |
| 54 | EXHIBIT(S) - I (Motion #2)<br>Temporary Order (dated June 3, 2022) | Processed | 06/07/2022 | Schuller, D. |
| 55 | EXHIBIT(S) - J (Motion #2)<br>Medical Records | Processed | 06/07/2022 | Schuller, D. |
| 56 | AFFIDAVIT (Motion #2) | Processed | 06/07/2022 | Schuller, D. |
| 57 | ORDER ( PROPOSED ) (Motion #2) | Processed | 06/10/2022 | Schuller, D. |
| 58 | ORDER ( PROPOSED ) | Processed | 06/10/2022 | Schuller, D. |
| 59 | ORDER - INTERIM<br>Temporary Order | Processed | 06/10/2022 | Court User |
| 60 | ORDER - OTHER | Processed | 06/10/2022 | Court User |
| 61 | ORDER TO SHOW CAUSE (PROPOSED) (AMENDED)<br>(Motion #1) | Processed | 06/10/2022 | Bergevin, M. |
| 62 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF<br>PROPOSED OSC/EXPARTE APP (Motion #1)<br>Amended Affidavit | Processed | 06/10/2022 | Bergevin, M. |
| 63 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF<br>PROPOSED OSC/EXPARTE APP (Motion #1)<br>Amended Affirmation | Processed | 06/10/2022 | Bergevin, M. |
| 64 | EXHIBIT(S) - H (Motion #1)<br>SNW | Processed | 06/10/2022 | Bergevin, M. |
| 65 | ORDER (PROPOSED) (AMENDED) | Processed | 06/14/2022 | Schuller, D. |
| 66 | ORDER - INTERIM<br>Amended Temporary Order | Processed | 06/15/2022 | Court User |
| 67 | AFFIDAVIT (Motion #2) | Processed | 06/16/2022 | Bergevin, M. |

E - 3



NYSCEF
Erie County Supreme Court

**Document List**
**Index #  800049/2022**

Created on:08/28/2025 07:44 AM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 68 | EXHIBIT(S) - A (Motion #2)<br>lease agreement | Processed | 06/16/2022 | Bergevin, M. |
| 69 | ORDER TO SHOW CAUSE (AMENDED) | Processed | 06/16/2022 | Court User |
| 70 | NOTICE OF MOTION (Motion #3) | Processed | 06/20/2022 | Schuller, D. |
| 71 | AFFIDAVIT (Motion #3) | Processed | 06/20/2022 | Schuller, D. |
| 72 | ORDER ( PROPOSED ) (Motion #3) | Processed | 06/21/2022 | Schuller, D. |
| 73 | ORDER - OTHER | Processed | 06/27/2022 | Court User |
| 74 | RETAINER AGREEMENT<br>Retainer Agreement | Processed | 07/05/2022 | Monte, E. |
| 75 | ORDER ( PROPOSED ) | Processed | 07/28/2022 | Bergevin, M. |
| 76 | LETTER / CORRESPONDENCE TO JUDGE | Processed | 07/28/2022 | Bergevin, M. |
| 77 | ORDER - INTERIM | Processed | 08/18/2022 | Court User |
| 78 | CONSENT TO CHANGE ATTORNEY (POST RJI) | Processed | 08/30/2022 | Setser, T. |
| 79 | ORDER ( PROPOSED ) | Processed | 09/08/2022 | Bergevin, M. |
| 80 | ORDER - INTERIM<br>Temporary Order | Processed | 09/09/2022 | Court User |
| 81 | ORDER (PROPOSED)<br>Order has been approved by all attorneys | Processed | 09/12/2022 | Flaherty, C. |
| 82 | ORDER - INTERIM<br>Temporary Order | Processed | 09/16/2022 | Court User |
| 83 | CONSENT TO CHANGE ATTORNEY (POST RJI)<br>*Corrected* | Processed | 10/12/2022 | Hites, W. |
| 84 | ORDER TO SHOW CAUSE ( PROPOSED ) (Motion #4) | Processed | 12/01/2022 | Hites, W. |
| 85 | AFFIDAVIT OF DEFENDANT (Motion #4) | Processed | 12/01/2022 | Hites, W. |
| 86 | EXHIBIT(S) - A (Motion #4)<br>Best Self Records | Returned For Correction | 12/01/2022 | Hites, W. |
| 87 | EXHIBIT(S) - B (Motion #4)<br>Letter from PCP | Returned For Correction | 12/01/2022 | Hites, W. |
| 88 | EXHIBIT(S) - C (Motion #4)<br>Job Description | Processed | 12/01/2022 | Hites, W. |
| 89 | ORDER TO SHOW CAUSE ( PROPOSED ) (Motion #5) | Processed | 12/06/2022 | Court User |



