UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

FRANCINE VERHAGEN,

      Plaintiff,

  v.                                      25-CV-791 (JLS)

HON. PETER A. WEINMANN, ET AL.,

      Defendants.

———————————————————————

*Pro se* plaintiff Francine VerHagen filed a complaint and motion for temporary restraining order against Defendants—all judges and lawyers involved in ongoing family court proceedings involving Plaintiff, as well as the New York State Unified Court System, 8th Judicial District itself. Dkt. 1. Generally, Plaintiff seeks to enjoin the ongoing family court proceedings and vacate certain custody restrictions that currently are in place. *See id.*

Plaintiff also applied to proceed *in forma pauperis* ("IFP")—in other words, to proceed without paying the filing fee. Dkt. 2.

I.    **Requests for Temporary Restraining Order**

Because Plaintiff seeks a temporary restraining order that (1) "stay[s] [an] October 2025 custody trial, (2) "enjoin[s] Defendants from enforcing unlawful custody restrictions," (3) "declare[s] void all custody and financial orders" issued by family court judges, (4) "order[s] immediate restoration of [her] parenting rights," and (5) "enjoin[s] Defendants from further enforcing unlawful orders," Dkt. 1, at 7, several doctrines—discussed in more detail below—seem to prevent this Court from

granting the requested relief. The Court, therefore, will order Plaintiff to show cause why this Court has authority to grant the relief she seeks.

## A.    The Anti-Injunction Act

The federal Anti-Injunction Act provides: "a court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). The act bars injunctions against state court proceedings, unless one of the three statutory exceptions applies. *See id.* at 287.

## B.    The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court is the only federal court with jurisdiction over such cases." *Dorce v. City of N.Y.*, 2 F.4th 82, 101 (2d Cir. 2021) (citing 28 U.S.C. § 1257). Four factors must be present for the doctrine to apply: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court

2

proceedings commenced." *Id.* (internal quotation marks, citation, and alterations omitted).

### C.    *Younger* Abstention

Federal courts generally "should . . . refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) (citing *Younger v. Harris*, 401 U.S. 37, 43–45 (1971)). The Supreme Court, however, instructs that a court should not abstain "simply because a pending state-court proceeding involves the same subject matter." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). And "federal courts ordinarily *should* entertain and resolve on the merits an action within the scope of a jurisdictional grant . . . ." *Id.* at 73 (internal citation and alterations omitted) (emphasis added). As such, the circumstances "fitting within the *Younger* doctrine" are "exceptional." *Id.* (internal citations and alterations omitted). They include: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.*

Federal courts have applied *Younger* to abstain from interfering with family court, guardianship, and eviction proceedings. *See Falco v. Justs. of the Matrimonial Parts of Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427–28 (2d Cir. 2015) *Falco*, 805 F.3d at 427–28; *Dickerson v. Siegal*, No. 23-CV-3859 (EK)(LB), 2023 WL 6158833, at *2 (E.D.N.Y. Sept. 21, 2023); *Haynie v. N.Y. City Hous. Auth.*, No. 14-CV-5633 (CBA), 2015 WL 502229, at *2 (E.D.N.Y. Feb. 5, 2015).

### D.    Domestic Relations Abstention Doctrine

Federal courts "presented with matrimonial issues or issues on the verge of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (internal quotation marks and citation omitted).  Courts within the Second Circuit have applied this abstention doctrine to cases involving custody-related disputes.  *See Lin v. Shim*, No. 25-CV-1367-JGK, 2025 WL 642249, at *1–*2, *5–*6 (S.D.N.Y. Feb. 27, 2025); *Buxmaum v. Cornell*, No. 21-CV-9553, 2022 WL 1556105, at *2–*4 (S.D.N.Y. May 16, 2022).

\* \* \*

Because Plaintiff asks this Court to enjoin, or otherwise interfere with, a family court—and, therefore, state proceeding, it appears that one or more of the Anti-Injunction Act, *Rooker-Feldman* doctrine, *Younger* abstention doctrine, and domestic relations abstention doctrine applies here.  But this Court will offer Plaintiff an opportunity to show cause as to why none of these doctrines applies.

## II.    IFP Motion

Plaintiff also moved to proceed IFP.  But her motion is not on this Court's form.  The Court, therefore, is unable to determine whether she qualifies to proceed IFP.

