

**UNITED STATES DISTRICT COURT**

WESTERN DISTRICT OF NEW YORK

---

**Francine C. VerHagen,**
  Plaintiff, pro se,

v.

  Hon. Peter A. Weinmann, et al.,
  Defendants.

Case No. 25-CV-00791 (JLS)

---

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

---

Plaintiff, appearing pro se, respectfully submits this response to the Court's August 29, 2025 Order directing her to show cause why this action is not barred by the Anti-Injunction Act, the Rooker-Feldman doctrine, the Younger abstention doctrine, or the domestic relations abstention doctrine.

## I. Anti-Injunction Act (28 U.S.C. § 2283)

The Anti-Injunction Act generally bars federal courts from enjoining state proceedings unless an exception applies. The Supreme Court has held that **42 U.S.C. § 1983 is an express statutory exception**. *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972). Because Plaintiff brings this action under § 1983, the requested relief falls squarely within the statutory exception, and the Anti-Injunction Act does not bar this Court from granting injunctive relief.

## II. Rooker-Feldman Doctrine

The Rooker-Feldman doctrine bars federal district courts from reviewing **final state judgments**. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiff does not seek review of any final state judgment. Instead, she challenges **ongoing state proceedings** and custody orders that are void ab initio because they were issued by judges without valid oaths of office and without service of notice of

entry. As this case seeks prospective relief and not appellate review of a final judgment, Rooker-Feldman does not apply.

## III. Younger Abstention

The Younger doctrine directs federal courts to abstain from interfering in ordinary state proceedings, but it recognizes an exception for **extraordinary circumstances**. *Younger v. Harris*, 401 U.S. 37 (1971).

Extraordinary circumstances exist here: Plaintiff has repeatedly been denied a meaningful opportunity to raise constitutional claims in state court because multiple judges acted without valid oaths, clerks imposed restrictions without signed orders, and attorneys with direct conflicts continue to participate.

In addition, **Plaintiff has exhausted every available state avenue of relief** — including judicial grievances, attorney disciplinary complaints, multiple motions before the state custody court, appeals to the Appellate Division, and an Article 78 proceeding in Albany Supreme Court. None provided a meaningful remedy, as state officials acted without valid oaths of office or jurisdiction. This demonstrates extraordinary circumstances warranting federal intervention.

## IV. Domestic Relations Abstention

Federal courts ordinarily abstain from deciding divorce, alimony, or child custody matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Plaintiff does not ask this Court to determine custody under state law. Rather, she seeks relief from **unlawful state action that violated her federal constitutional rights**. This action challenges void judicial acts and denial of due process, not the merits of custody itself. Therefore, domestic relations abstention does not apply.

## V. Conclusion

For these reasons, Plaintiff respectfully submits that none of the abstention doctrines cited by the Court bar this action. Plaintiff's claims arise under § 1983, fit within established exceptions recognized by the Supreme Court, and allege extraordinary constitutional violations that warrant federal review.

All supporting evidence, including FOIL responses confirming the absence of judicial oaths and docket entries lacking notices of entry, has already been filed with Plaintiff's Verified Complaint and Emergency TRO Motion and is incorporated here by reference.

## VERIFICATION (28 U.S.C. § 1746)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 2, 2025, at Buffalo, New York.

Respectfully submitted,

**Francine C. VerHagen**
Pro Se Plaintiff
PO Box 231
Buffalo, NY 14207
(716) 949-8789