IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF NEW YORK

FRANCINE C. VERHAGEN )
)
). CASE NO. 25-cv-00791-JLS
Plaintiff )
)
-vs- )
)
HON. PETER A. WEINMANN, in his official capacity as )
Acting Justice of the New York Supreme Court; )
HON. MICHAEL SIRAGUSA, in his official capacity as )
Justice of the New York Supreme Court; )
HON. MARY J. SLISZ, in her official capacity as )
Justice of the New York Supreme Court; )
JAMES F. GRANVILLE, Principal Law Clerk to Judge Siragusa; )
UNIFIED COURT SYSTEM, 8th Judicial District; )
MICHELE BERGEVIN, ESQ.; )
PATRICK BALKIN, ESQ.; )
CAROL FLAHERTY, ESQ. ATTORNEY FOR THE CHILDREN; )
And other state actors yet identified; )

Defendants

---

## DEFENDANT PATRICK M. BALKIN'S ANSWER

---

Defendant, Patrick M. Balkin ("Balkin" hereinafter), pursuant to Rules 8, 12 and 13 of the Federal Rules of Civil Procedure, hereby submits his Answer and Counterclaims to the Complaint of FRANCINE C. VERHAGEN ("Verhagen" or "Plaintiff") filed in this matter (the "Complaint") as follows:

### ANSWER

### SUMMARY OF ACTION

1. Defendant Patrick M. Balkin denies each and every allegation set forth in the Plaintiff's alleged complaint.

2. My involvement in any matters involving the Plaintiff is minimal. The Plaintiff had filed a Chapter 13 case in an attempt to needlessly complicate and increase costs in a pending matrimonial action. Simply put the Plaintiff sought to prevent the Supreme Court of New York Erie County from finishing the divorce action Index No. 800049/2022 that had been

pending for years apparently because if that was done the Plaintiff wouldn't have any further frivolous filings to make in the case. I was retained by the Plaintiffs' ex-husband to get her Chapter 13 case dismissed.  At the same time I was filing for dismissal the Chapter 13 Trustee's Office  also filed for dismissal. On March 5th, 2025 the matter was dismissed by the Hon. Carl L. Bucki, USBJ.

3.  Despite the dismissal of her Chapter 13 case the Plaintiff kept claiming in Supreme court that Judge Weinmann, Acting Supreme Court Justice could not act as the Chapter 13 case was in place.  At the Court's request I appeared and reiterated that the Chapter 13 case never stayed any custody or support matters and also that the New York Supreme Court could now act to finish equitable distribution etc. in the matrimonial action.

4.  The Plaintiff in the underlying state court action had previously agreed to sell the marital residence and when presented with the paperwork to move forward refused to sign the same (Again simply to create havoc and pain to her estranged husband and children).

5.  The Supreme Court subsequently ordered that the former marital residence could be sold under the Plaintiff's husband name alone for listing, sale etc. and sought to have the proceeds held in escrow pending the final resolution of the divorce.

6.  The Plaintiff for unknown and/or irrational reasons would not allow her estranged husband's attorney Michele Bergevin Esq.  to hold the sale proceeds in her escrow account. At the Court's suggestion I agreed to hold the proceeds in my escrow account. I was never appointed receiver, there is a written order that specifically states that I am not a receiver.

7.  The Plaintiff, ignoring reality and the actual facts and truth, keeps illogically referring to me as a receiver. Plaintiff files senseless paperwork in the NYSCEF system to "clarify" my role as receiver and other incomprehensible nonsense. The Plaintiff herein has now filed the 863rd filing in NYSCEF system  in the underlying State action as of October 6th, 2025.

8. I have no "State role" in the Plaintiff's matrimonial action, and upon information and belief this Court does not have jurisdiction in the underlying custody matter that is set to go to trial on October 9th, 2025. I am not involved in the custody trial.

9. I have never had a conflict of interest with the Plaintiff. Every role that I have appeared in was opposed to her. I am holding money in my escrow account awaiting the State court distribution thereof.

10. The Plaintiffs claims that I conducted the real estate closing of the former marital residence is incorrect and delusional. I did not make any attestations as to the title of the property, I prepared no documents for the Plaintiffs estranged husband to sign in regards to real estate or the state court action.

11. Upon information and belief, the Plaintiff is only suing me because I told her in open court that she had to stop talking over me and allow me to speak. Plaintiff takes great umbrage in being told to stop talking over both counsel, the court staff, court security and the Court.

12. By filing this action she apparently intends to continue her endless senseless pro se barrage on the federal judiciary as the door on her New York State court outlet for senseless pro se barrages is closing.

## JURISDICTION AND VENUE

13. Plaintiff fails to cite any claims to Federal Jurisdiction or venue, and I am not aware of any that would apply.

## FACTUAL BACKGROUND

14. The matrimonial action underlying this federal complaint is rather vanilla and non-exceptional. The only real pending issues are the custody of the parties' children. I am not,

and have never been involved in the Plaintiffs' custody action. The Plaintiff after running through numerous legal counsel appears pro se and continually presents the underlying state court with issues regarding her ability to care for her children. The Plaintiff will assert that she has now been to at least five (5) mental health professionals "without a one them" stating that she is unfit. The Plaintiffs' soon to be ex husband has "custody" of the children and the trial will finally resolve who is to be a custodial parent. The only asset I know of is the proceeds of the sale of the marital residence which I am holding in my escrow account. The State court will decide how the proceeds are distributed.

15. The Plaintiffs' failure to use numbered paragraphs makes responding to the Complaint difficult.

16. Defendant Patrick M. Balkin denies that there is a Due process violation, denies that there is an Equal Protection violation, denies that the Plaintiff's stated First Amendment violation, denies that any judge has acted Ultra Vires.

### DEFENDANTS' PRAYER FOR RELIEF AS TO PLAINTIFFS' CLAIMS

WHEREFORE, having Answered the Plaintiffs' complaint, Balkin prays for relief as to those claims as follows:

A. That Plaintiff's complaint be dismissed with prejudice and that Plaintiff takes nothing by her complaint.

B. That costs and discretionary costs be taxed to Plaintiff

C.  To the extent that Plaintiffs' claims are proven frivolous, that the Court award Balkin his reasonable attorney fees and expenses.

D.  For such other and further relief as the Court deems just and proper.

By:  _____

Patrick M. Balkin, Esq.
Jackson & Balkin
365 Market Street
Lockport, NY 14094
716-842-2800
pzbalk@gmail.com

TO: FRANCINE C. VERHAGEN, PRO SE
     P.O. Box 231
     Buffalo NY 14207
     Fverhagen1618@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of October, 2025, I caused the foregoing to be electronically filed and served on all counsel of record via this Court's CM/ECG filing system.

_____
PATRICK M. BALKIN, ESQ.