NYSCEF
Erie County Supreme Court

**Document List**
**Index #  800049/2022**

Created on:08/28/2025 07:44 AM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 267 | EXHIBIT(S) - E (Motion #016)<br>Order of Protection | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 268 | EXHIBIT(S) - F (Motion #016)<br>NYS Contested Divorce Timeline | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 269 | EXHIBIT(S) - G (Motion #016)<br>Order dtd 9/9/22 | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 270 | EXHIBIT(S) - H (Motion #016)<br>Motion to Adjust Temp Support | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 271 | EXHIBIT(S) - I (Motion #016)<br>Transcript 1/2023 | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 272 | EXHIBIT(S) - J (Motion #016)<br>order dtd 9.19.22 | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 273 | EXHIBIT(S) - K (Motion #016)<br>Transcript 5/23 | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 274 | EXHIBIT(S) - L (Motion #016)<br>OTSC Contempt | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 275 | EXHIBIT(S) - N (Motion #016)<br>Letters from medical professionals | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 276 | EXHIBIT(S) - O (Motion #016)<br>IWO 8/23 | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 277 | EXHIBIT(S) - P (Motion #016)<br>Transcript 9.23 | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 278 | EXHIBIT(S) - Q (Motion #016)<br>Correspondence from CS Collection Unit | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 279 | EXHIBIT(S) - R (Motion #016)<br>Transcript 11/2023 | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 280 | EXHIBIT(S) - S (Motion #016)<br>Court reporter correspondence | Processed | 01/31/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 281 | AFFIRMATION (Motion #14)<br>Attorney Affirmation in Opposition | Processed | 02/01/2024 | Bergevin, M. |
| 282 | ACKNOWLEDGEMENT OF SERVICE (Motion #016) | Processed | 02/01/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 283 | SUPPORTING PAPERS TO MOTION (Motion #016) | Processed | 02/01/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 284 | ORDER - TRANSFER<br>ORDER TRANSFER TO TRIAL JUDGE | Processed | 02/02/2024 | Court User |
| 285 | ORDER - AMENDED<br>AMENDED ORDER APPOINTING ATTORNEY FOR CHILDREN | Processed | 02/02/2024 | Court User |
| 286 | ORDER ( PROPOSED ) (Motion #13) | Processed | 02/12/2024 | Bergevin, M. |
| 287 | LETTER/CORRESPONDENCE - TO COURT (Motion #13)<br>approval of order | Processed | 02/12/2024 | Bergevin, M. |
| 288 | ORDER - MOTION - LONG FORM (Motion #12) | Processed | 02/14/2024 | Court User |
| 289 | ORDER - MOTION - LONG FORM (Motion #13) | Processed | 02/14/2024 | Court User |

E-5



NYSCEF
Erie County Supreme Court

**Document List**
**Index #  800049/2022**

Created on:08/28/2025 07:44 AM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 290 | ORDER - MOTION - LONG FORM (Motion #14) | Processed | 02/14/2024 | Court User |
| 291 | NOTICE OF ENTRY | Processed | 02/16/2024 | Bergevin, M. |
| 292 | STATEMENT OF NET WORTH<br>Statement of Net Worth with riders | Processed | 02/29/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 293 | EXHIBIT(S) - a<br>Feb 2024 Paystub | Processed | 02/29/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 294 | EXHIBIT(S) - b<br>2023 W2 | Processed | 02/29/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 295 | STATEMENT OF NET WORTH | Processed | 03/01/2024 | Bergevin, M. |
| 296 | EXHIBIT(S) - A<br>tax docs | Processed | 03/01/2024 | Bergevin, M. |
| 297 | EXHIBIT(S) - B<br>pay stubs | Processed | 03/01/2024 | Bergevin, M. |
| 298 | EXHIBIT(S) - C<br>mortgage statement | Processed | 03/01/2024 | Bergevin, M. |
| 299 | EXHIBIT(S) - D<br>year end | Processed | 03/01/2024 | Bergevin, M. |
| 300 | ORDER TO SHOW CAUSE ( PROPOSED ) (Motion #017) | Processed | 03/27/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 301 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP (Motion #017) | Processed | 03/27/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 302 | EXHIBIT(S) - A (Motion #017)<br>11.23 Transcript with bench order-no written order after 4 months? | Processed | 03/27/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 303 | EXHIBIT(S) - B (Motion #017)<br>OFW messages re Presidents Day | Processed | 03/27/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 304 | EXHIBIT(S) - C (Motion #017)<br>OFW messages re Winter Break | Processed | 03/27/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 305 | EXHIBIT(S) - E (Motion #017)<br>OTSC Interference 7.23 | Processed | 03/27/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 306 | EXHIBIT(S) - D (Motion #017)<br>Notice to the Court 6.23 | Processed | 03/27/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 307 | EXHIBIT(S) - F (Motion #017)<br>OFW Messages re Birthday | Processed | 03/27/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 308 | EXHIBIT(S) - G (Motion #017)<br>OFW Messages re MLK Day | Processed | 03/27/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 309 | EXHIBIT(S) - H (Motion #017)<br>5.23 Order | Processed | 03/27/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 310 | EXHIBIT(S) - I (Motion #017)<br>Emails to counsel re spring break | Processed | 03/27/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 311 | EXHIBIT(S) - J (Motion #017)<br>OFW Messages re crossing border | Processed | 03/27/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 312 | ORDER TO SHOW CAUSE (PROPOSED) (AMENDED) (Motion #12) | Processed | 04/02/2024 | Verhagen, F. (Pro Hac / Pro Se) |