A party seeking to bring a civil action in federal court ordinarily must pay a $350 filing fee, 28 U.S.C. § 1914, and an additional administrative fee of $55.[1]  *See Lockridge v. Erie Cnty. Med. Ctr.*, No. 18-CV-815, 2019 WL 5788082, at *1

(W.D.N.Y. Nov. 5, 2019).  But a litigant may ask to avoid the fees by moving for leave to proceed IFP.  28 U.S.C. § 1915(a)(1); *Humphrey v. U.S. Army Corps. of Eng'rs*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021) ("The federal *in forma pauperis* statute allows indigent litigants to file lawsuits without prepaying the filing fees.").

Whether to grant an IFP motion is a matter within the Court's discretion.  *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983); *see also Fair v. Mnuchin*, No. 20-CV-244, 2020 WL 2543589, at *1 (N.D.N.Y. Apr. 15, 2020) (recognizing that "that the ability to litigate an action without prepayment of fees is a privilege that can be denied, revoked, or limited based upon a showing of prior abuses").  In exercising this discretion, the Court "must determine whether the burden of paying the fees for filing and service would either hamper the petitioner's ability to obtain the necessities of life or force him [or her] to abandon the action." *Singer v. Cuscovitch*, No. 07-CV-578, 2007 WL 1810085, at *1 (D. Conn. May 14, 2007).

The Court may dismiss a case that has been filed IFP if it "determines that the plaintiff's allegation of poverty is untrue." *Humphrey*, 2021 WL 1837791, at *1 (citing 28 U.S.C. § 1915(e)(2)(A)) (quotations omitted).  Likewise, the Court may deny an IFP application where the plaintiff submits an incomplete IFP application—for example, where the plaintiff lists expenses that exceed income but does not explain how he or she pays expenses. *See, e.g., Taylor v. Addison Place Apartments*, No. 3:09cv108/MCR/MD, 2009 WL 799438, at *1 (N.D. Fla. Mar. 24,

2009) (denying IFP application because "the court [could not] accurately assess plaintiff's financial circumstances from the information she . . . provided on the financial affidavit form," where plaintiff listed expenses that exceeded income and did not provide further explanation); *Whitsitt v. Cent. Towing Transp.*, No. C 08-2138 CW, 2008 WL 11357948, at *1 (N.D. Cal. May 6, 2008) (denying IFP application because "Plaintiff [did] not explain how he can pay his monthly expenses . . . when he has no assets and no debt"); *see also Basta v. Comm'r of Soc. Sec.*, No. 21-CV-0896 (JMA), 2021 WL 1108667, at *1 (E.D.N.Y. Mar. 23, 2021) (denying IFP application where the application was "incomplete and raise[d] more questions than it answer[ed]").

Here, Plaintiff submitted an IFP motion, but she did not use this Court's standard form. The Court requires complete information—on its form—to assess accurately Plaintiff's financial circumstances. For these reasons, the Court denies Plaintiff's IFP application, but will give her an opportunity to submit an amended application, using this Court's form.

## CONCLUSION

Because the Court is unable to determine whether Plaintiff met her burden of establishing indigence based on the present record, her motion to proceed IFP (Dkt. 2) is denied, with leave to submit an amended application.

If Plaintiff wishes to proceed without prepayment of fees, she must submit an amended application establishing that she qualifies to proceed IFP—on this Court's form—by **September 5, 2025**. Any amended application must contain complete and accurate responses to each question on the form.

6

If Plaintiff does not demonstrate indigency, she must pay the $405 filing fee to the Clerk of Court of the Western District of New York by **September 5, 2025**, to proceed with her case.  If she does not submit an amended IFP application or pay the filing fee by **September 5, 2025**, this action will be dismissed, and the Clerk of Court will close the case.

Finally, because the injunctive relief Plaintiff seeks appears to be barred by the various doctrines described above, she is **ORDERED TO SHOW CAUSE, September 5, 2025**, why none of the Anti-Injunction Act, the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, or the domestic relations abstention doctrine applies here.

The Clerk of Court shall send Plaintiff a blank IFP motion along with a copy of this order.

SO ORDERED.


DATED:     August 29, 2025
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

7