E-6



| | | | | |
|---|---|---|---|---|
| **NYSCEF**<br>**Erie County Supreme Court** | **Document List**<br>**Index #  800049/2022** | | Created on:08/28/2025 07:44 AM | |
| **Doc#** | **Document Type/Information** | **Status** | **Date Received** | **Filed By** |
| | Corrected OTSC to reflect Siragusa as this has not been heard yet. Please schedule as it's exceeded | Processed | 04/05/2024 | Court User |
| 313 | ORDER TO SHOW CAUSE (Motion #017)<br>For Contempt | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 314 | EXPARTE ORDER  (PROPOSED) (Motion #018)<br>I have not spoken to the kids in over 36 hours | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 315 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP (Motion #018) | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 316 | EXHIBIT(S) - A (Motion #018)<br>11.23 Transcript (Bench Order) | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 317 | EXHIBIT(S) - B (Motion #018)<br>Signed OTSC 4.24 | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 318 | EXHIBIT(S) - C (Motion #018)<br>4.1 Communications | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 319 | EXHIBIT(S) - D (Motion #018)<br>4.5 Witholding messages | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 320 | EXHIBIT(S) - E (Motion #018)<br>BPD Report 4.5 | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 321 | EXHIBIT(S) - F (Motion #018)<br>OFW alerts in 1 hour | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 322 | EXHIBIT(S) - G (Motion #018)<br>Order May 2023 | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 323 | EXHIBIT(S) - H (Motion #018)<br>Notice to the Court 6.2023 | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 324 | EXHIBIT(S) - I (Motion #018)<br>OTSC July 2023 | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 325 | EXHIBIT(S) - J (Motion #018)<br>Attempts to contact Children | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 326 | EXHIBIT(S) - K (Motion #018)<br>OTSC 4.2024 | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 327 | EXHIBIT(S) - L (Motion #018)<br>Bergevin email demands | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 328 | EXHIBIT(S) - M (Motion #018)<br>Tripi Donations | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 329 | EXHIBIT(S) - N (Motion #018)<br>Motion to disqualify bergevin | Processed | 04/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 330 | EXHIBIT(S) - N (Motion #018)<br>BPD Report John Hill | Processed | 04/09/2024 | Court User |
| 331 | ORDER - OTHER<br>with attached transcript of the proceedings that occurred in open Court on November 13, 2023 | Processed | 04/10/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 332 | LETTER/CORRESPONDENCE - TO COURT<br>Notice re custodial interference timeline | Processed | 04/10/2024 | Bergevin, M. |
| 333 | ORDER TO SHOW CAUSE ( PROPOSED ) (Motion #019) | Processed | 04/10/2024 | Bergevin, M. |
| 334 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP (Motion #019) | Processed | 04/10/2024 | Bergevin, M. |

E-7



NYSCEF
Erie County Supreme Court

**Document List**
**Index #  800049/2022**

Created on:08/28/2025 07:44 AM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 335 | EXHIBIT(S) - A (Motion #019) Order | Processed | 04/10/2024 | Bergevin, M. |
| 336 | EXHIBIT(S) - B (Motion #019) Letter | Processed | 04/10/2024 | Bergevin, M. |
| 337 | EXHIBIT(S) - C (Motion #019) OFW | Processed | 04/10/2024 | Bergevin, M. |
| 338 | EXHIBIT(S) - D (Motion #019) YouTube | Processed | 04/10/2024 | Bergevin, M. |
| 339 | EXHIBIT(S) - E (Motion #019) post | Processed | 04/10/2024 | Bergevin, M. |
| 340 | EXHIBIT(S) - F (Motion #019) post | Processed | 04/10/2024 | Bergevin, M. |
| 341 | EXHIBIT(S) - G (Motion #019) tagging post | Processed | 04/10/2024 | Bergevin, M. |
| 342 | EXHIBIT(S) - H (Motion #019) FB live | Processed | 04/10/2024 | Bergevin, M. |
| 343 | EXHIBIT(S) - I (Motion #019) post | Processed | 04/10/2024 | Bergevin, M. |
| 344 | EXHIBIT(S) - J (Motion #019) post | Processed | 04/10/2024 | Bergevin, M. |
| 345 | EXHIBIT(S) - K (Motion #019) 2022 post | Processed | 04/10/2024 | Bergevin, M. |
| 346 | ORDER TO SHOW CAUSE (PROPOSED) (AMENDED) (Motion #019) return date left blank | Processed | 04/11/2024 | Bergevin, M. |
| 347 | ORDER TO SHOW CAUSE (PROPOSED) (AMENDED) (Motion #019) | Processed | 04/11/2024 | Bergevin, M. |
| 348 | AFFIDAVIT OR AFFIRMATION IN REPLY (Motion #019) | Processed | 04/11/2024 | Flaherty, C. |
| 349 | EXHIBIT(S) - A (Motion #019) Temporary Order | Processed | 04/11/2024 | Flaherty, C. |
| 350 | AFFIDAVIT OR AFFIRMATION IN REPLY TO ORDER TO SHOW CAUSE (Motion #019) | Processed | 04/11/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 351 | AFFIDAVIT OR AFFIRMATION IN REPLY TO ORDER TO SHOW CAUSE (Motion #019) | Processed | 04/11/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 352 | ORDER TO SHOW CAUSE (AMENDED) (Motion #019) | Processed | 04/11/2024 | Court User |
| 353 | ORDER TO SHOW CAUSE (Motion #12) | Processed | 04/12/2024 | Court User |
| 354 | ORDER TO SHOW CAUSE (Motion #018) | Processed | 04/12/2024 | Court User |
| 355 | ORDER TO SHOW CAUSE (Motion #019) Second Amended | Processed | 04/18/2024 | Court User |
| 356 | ORDER TO SHOW CAUSE ( PROPOSED ) (Motion #020) | Processed | 04/19/2024 | Bergevin, M. |

Page 16 of 37

E-8



| NYSCEF<br>Erie County Supreme Court | Document List<br>Index #  800049/2022 | Created on:08/28/2025 07:44 AM |
| --- | --- | --- |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
| --- | --- | --- | --- | --- |
| 357 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP (Motion #020) | Processed | 04/19/2024 | Bergevin, M. |
| 358 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP (Motion #020) | Processed | 04/19/2024 | Bergevin, M. |
| 359 | EXHIBIT(S) - A (Motion #020)<br>real estate docs | Processed | 04/19/2024 | Bergevin, M. |
| 360 | EXHIBIT(S) - B (Motion #020)<br>rate email | Processed | 04/19/2024 | Bergevin, M. |
| 361 | EXHIBIT(S) - C (Motion #020)<br>Tocha email | Processed | 04/19/2024 | Bergevin, M. |
| 362 | EXHIBIT(S) - D (Motion #020)<br>VerHagen email | Processed | 04/19/2024 | Bergevin, M. |
| 363 | EXHIBIT(S) - E (Motion #020)<br>Herriger email | Processed | 04/19/2024 | Bergevin, M. |
| 364 | EXHIBIT(S) - F (Motion #020)<br>UCC | Processed | 04/19/2024 | Bergevin, M. |
| 365 | EXHIBIT(S) - G (Motion #020)<br>photos | Processed | 04/19/2024 | Bergevin, M. |
| 366 | EXHIBIT(S) - H (Motion #020)<br>SNW for both | Processed | 04/19/2024 | Bergevin, M. |
| 367 | EXHIBIT(S) - I (Motion #020)<br>retainer | Processed | 04/19/2024 | Bergevin, M. |
| 368 | EXHIBIT(S) - J (Motion #020)<br>invoice | Processed | 04/19/2024 | Bergevin, M. |
| 369 | ORDER TO SHOW CAUSE (Motion #020) | Processed | 04/22/2024 | Court User |
| 370 | DEFENDANT'S STATEMENT OF PROPOSED DISPOSITION | Processed | 04/30/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 371 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO ORDER TO SHOW CAUSE (Motion #020)<br>Defendant Response to OTSC #20 | Processed | 05/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 372 | NOTICE OF MOTION (Motion #021)  *Corrected*<br>Motion to Dismiss Plaintiff's OTSC | Processed | 05/15/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 373 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION (Motion #021) | Processed | 05/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 374 | EXHIBIT(S) - A (Motion #021)<br>OTSC signed 4.9.24 | Processed | 05/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 375 | EXHIBIT(S) - B (Motion #021)<br>Protection Order 3.7.22 | Processed | 05/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 376 | EXHIBIT(S) - C (Motion #021)<br>Med. Prof. Letters | Processed | 05/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 377 | EXHIBIT(S) - D (Motion #021)<br>11.13.23 Transcript | Processed | 05/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |

E-9



| | NYSCEF | **Document List** | |
|---|---|---|---|
| | Erie County Supreme Court | **Index #   800049/2022** | Created on:08/28/2025 07:44 AM |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 378 | EXHIBIT(S) - E (Motion #021)<br>AFC Email to Plaintiff Deponent | Processed | 05/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 379 | EXHIBIT(S) - F (Motion #021)<br>BPD Report 4.5.24 | Processed | 05/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 380 | EXHIBIT(S) - G (Motion #021)<br>November Order Signed 4.9.24 | Processed | 05/08/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 381 | EXHIBIT(S) - A (Motion #020)<br>Annexed OTSC as references in Defendant affirmation | Processed | 05/09/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 382 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION (Motion #020)<br>Sepplemental Affirmation | Processed | 05/09/2024 | Bergevin, M. |
| 383 | EXHIBIT(S) - A (Motion #020)<br>draft order | Processed | 05/09/2024 | Bergevin, M. |
| 384 | EXHIBIT(S) - B (Motion #020)<br>draft order | Processed | 05/09/2024 | Bergevin, M. |
| 385 | LETTER / CORRESPONDENCE TO JUDGE<br>Objection to Plaintiff's Subpoena to Defendant's prior employer | Processed | 05/14/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 386 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION (Motion #020)<br>Response to document 382, Supplemental attorney affirmation | Processed | 05/15/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 387 | STATEMENT OF MATERIAL FACTS | Processed | 05/16/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 388 | EXHIBIT(S) - A<br>Supervision Info | Processed | 05/16/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 389 | EXHIBIT(S) - B<br>Last email from RE agent | Processed | 05/16/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 390 | EXHIBIT(S) - C<br>4.13 email to Bergevin re assets | Processed | 05/16/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 391 | EXHIBIT(S) - D<br>4.29 email to Bergevin re assets | Processed | 05/16/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 392 | EXHIBIT(S) - E<br>Letters from Bergevin | Processed | 05/16/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 393 | EXHIBIT(S) - F<br>Payments to Angel's Monitoring | Processed | 05/16/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 394 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION (Motion #018)<br>Motions 12, 15, 16,17,18 | Processed | 05/17/2024 | Bergevin, M. |
| 395 | AFFIDAVIT OR AFFIRMATION IN REPLY TO ORDER TO SHOW CAUSE (Motion #018)<br>Motions 12, 15, 16,17,18 | Processed | 05/21/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 396 | ORDER (PROPOSED) (Motion #018)<br>Proposed order | Processed | 05/21/2024 | Verhagen, F. (Pro Hac / Pro Se) |
| 397 | ORDER (PROPOSED) (Motion #15) | Processed | 05/21/2024 | Flaherty, C. |
| 398 | ORDER (PROPOSED) (Motion #019) | Processed | 05/21/2024 | Flaherty, C. |

E-10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____
VerHagen vs. Weinmann, Siragusa,Slisz, et.al

# EXHIBIT F - BALKIN GRIEVANCES

# of pgs (not including cover sheet) 15

ATTORNEY GRIEVENCE DENIAL
AFFIRM TO CLARIFY RECEIVED
   TO FILED MOTION
AFFIRM TO FILED MOTION TO STRIKE DEED
EMAIL GRIEVANCE

EIGHTH JUDICIAL DISTRICT
BUFFALO

CHIEF COUNSEL
CYDNEY A KELLY

CHAIRPERSON
PAMELA THIBODEAU

PRINCIPAL COUNSEL
MARGARET C CALLANAN
TIMOTHY J FLYNN
DENETRA D ROBERTS

INVESTIGATORS
CAROLYN M STACHURA
CRAIG E SEMPLE
CATHERINE R CARNEY

State of New York
## Attorney Grievance Committees

August 22, 2025

**CONFIDENTIAL**

Francine C. VerHagen
P.O. Box 231
Buffalo, NY 14207

**Re: Complaint against Patrick M. Balkin, Esq.**

Dear Ms. VerHagen:

Your complaint outlines a number of issues related to Mr. Balkin's representation of Jason Hill in connection with your bankruptcy proceedings as well as your ongoing matrimonial matter. Please be advised that in evaluating your complaint this office conducted a thorough review of the records available in your now-dismissed Ch. 13 Bankruptcy matter, the docket report in reference to your matrimonial proceedings, as well as the executed deed transfer in connection with the sale of your marital home in the Erie County Clerk's Office.

In an attempt to address the majority of your allegations in order, we first note that the documentation available confirms that Mr. Balkin was representing your husband as a creditor in your bankruptcy proceedings and did not "simultaneously act" as an unsecured creditor himself as alleged in your complaint. With regard to your allegation that Mr. Balkin violated an automatic stay, not only does Judge Weinmann's March 12, 2025, Order specifically advise that the sale does not violate the stay, we also note that the U.S. Bankruptcy Court dismissed your Ch. 13 Bankruptcy on March 5, 2025, well ahead of the April 2, 2025, date of closing on your marital home. Furthermore, although the matrimonial records are not fully available to this office, we can only presume the sale contract was subject of review prior to Judge Weinmann's March 12, 2025, Order. However, even if it was not specifically addressed, any of your objections to its execution or alleged deficiencies in the sale contract should have been properly presented before the Court at that time and not through the attorney grievance process. As to your allegation that Mr. Balkin has engaged in a conflict of interest in acting as counsel and escrow agent the real estate transaction at issue, we note that he is operating exactly as ordered by the Court in their March 12, 2025, Order. That you did not and do not agree to his acting in these dual capacities is irrelevant as the Court ordered him to assume those responsibilities. Furthermore, the March 12th Order also specifically instructs Mr. Balkin to hold the proceeds of the sale until further order of the Court. Any requests or disputes of the funds being held by Mr. Balkin are properly presented to the Court overseeing your matrimonial matter. With regard to your allegations concerning Mr.

F-1

Francine VerHagen
August 22, 2025
Page 2

Balkin filing false information and committing perjury upon the Courts, such matters must first be presented to the Court as they are the ultimate trier of fact. In the absence of any ruling by the Court against Mr. Balkin, this office would not review such matters. Similarly, your concerns with your interactions with opposing counsel as a pro se litigant are also more appropriately addressed by the Court in the first instance. Finally, mail fraud, or any other crimes alleged in your complaint, must be presented to your local police or district attorney for review and possible investigation as this office does not possess the authority to investigate allegations of criminal conduct.

Please be further advised that any objections to the decisions of either the Erie County Supreme Court or the U.S Bankruptcy Court may be addressed directly with their Court or through an appellate process. As we may not provide you with any legal advice or representation, we can only suggest that you consult with counsel to determine what, if any, remedies may be available to you.

Under the authority of the Chief Counsel for the Attorney Grievance Committee, Cydney A. Kelly *(See: 22 NYCRR §1020.5 and §1240.7 [(b][4])*, this grievance has been reviewed with staff counsel and, after a careful examination of the matter, it has been determined that this matter will be dismissed.

Please be advised of the confidentiality provisions of 90(10) of the Judiciary Law.

Very truly yours,

CRAIG E. SEMPLE
Investigator

BY:     S/ CYDNEY A. KELLY
Chief Counsel
Attorney Grievance Committee
Fourth Judicial Department

CES/cap
cc: Patrick M. Balkin, Esq. (Enclosure)

F-2

STATE OF NEW YORK
SUPREME COURT: ERIE COUNTY

---

JASON HILL,
    **Plaintiff,**

    v.

FRANCINE C. VERHAGEN,
    **Defendant.**

**AFFIRMATION IN SUPPORT
OF MOTION REGARDING
RECEIVERSHIP**

**Index No. 800049/2022**

---

STATE OF NEW YORK)
) ss :
COUNTY OF ERIE )

I, Francine C. VerHagen, the Defendant in the above-captioned action, affirm the following under penalty of perjury pursuant to CPLR §2106:

1. I am the Defendant in this matter and submit this affirmation in support of my motion for an accounting and document inspection related to the sale of the marital home at 81 Pearl Terrace, Elma, New York.

2. On March 12, 2025, this Court entered an order permitting Plaintiff Jason Hill to execute all sale documents for the property, and further directed that net proceeds be held in the IOLA account of Patrick M. Balkin, Esq. until further order of the Court and/or approval of the United States Bankruptcy Court.

3. Mr. Balkin filed a Notice of Appearance in this action as "additional counsel for Plaintiff." Mr. Balkin also represented Jason Hill in my Chapter 13 bankruptcy case as an unsecured creditor.(EXHIBIT A: NYSCEF Doc #524 )

4. At no point did I consent to Mr. Balkin to act in a neutral fiduciary capacity while simultaneously serving as Plaintiff's attorney in any proceeding.

5. I did submit an objection to the proposed receivership order. (EXHIBIT B: NYSCEF Doc # 528)

F-3

6. A valid Uniform Commercial Code (UCC) lien had been lawfully placed by me to protect my interest in the marital property. Said lien was removed during or in connection with the execution of the sale, without my knowledge, consent, or notice. (EXHIBIT C: NYSCEF Doc #364)

7. The removal of this lien without due process represents a deprivation of property rights and a possible misuse of the Court's receivership order.

8. The presence of a UCC lien is a secured legal interest. The unauthorized removal or interference with such lien, absent a court order specifically addressing it, constitutes a due process violation (see *Matter of Nowak v. Nowak*, 144 A.D.3d 1430 [4th Dept 2016]; *Barone v. Barone*, 130 A.D.3d 765 [2d Dept 2015]).

9. Furthermore, an attorney may not serve in dual conflicting roles that impair impartial fiduciary duties (*Matter of Hof*, 102 A.D.3d 730 [2d Dept 2013]; *People v. English*, 88 N.Y.2d 30 [1996]). Mr. Balkin's simultaneous service as Plaintiff's attorney and as a court-appointed receiver offends the principles of neutrality and undermines confidence in the integrity of the proceedings.

10. Despite being appointed as receiver, Mr. Balkin has not provided me with any documentation or communication regarding the sale. He has failed to appear at any hearings or conferences since his appointment and communicates solely through Plaintiff's other attorney, Michele Bergevin. At no point have I received a direct update or explanation from Mr. Balkin himself regarding the execution of the sale or status of the funds. This conduct is improper and inconsistent with the duties of a non-interested, court-appointed officer, and further supports the need for judicial clarification and oversight.

11. I respectfully request a detailed accounting of all sale proceeds, a full inspection of all related transactional documents, and a Court determination of whether Mr. Balkin is acting as Plaintiff's counsel, a neutral third-party receiver, or both—a situation that presents an obvious conflict of interest.

12. In light of Mr. Balkin's written refusal to appear at hearings and his disavowal of any obligation to serve in a neutral capacity, I submit this addendum to notify the Court that Mr. Balkin appears to lack the cognitive clarity or ethical commitment to fulfill his role as

F - 4

receiver. This is deeply concerning given his control over approximately $148,000 in marital assets. (EXHIBIT D: Emails from Balkin)

13. Moreover, the Court's continued failure to enforce compliance by its appointed neutral officers—including both Mr. Balkin and the former supervised visitation agency whose lack of professionalism and transparency directly harmed my parental relationship—demonstrates a broader pattern of administrative neglect. Such failures, as outlined in my Affirmation dated May 21, 2025, have led to the unlawful suspension of my access to my children and ongoing procedural delays without judicial determination. (EXHIBIT E: NYSCEF Doc #552)

14. Pursuant to CPLR Article 64 and applicable case law (see *Siegel, N.Y. Practice* §503), a court-appointed receiver cannot unilaterally abdicate responsibilities without formal discharge. Mr. Balkin's refusal to appear and the Court's inaction demand immediate clarification and oversight to protect the integrity of proceedings.

15. This motion is made in good faith and not for purposes of delay.

WHEREFORE, I respectfully request that the Court grant the relief requested in the accompanying Notice of Motion and take judicial notice of the consistent pattern of unmonitored third-party neglect contributing to financial and custodial harm in this case.

Dated: May 27, 2025
Buffalo, New York

Respectfully submitted,

Francine C. VerHagen, Pro Se
80 Delham Ave, Buffalo, NY 14216
Email: fverhagen1618@gmail.com
Phone: 716-949-8789

F-5

STATE OF New York)

) ss.:

COUNTY OF _ERIE___ )

I affirm this 27nd day of May 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law"
(CPLR 2106).

**Francine C. VerHagen, Pro Se**

F - 6

**STATE OF NEW YORK**

**SUPREME COURT: ERIE COUNTY**

---

**JASON HILL,**
     **Plaintiff,**

     v.

**FRANCINE C. VERHAGEN,**
     **Defendant.**

**AFFIRMATION IN SUPPORT
OF MOTION TO REVERSE
DEED**

**Index No. 800049/2022**

---

STATE OF NEW YORK)
) **ss**.:
COUNTY OF ERIE )

I, Francine C. VerHagen, the Defendant in the above-captioned matter, affirm under penalty of perjury pursuant to CPLR § 2106 as follows:

1. I am the Defendant in the above-captioned matter and submit this affirmation in support of my motion to vacate the deed recorded on April 3, 2025 concerning the marital residence at 81 Pearl Terrace, Elma, NY.

2. On October 31, 2023, I lawfully filed a UCC-1 Financing Statement with the Erie County Clerk to secure my legal and financial interest in the marital residence. (See Exhibit A).

3. On April 3, 2025, the deed to 81 Pearl Terrace was recorded without my consent and without the filing of any UCC-3 termination or court order authorizing the removal of my lien. (See Exhibit C).

4. An email from the Erie County Clerk, dated July 1, 2025, confirmed that no UCC-3 termination exists on record and that the deed was recorded with reference only to the March 12, 2025 receivership order.

5. The March 12, 2025 order did not contain language extinguishing my lien nor did it authorize the Plaintiff or receiver to remove it unilaterally.

F-7

6. Furthermore, an affidavit filed by Jason Hill on April 3, 2025 falsely states that there were "no open liens or encumbrances" against the property. (See Exhibit B). This is demonstrably untrue given my valid recorded UCC-1 lien. This false certification constitutes a material misrepresentation and may be punishable under Penal Law § 210.05 (Perjury in the Third Degree) and § 175.30 (Offering a False Instrument for Filing in the First Degree).

7. This misrepresentation enabled the transfer of title without satisfying my secured interest, a potential act of fraud upon the court and against public record integrity.

8. Deeds procured through false statements and recorded without extinguishing known liens are subject to vacatur. *In Matter of O'Brien, 2 A.D.3d 578 (2d Dept 2003)*, the court recognized the authority to vacate a deed where misrepresentations or procedural violations rendered the transfer defective.

9. I have no record of who the title company or closing attorney was in this transaction and request that the Court compel disclosure of those parties for potential liability.

10. An affidavit by Neil A. Pawlowski was filed in support of the deed transfer but makes no reference to my recorded lien or its legal effect. (See Exhibit D).

11. A dismissal order from the U.S. Bankruptcy Court, dated March 5, 2025, shows the case was dismissed without prejudice and allowed further proceedings or conversion. (See Exhibit E).

12. Mr. Balkin also failed to upload the transcript from the bankruptcy proceeding as ordered by the Court during the March 2025 hearing. This denied me access to essential facts surrounding the receivership order and sale authorization.

13. In addition, the appointed receiver, Patrick M. Balkin, failed to file a Receiver's Oath as required by CPLR § 6402, which mandates a sworn duty to faithfully discharge responsibilities. The law permits waiver of the oath only with consent of all parties, which I never gave. This defect further invalidates the legality of Mr. Balkin's actions, including his oversight of the deed transfer.

14. Mr. Balkin simultaneously served as Plaintiff's attorney in this Supreme Court action, the court-appointed receiver for the marital property, and Plaintiff's unsecured creditor in my federal bankruptcy proceeding. This triple role created a direct conflict of interest that violated fundamental fiduciary and procedural norms.

F - 8

15. . Upon review of the recorded deed and closing documents, it appears that Neil A. Pawlowski, Esq. submitted an affidavit in support of the transfer. Mr. Pawlowski is a real estate attorney in Buffalo, NY who, upon information and belief, was involved in the closing of the deed recorded on April 3, 2025. His affidavit fails to mention or account for my recorded UCC-1 Financing Statement filed October 31, 2023, raising significant concerns about whether the title search or closing documents properly acknowledged existing liens. (See Exhibit D).

16. As a licensed New York attorney practicing real estate law, Mr. Pawlowski was ethically obligated to review the complete title record and accurately advise any involved parties, lenders, or title insurers. His failure to note the UCC lien — which was a matter of public record and explicitly referenced the property at 81 Pearl Terrace — constitutes a material omission relevant to the validity and enforceability of the deed.

17. I respectfully request that this Court compel the production of the full closing file, including the title report, settlement statement, escrow instructions, and identity of all participating attorneys or title companies involved in the transaction, so the record may be clarified as to who authorized or overlooked the extinguishment of my secured interest without my consent.

18. I respectfully request that this Court vacate the deed, enforce the continuing validity of my lien, compel disclosure of all parties involved in the transfer, and freeze any remaining escrowed proceeds in the custody of Patrick M. Balkin pending resolution of this motion.

WHEREFORE, I respectfully request that this Court grant the relief outlined above and such other and further relief as it deems just and proper.

Dated: July 1, 2025
Buffalo, New York

Respectfully submitted,

*[signature]* Pro Se

F - 9

**Francine C. VerHagen,Pro Se**
PO Box 231, Buffalo, NY 14207

Email: fverhagen1618@gmail.com
Phone: 716-949-8789

To: Michele G. Bergevin, Esq.

Patrick M. Balkin, Esq.

[All parties of record via NYSCEF]

**EXHIBITS**

Exhibit A – UCC-1 Financing Statement filed October 31, 2023

Exhibit B – Affidavit of Jason Hill falsely stating no liens as of April 3, 2025

Exhibit C – Recorded Deed for 81 Pearl Terrace, Elma, NY dated April 3, 2025

Exhibit D – Affidavit of Neil A. Pawlowski dated April 1, 2025

Exhibit E – Bankruptcy Dismissal Order dated March 5, 2025

## AI Certification Statement Pursuant to Judge Weinmann's IAS Part Rules

I, **Francine C. VerHagen**, hereby certify the following pursuant to the Individual Part Rules of Hon. Peter A. Weinmann regarding the use of artificial intelligence (AI) in court submissions:

1. The content of the documents I have submitted or will submit in this matter, including but not limited to the accompanying **Notice of Motion, Affirmation, & Proposed Order**, and any supplemental filings, were prepared with the assistance of an AI language model.

2. I affirm that I, as a self-represented party, have personally reviewed, edited, and approved all AI-generated content for factual accuracy, legal relevance, and completeness prior to submission.

3. The AI tools used did not conduct legal analysis or provide legal advice but served to assist in drafting, formatting, and organizing information based on facts and documents I personally provided.

4. I understand that I am solely responsible for the content, accuracy, and legal sufficiency of all documents submitted to the Court, and I accept full accountability for their contents.

F -10